YM

FILED

JANUARY 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tiffany Robinson, | ) | |
| | ) | **08 C 185** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| H&R Block, Inc. and HSBC Bank USA, N.A., | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**JUDGE GUZMAN
MAGISTRATE JUDGE ASHMAN**

**COMPLAINT**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff Tiffany Robinson brings this action to secure redress for the actions

of defendants H&R Block, Inc. ("H&R Block") and HSBC Bank USA, N.A. ("HSBC"), for violation

of the Fair Credit Reporting Act, the Truth in Lending Act, the Equal Opportunity Credit Act, the

Illinois Consumer Fraud Act and common law invasion of privacy.

**PARTIES**

2.      Plaintiff Tiffany Robinson is an individual who resides in this District.

3.      Defendant H&R Block is a tax preparation company that has offices in this

District.  Its Privacy Policy Statement for Tax Services, (Exhibit 1), touts that "keeping client

information confidential is nothing new to H&R Block.  We have always known that privacy is

important to you, and we are committed to safeguarding your personal information."

4.      HSBC is a California corporation with its principal place of business at 475

Anton Blvd, Costa Mesa CA 92626.  It does business in this District.

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction.  Venue lies in this district because a substantial portion of the events took place here.  28 U.S.C. § 1391.

## FACTS

6.      On or about January 30, 2007, plaintiff went to H&R Block at 87th and Stoney Island in Chicago to have her income tax return prepared, and to apply for an Instant Money Advance Loan.  At that time, H&R Block told plaintiff that they would do her taxes, but that they would take a sum of $600 out of her refund.

7.      Plaintiff asked why H&R Block would have to take the $600.  Defendant told plaintiff that she had previously taken out a "H&R Block Emerald Prepaid MasterCard," for which she was liable in the amount of $600.  On information and belief, based upon a letter sent to plaintiff from H&R Block, the Emerald MasterCard had been taken out two days earlier, on January 28, 2007.

8.      Also at that time, H&R Block provided plaintiff with Exhibit 2, a letter stating that her loan had been denied by HSBC.  Plaintiff never received any loan denial letter from HSBC regarding the Instant Money Advance Loan.

9.      Plaintiff had H&R Block do her taxes in 2003.  At that time, she submitted to H&R Block a paystub from an employer.  On information and belief, the imposter who opened the Emerald MasterCard in plaintiff's name used plaintiff's paystub with plaintiff's information on it as "proof" of identity.

10.     On January 30, 2007, plaintiff insisted that she had not taken out a loan and requested to speak with a manager.

11.     Plaintiff spoke with the person in charge at that H&R Block location, who told

plaintiff that plaintiff had received a loan from H&R Block for $600.00.  The manager further stated that withdrawals had been made on January 24, 2007, January 28, 2007 and January 30, 2007.

12.     Plaintiff asked the person in charge to provide her with the paperwork for the loan but plaintiff was told that to go to the H&R Block location at 95th near Stoney Island Avenue.

13.     The H&R Block representative at the 95th and Stoney Island Avenue location told plaintiff to go to H&R Block's 95th and Western location.

14.     On January 31, 2007, plaintiff went to the 95th and Western location, and explained the situation.  The manager, Victor, told plaintiff that H&R Block would look into the situation, and get back to her.

15.     On January 31, 2007, Plaintiff reported that her identity had been stolen to the Chicago Police.

16.     On about January 31, 2007, Plaintiff then called the telephone number for the debit card and asked that the card be closed.  The card was closed.

17.     On February 2, 2007, plaintiff received a call from Arthur Grant who identified himself as the district manager of H&R Block.  Mr. Grant informed plaintiff that the $600.00 loan would be forgiven and that her tax return would be prepared free of charge.  He also indicated that H&R Block would provide plaintiff with credit security protection for one year.

18.     Because plaintiff no longer trusted H&R Block with her personal information, plaintiff did her own taxes for 2006 online.

19.     On February 23, 2007, plaintiff received from HSBC a statement regarding the Emerald MasterCard demanding $600.00, and threatening "NEGATIVE IMPACT TO YOUR CREDIT REPORT."

3

20.    Feeling helpless, plaintiff soon contacted the Illinois Attorney General.  The Attorney General mailed plaintiff a letter requesting that she do a formal complaint on March 8, 2007.

21.    On March 16, 2007, plaintiff filed a formal complaint with the Illinois Attorney General's office.

22.    On April 17, 2007, the Illinois Attorney General contacted plaintiff and provided her with case number 2007-CONSC-00175804.

23.    On May 18, 2007, the Illinois Attorney General's office sent plaintiff a letter stating that it had not received any response from these defendants.

24.    On July 27, 2007, HSBC sent plaintiff a letter indicating that it did not hold her responsible for the $600 loan.  Exhibit 3.

25.    Exhibit 3 also states that "H&R Block notified [HSBC] of an identity theft claim involving one of [H&R Block's] employees."

26.    HSBC's letter confirmed that an employee or agent of H&R Block applied for and received an H&R Block Emerald Prepaid MasterCard in plaintiff's name.

27.    The person who applied for the credit card in plaintiff's name improperly authorized either H&R Block or HSBC to access plaintiff's credit report.

28.    H&R Block retained the services of a private investigator to look into the case. When the investigator learned that the debt had been forgiven, he curtly told plaintiff that she was "no longer the victim."

29.    Plaintiff has been damaged as a result of defendants' actions.  She has expended numerous hours trying to clear her name, has out-of-pocket costs associated with sending

4

disputes with the credit bureaus to clear her credit report, and her privacy has been invaded.

## COUNT I – FAIR CREDIT REPORTING - UNAUTHORIZED PULL AND UNAUTHORIZED USE OF CREDIT INFORMATION

30.    Plaintiff incorporates ¶¶ 1-29.   This Count is against both H&B Block and HSBC.

31.    Defendants obtained Plaintiff's credit report without authorization.

32.    Defendants obtained Plaintiff's credit report without a permissible purpose.

33.    Defendants certified to the credit agency that they had a permissible purpose to obtain Plaintiff's credit report.

34.    Defendants should have known that the imposter did not have a permissible purpose to obtain Plaintiff's credit report because the information provided came from an employee of H&R Block, rather than from plaintiff.

35.    Defendants, through its employee or agent, violated the FCRA by obtaining credit information regarding plaintiff under false pretenses.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against defendant for:

        a.    Statutory damages

        b.    Actual damages;

        c.    Punitive damages;

        d.    Attorney's fees and costs of suit;

        e.    Such other or further relief as the Court deems just and proper.

## COUNT II – TRUTH IN LENDING ACT
## UN AUTHORIZED ISSUANCE OF CREDIT CARD - HSBC

36.     Plaintiff incorporates ¶¶ 1-29. This Count is against HSBC.

37.     15 U.S.C § 1642, prohibits issuance of a credit card to a person that has not requested one.

38.     HSBC issued a credit card in plaintiff's name that she had not requested.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against defendant for:

      a.     Actual damages;

      b.     Punitive damages;

      c.     An injunction against future sales without the required disclosures;

      d.     Attorney's fees and costs of suit;

      e.     Such other or further relief as the Court deems just and proper.

## COUNT III – EQUAL OPPORTUNITY CREDIT ACT

39.     Plaintiff incorporates ¶¶ 1-29.  This Count is against either HSBC, or alternatively against H&R Block.

40.     The Equal Opportunity Credit Act ("ECOA") requires creditors to send consumers who have been denied for a loan a letter stating, among other things, the reasons for the denial.  15 U.S.C. § 1691(d).

41.     Although plaintiff applied for a loan on January 30, 2007, her application was denied.

42.     Typically, the creditor would be liable for failing to send such a denial letter.

However, in this case it is possible that H&R Block denied the loan without having submitted any application at all. Plaintiff therefore brings this count against both defendants in the alternative.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class, and against defendant for:

        a.      Actual damages;

        b.      Statutory damages;

        c.      Attorney's fees and costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

**COUNT IV- VIOLATIONS OF THE CONSUMER FRAUD AND
DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505**

43.    Plaintiff incorporates ¶¶ 1-29. This Count is against both HSBC and H&R Block.

44.    Defendants engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by violating the FRCA as well as allowing an employee to steal plaintiff's identity and attempting to hold plaintiff liable for the debt after receiving notice that the debt was the result of identity theft.

45.    Defendants should have known that they were not authorized to obtain plaintiff's credit report.

46.    Defendants should have known that the debt was not plaintiff's debt and that by attempting to shift the loss of the theft to plaintiff after receiving notice that the debt was the result of identity theft is unfair.

47.    Plaintiff was damaged as a proximate cause of Defendants' actions as her

credit score was harmed from the impermissible pull, her privacy was invaded and she spent a considerable amount of time attempting to resolve the situation.

48.     Defendants' actions were willful or intentional and done with evil motive or reckless indifference to the rights of others.

49.     The conduct of Defendants resulted in public injury and had an effect on consumers and the public interest generally. Defendants's falsely obtaining a credit report, invasion of privacy and  and attempting to shift the loss to plaintiff was unfair, deceptive and violated public policy.

WHEREFORE, Plaintiff, asks that this Court enter judgment in his favor and against Defendants and award damages as follows:

a.     Actual damages in an amount to be proven at trial;

b.     Punitive damages,

c.     A declaration that this conduct violates the Illinois Consumer Fraud

d.     Reasonable attorney's fees and costs of suit; and

c.     Any such other relief this Court deems appropriate.

## COUNT VI – INVASION OF PRIVACY

50.     Plaintiff incorporates ¶¶ 1-29.  This Count is against both HSBC and H&R Block.

51.     Defendants intruded upon seclusion of plaintiff when they pulled her credit report or otherwise accessed her private information.

52.     Defendants actions intruded on the plaintiffs' seclusion or private affairs in a way that would be highly offensive to a reasonable person.

8

53.     Plaintiff was damaged as a proximate result of defendants' actions.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and against defendants and award damages as follows:

a.     Actual damages in an amount to be proven at trial;

b.     Punitive damages in an amount sufficient to deter defendants and other similarly-situated from engaging in similar conduct in the future;

c.     Any such other relief the court deems appropriate.

/s/Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)

**JURY DEMAND**

Plaintiff requests a trial by jury.

/s/Keith J. Keogh
Keith J. Keogh

9

# Exhibit 1



**H&R BLOCK**

# H&R Block Privacy Policy Statement for Tax Services

Protecting your privacy is fundamental to the way H&R Block conducts business. Although new privacy regulations require financial institutions to inform you of their practices regarding the collection and use of your personal information, keeping client information confidential is nothing new to H&R Block. We have always known that privacy is important to you, and we are committed to safeguarding your personal information. This document explains the types of information we collect from you, and how we may use or disclose that information.

We may collect personal information about you from the following sources: (1) information we receive from your transactions and applications with us and our affiliates, such as information we use to prepare your tax return and credit card payment information; (2) contact information, such as your name, phone number, mail address and e-mail address, from forms and service inquiries; and (3) information we receive while you visit our Internet Websites and your Web browser interacts with us, such as time spent on our Web site, last Web page visited on our Web site and other information collected through Internet cookies.

With your prior written consent, we may use any information we obtain in order to prepare your tax return and disclose it to H&R Block affiliates so that you can receive selective information regarding any of the financial services offered by H&R Block affiliates as follows: mortgages, investments, banking, legal plans, insurance, estate planning and financial planning. Your income tax return information will not be used for other purposes, except to provide you with additional tax-related information and services, or except as otherwise required or permitted by law.

We may disclose any information we collect, as described above, to service providers to perform a service for us or perform a function on our behalf, or financial institutions with whom we have joint marketing agreements. These parties may also collect such information on our behalf. Examples could include processing contest entry forms, collating letters, managing information through Internet cookies or other technologies, or sending e-mails on our behalf. In cases where we use service providers, we restrict such service providers from using your nonpublic personal information except to act on our behalf or as required or permitted by law.

Your personal information will not be sold or rented to third party direct marketers. We may make other disclosures of any information we collect, as described above, as required or permitted by law. Such disclosures may include, without limitation, disclosures such as those to effect or process refund anticipation loans or other products or services that you request, to process credit card transactions, to permit auditing of account information, to comply with a subpoena or other court or government agency order, or made in the event of a sale or transfer of our business or assets. We treat information about our former customers in the same manner as information of existing customers.

The use of, and access to, your personal information by H&R Block is restricted to those employees who need to know that information to provide products, services or support to you. We maintain physical, electronic, and procedural safeguards to guard your nonpublic personal information.

You may update your information or stop receiving further information about the promotions offered by H&R Block Tax Services by calling us, at any time, at 1-800-HRBlock (472-5625). We may, however, continue to provide you with tax information, additional tax return preparation services, and other information about your accounts and transactions with H&R Block.

102472

# Exhibit 2

**H&R BLOCK®**

tax, mortgage and financial services

Dear Instant Money Advance Loan Applicant:

Thank you for applying for an Instant Money Advance Loan. As you know, H&R Block does not approve or deny applicants for an Instant Money Advance Loan. Instead, the lender, HSBC Bank USA, N.A. ("HSBC"), is the entity which determines eligibility.

Regrettably, HSBC is unable to grant your request for an Instant Money Advance Loan at this time. A letter will be sent to you from HSBC with more specific details.

If you have any further questions regarding your loan denial, please write or call:

       HSBC Taxpayer Financial Services
       90 Christiana Road
       New Castle, DE 19720
       1-888-832-5625

Sincerely,

H&R Block

# Exhibit 3



July 27, 2007

Tiffany C. Robinson
Redacted

Re: Case #2007- CONSC-00175804

Dear Ms. Robinson:

Thank you for your patience while we responded to the concerns you raised in your complaint to the Office of the Attorney General for the State of Illinois.

On February 2, 2007, our records indicate H & R Block notified us of an identity theft claim involving one of their employees. On February 6, 2007, we coded the account fraud, ceased collections on the account and notified the credit bureaus to remove the debt from your profile. We investigated your concerns and have confirmed with our collections department that they have ceased collection activity and that statements will not generate from this account. We have also contacted the credit bureaus to ensure the account is not reporting on your profile. We notified the Internal Revenue Service that you were a victim of identity theft.

If you have any additional questions or concerns, please contact the Loss Prevention Department at 800-409-6531.

Sincerely,

Gladys R. Hall
Loss Prevention Department Manager
HSBC Bank USA, N.A. c/o HSBC Taxpayer Financial Services
90 Christiana Road
New Castle, DE 19720

cc:  Office of the Attorney General
      Consumer Fraud Bureau
      500 South Second Street
      Springfield, IL 62706