UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY ROBINSON,<br><br>      Plaintiff,<br><br>v.<br><br>H&R BLOCK, INC. and<br>HSBC BANK USA, NA<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Case No. 08 C 185<br>)<br>)  Honorable Judge Guzman<br>)  Honorable Magistrate Judge Ashman<br>)<br>)<br>) |

**DEFENDANT H&R BLOCK, INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, H&R Block, Inc., by and through its attorneys, Martin B. Carroll and Keli M. Videtto, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, requests that this Court issue an order dismissing the claims against it for lack of personal jurisdiction. In support of its Motion, H&R Block states as follows:

**I.    INTRODUCTION AND SUMMARY OF FACTS**

    **A.    Nature of the Case**

This action is founded on allegations by plaintiff Tiffany Robinson ("Plaintiff") asserting that she has been the victim of identity theft. Plaintiff alleges that she went to "H&R Block" to have her tax return prepared and to apply for an Instant Money Advance Loan. Complaint, ¶ 6. She alleges that "H&R Block" told her that they would prepare her tax return, but that they would have to deduct a sum of $600 out of her expected refund. Complaint, ¶ 6. Plaintiff alleges that she was informed that the $600 deduction was a result of an "H&R Block Emerald Prepaid MasterCard" that she previously received. Complaint, ¶ 7. Plaintiff alleges that she had not applied for such a card and had not received the corresponding $600 loan.

Plaintiff alleges that in 2003 she had "H&R Block" prepare her tax returns, at which time she claims to have submitted a paystub from an employer. Complaint, ¶ 9. Plaintiff alleges on information and belief that the unknown person who applied for the Emerald MasterCard in her named used Plaintiff's paystub from 2003 as proof of identity. Complaint, ¶ 9. A couple of days after being notified of the loan, Plaintiff concedes that the district manager of "H&R Block" informed her that: 1) the $600 loan would be forgiven; 2) her tax return would be prepared free of charge; and 3) "H&R Block" would provide Plaintiff with credit security protection for one year. Complaint, ¶ 17.

Thereafter, Plaintiff alleges that she had to take additional steps to insure that her credit report would not be affected. *See* Complaint, ¶¶ 19-24. In the end, Plaintiff acknowledges that the loan has been forgiven and the matter removed from her credit report. Nonetheless, Plaintiff claims she has been damaged, *inter alia*, through the hours she allegedly expended in connection with this incident and the "out-of-pocket costs associated with sending disputes with the credit bureaus to clear her credit report." Complaint, ¶ 29.

The Complaint names two defendants – H&R Block, Inc. and HSBC Bank USA, N.A. ("HSBC"). The Complaint purports to assert claims based on alleged violations of the Fair Credit Reporting Act, the Truth in Lending Act, the Equal Opportunity Credit Act, the Illinois Consumer Fraud Act and common law invasion of privacy. The Truth in Lending Act claim is asserted only against HSBC and the Equal Opportunity Credit Act claim is asserted against HSBC, "or alternatively" H&R Block, Inc.

As explained more fully below, H&R Block, Inc. is merely a holding company that has no employees or operations, and no presence or activities in Illinois, and, as such, is beyond the *in persona* jurisdiction of this Court. Accordingly, this case must be dismissed as to Block.

B.  **Jurisdictional Allegations and Facts**

Plaintiff's Complaint incorrectly alleges that H&R Block, Inc. "is a tax preparation company that has offices in this District." Complaint ¶ 1. Every other allegation in the Complaint regarding H&R Block, Inc. and its connection to the State of Illinois is based on this incorrect premise. To the extent that Plaintiff is intent on finding an "H&R Block" entity that may be subject to personal jurisdiction in Illinois, that entity cannot be H&R Block, Inc. This sole allegation regarding any connection between Block and the State of Illinois - and all allegations derived therefrom - is squarely refuted by the Declaration of Mr. Bret G. Wilson, Vice President and Secretary of Defendant H&R Block, Inc., attached hereto as Exhibit 1 ("Wilson Declaration").

The facts concerning H&R Block, Inc.'s corporate constitution and business activities are as follows:

• H&R Block, Inc., incorporated under Missouri law, has its principal place of business in Kansas City, Missouri and just one other office in Washington, D.C. H&R Block, Inc. is merely a holding company that indirectly owns stock of operating entities, including subsidiary corporations. It sells its stock as a publicly-held company. Wilson Declaration, ¶¶ 6-8, Ex. 1.

• H&R Block, Inc. has no offices or facilities in Illinois, conducts no business directly with individual consumers, provides no goods or services in Illinois, consumes no goods in Illinois, owns no property in Illinois, has no telephone listings in Illinois, has no bank accounts in Illinois, has no employees in Illinois, and generally has no presence in Illinois. H&R Block, Inc. does not advertise or solicit business in the State of Illinois. Wilson Declaration, ¶¶ 8-11, Ex. 1.

• H&R Block, Inc. does not offer tax preparation services of any sort. Moreover, it does not market or offer any "Emerald Prepaid MasterCard" or other consumer loan or credit or debit card products. Wilson Declaration, ¶12, Ex. 1.

- H&R Block, Inc. has no agent for service of process in Illinois and has never applied or registered to do business in Illinois. Wilson Declaration, ¶ 13, Ex. 1.

As discussed below, Plaintiff's inaccurate allegations regarding H&R Block Inc.'s connection to the State of Illinois are insufficient to subject H&R Block, Inc. to the jurisdiction of this Court. Accordingly, the Complaint as to H&R Block, Inc. should be dismissed.

## II.  ARGUMENT AND CITATIONS OF AUTHORITY

### A.  Legal Standards

"[A] complaint need not include facts alleging personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) quoting *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir.1998). However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Id.* The nature and extent of Plaintiff's burden depends on how the issue of personal jurisdiction is presented to the court. When the jurisdictional challenge is based on written materials only, "the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).[1] However, if the defendant has submitted evidence, such as affidavits, then the plaintiff "must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research*, 338 F.3d at 782-83 (7th Cir. 2003)(citing and commenting favorably on decisions from other circuits imposing this burden).

"Under the Federal Rules of Civil Procedure, the service of a summons upon a defendant is effective to establish personal jurisdiction over the defendant in certain situations." *Waeltz v.*

---

[1] Alternatively, "[w]hen the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence." *Hyatt*, 302 F.3d at 713.

4

*Delta Pilots Retirement Plan*, 301 F.3d 804, 807 n. 3 (7th Cir. 2002) citing Fed.R.Civ.P. 4(k)(1). "Ordinarily, such service establishes a district court's personal jurisdiction only if a court of the state in which the district court sits would have personal jurisdiction over the defendant." *Id.* As such, this Court's personal jurisdiction analysis starts with a review of the Illinois long-arm statute. The long-arm statute in Illinois "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000) citing 735 Ill. Comp. Stat. 5/2-209(c).

"The Illinois constitution's guarantee[s] of due process are not necessarily the same as those provided by the Federal Constitution, but Illinois case law does not elucidate any differences regarding the instant personal jurisdiction question." *Id.* (internal citation omitted). The Seventh Circuit has found Illinois constitutional law unclear on the question of personal jurisdiction and, as a result, has advanced the analysis directly to a consideration of federal constitutional law. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Accordingly, this Court can consider whether the exercise of personal jurisdiction over Block is consistent with the Due Process Clause of the Constitution of the United States.

In *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the Supreme Court held that a court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Due process contemplates two types of jurisdiction over the person: general and specific jurisdiction. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-15 (1984). Unless a defendant's contacts with a forum are

so substantial, continuous, and systematic that the defendant can be deemed to be "present" in that forum for all purposes, general jurisdiction will not exist, and a forum may exercise, at most, only specific jurisdiction – that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim.

### B. This Court Does Not Have "General Jurisdiction" Over H&R Block, Inc.

General jurisdiction allows a defendant to be sued in the forum regardless of the subject matter of the litigation. *Purdue Research*, 338 F.3d at 787. "However, the constitutional requirement for general jurisdiction is 'considerably more stringent' than that required for specific jurisdiction." *Id.* For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts." *Id.* citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). A defendant's contacts with the forum state must be so extensive as to be tantamount to a constructive presence in the state. *Id.*

Notwithstanding Plaintiff's misguided allegations regarding H&R Block, Inc.'s contacts with Illinois, the facts established by the Wilson Affidavit, Exhibit 1, demonstrate that H&R Block, Inc. has no connection with Illinois – let alone the type of "continuous and systematic" contacts required to establish general jurisdiction.[2] Thus, Plaintiff cannot satisfy her burden of proof and general jurisdiction over H&R Block, Inc. does not exist in Illinois.

---

[2] H&R Block, Inc.'s status as a parent of subsidiary entities that may transact business in Illinois is insufficient to warrant the exercise of jurisdiction over H&R Block, Inc. It is well-settled that the existence of a relationship between a parent company and its subsidiaries, without more, is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum. *Cannon MFG Co. v. Cudahy Packaging Co.*, 267 U.S. 333 (1925); *Central States*, 230 F.3d at 943 (holding that "stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact.").

### C. This Court Does Not Have "Specific Jurisdiction" Over H&R Block, Inc.

Likewise, there is no basis to establish specific jurisdiction over H&R Block, Inc. in this case, because H&R Block, Inc. has not purposefully established minimum contacts with this forum that would provide the basis for the underlying suit. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *RAR*, 107 F.3d at 1277. The crucial inquiry is whether the defendant's conduct and connection with the forum are such that it should reasonably anticipate being haled into court there. *Burger King*, 471 at 474. To establish such a reasonable anticipation, the defendant must have purposefully availed itself of the privilege of conducting activities in the forum, invoking the benefits and protections of its laws. *Id.* at 474-75. "Once minimum contacts have been shown to exist, a court must examine other factors, such as the forum's interest in adjudicating the dispute and the burden on the defendant, to determine whether the exercise of personal jurisdiction satisfies traditional notions of fair play and substantial justice." *Central States,* 230 F.3d at 943 citing *Burger King*, 471 U.S. at 476-77. To exercise specific personal jurisdiction, the plaintiff's cause of action must arise out of or be related to these minimum contacts such that the exercise of jurisdiction would be fair and just. *Central States,* 230 F.3d at 943 citing *Helicopteros*, 466 U.S. at 414 & n. 8.

In determining whether specific personal jurisdiction may be exercised, the Seventh Circuit has explained that the district court must engage in three distinct steps in the following order: (1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit." *Central States,* 230 F.3d at 944.

In this case, this Court does not even need to proceed to the second prong of the test. It is simply unnecessary to determine whether H&R Block Inc.'s contacts with the State of Illinois are so extensive that it can be said that an exercise of jurisdiction would comport with fairness and justice. This second prong analysis is unnecessary for the simple reason that <u>there are no contacts that can even be identified from first prong of the test</u>. *See* Wilson Affidavit, Exhibit 1.

As more fully explained above, Block has no pertinent contacts with Illinois. H&R Block, Inc. has no offices or facilities in Illinois, conducts no business directly with individual consumers and provides no goods or services in Illinois. Wilson Declaration, ¶¶ 8-11, Ex. 1. And, importantly for this specific jurisdiction analysis, H&R Block, Inc. does not offer any tax preparation services of any sort, and does not market or offer the "Emerald Prepaid MasterCard" or any other consumer loan, credit or debit card products. Wilson Declaration, ¶12, Ex. 1.

Because H&R Block, Inc. has no connection with Illinois, there is no basis to assert personal jurisdiction over H&R Block, Inc. Rather, to do so under these circumstances would offend notions of "fair play and substantial justice" and would violate H&R Block's right to due process. Plaintiff cannot sustain her burden to establish personal jurisdiction over H&R Block, Inc. in this case. The claims asserted against H&R Block, Inc. should, therefore, be dismissed.

## III. <u>CONCLUSION</u>

This Court lacks personal jurisdiction over H&R Block, Inc. H&R Block, Inc. has conducted no activity that would subject it to the Illinois long-arm statute or personal jurisdiction in this case. H&R Block, Inc. is not subject to general jurisdiction because it has not maintained "continuous and systematic contacts" with Illinois. In fact, H&R Block, Inc. has not engaged in any forum-related activities. Similarly, H&R Block, Inc. is not subject to specific jurisdiction because it has not maintained sufficient minimum contacts with Illinois such that it can be said

that H&R Block, Inc. has purposefully availed itself of the privilege of conducting activities in Illinois.

WHEREFORE, H&R Block, Inc. requests that the Court dismiss all of plaintiff Tiffany Robinson's claims against it, award H&R Block, Inc. its costs incurred in the defense of these claims, and grant such other and further relief as the court deems just and proper.

Respectfully submitted,

**H&R BLOCK, INC.**

By: /s/Keli M. Videtto
One of Its Attorneys

Martin B. Carroll (#6200977)
Keli M. Videtto (#6276868)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
321 North Clark Street, Suite 3300
Chicago, IL 60610
(312) 224-1200

Dated: February 11, 2008

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Memorandum in Support of Motion to Dismiss was filed and served electronically to electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished pursuant to CM/ECF this 11th day of February, 2008, on:

>Keith J. Keogh
>Alexander H. Burke
>Law Offices of Keith J. Keogh, Ltd.
>227 W. Monroe St., Suite 2000
>Chicago, Illinois 60606
>Telephone: 312-726-1092
>Fax: 312-726-1093
>Attorneys for Plaintiff


                                            /s/Keli M. Videtto

Martin B. Carroll (#6200977)
Keli M. Videtto  (#6276868)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
321 North Clark Street, Suite 3300
Chicago, IL  60610
(312) 224-1200

Dated: February 11, 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08 C 185 |
| H&R BLOCK, INC. and<br>HSBC BANK USA, NA | ) ) ) |
| Defendant. | ) |

### AFFIDAVIT OF BRET G. WILSON IN SUPPORT OF DEFENDANT H&R BLOCK, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Bret G. Wilson, after being duly sworn and deposed, declare as follows:

1. My name is Bret G. Wilson. I am over eighteen years of age and am competent to give this affidavit.

2. I am making this affidavit in support of the Motion To Dismiss For Lack Of Personal Jurisdiction filed by H&R Block, Inc. ("Block") in this action.

3. I either have personal knowledge as to the facts and matters set forth in this affidavit or I have determined that such facts and matters are true and correct on the basis of information brought to my attention by others on whom I regularly rely in the course of my employment or on the basis of corporate documents within my possession and/or control. If called as a witness in this matter, I could and would testify to the matters set forth in this affidavit.

4. I am currently the Vice President and Secretary of Defendant Block.

1

**Exhibit 1**

5. I have reviewed and been advised of the contents of the Complaint filed in the above-captioned case.

6. Block is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Kansas City, Missouri.

7. Block is a holding company. As a holding company, Block indirectly owns stock of operating entities, including subsidiary corporations. Block sells its stock as a publicly held company.

8. Block's only business offices in the United States are located at 4400 Main Street, Kansas City, Missouri, and 700 Thirteenth Street, N.W., Washington, D.C. Block has no business office at any other location in the United States. In particular, Block has no offices or facilities in the State of Illinois. Block conducts no business directly with individual consumers.

9. Block has no presence in the State of Illinois. It provides no goods or services in Illinois, nor does it consume any goods in the State of Illinois.

10. Block owns no property, has no telephone listings and has no bank accounts in the State of Illinois. Block does not advertise or solicit business in the State of Illinois.

11. Block has no employees in the State of Illinois.

12. The defendant in this action known as H&R Block, Inc. does not offer any tax preparation services of any sort. Moreover, it does not market or offer any "Emerald Prepaid MasterCard" or other consumer loan or credit or debit card products.

13. H&R Block, Inc. has no agent for service of process in Illinois. H&R Block, Inc. has never applied or registered to do business in Illinois.

I declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on February 6, 2008.

_____
Bret G. Wilson