**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIFFANY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 185 |
| v. | ) | JUDGE GUZMAN |
| | ) | MAG. JUDGE ASHMAN |
| H&R BLOCK ENTERPRISES, INC. and | ) | |
| HSBC BANK USA, N.A., | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT HSBC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant HSBC Bank USA, N.A. ("HSBC"), by their attorneys, answer Plaintiff Tiffany Robinson's ("Plaintiff") amended complaint in the above-captioned action ("Amended Complaint") as follows:

**INTRODUCTION**

1. Plaintiff Tiffany Robinson brings this action to secure redress for the actions of defendants H&R Block, Enterprises Inc. ("H&R Block") and HSBC Bank USA, N.A. ("HSBC"), for violation of the Fair Credit Reporting Act, the Truth in Lending Act, the Equal Opportunity Credit Act, the Illinois Consumer Fraud Act and common law invasion of privacy.

**ANSWER:** HSBC admits that Plaintiff purports to seek the relief described in paragraph 1, but denies any wrongdoing and denies that Plaintiff is entitled to any redress. HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1; therefore, HSBC denies the same.

**PARTIES**

2. Plaintiff Tiffany Robinson is an individual who resides in this District.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2; therefore, HSBC denies the same.

3. Defendant H&R Block is a tax preparation company that has offices in this District. Its Privacy Policy Statement for Tax Services, (Exhibit 1), touts that "keeping client information confidential is nothing new to H&R Block. We have always known that privacy is important to you, and we are committed to safeguarding your personal information."

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3; therefore, HSBC denies the same.

4. HSBC is a California corporation with its principal place of business at 475 Anton Blvd., Costa Mesa CA 92626. It does business in this District.

**ANSWER:** HSBC denies the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction. Venue lies in this district because a substantial part of the events took place here. 28 U.S.C. § 1391.

**ANSWER:** HSBC admits that this Court has federal question subject matter jurisdiction. On information and belief, HSBC admits that venue is proper because a substantial part of the events took place within the District.

## FACTS

6. On or about January 30, 2007, plaintiff went to H&R Block at 87th and Stoney Island in Chicago to have her income tax return prepared, and to apply for an Instant Money Advance Loan. At that time, H&R Block told plaintiff that they would do her taxes, but that they would take a sum of $600 out of her refund.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6; therefore, HSBC denies the same.

7. Plaintiff asked why H&R Block would have to take the $600. Defendant told plaintiff that she had previously taken out a "H&R Block Emerald Prepaid MasterCard," for which she was liable in the amount of $600. On information and belief, based upon a letter sent to plaintiff from H&R Block, the Emerald MasterCard had been taken out two days earlier, on January 28, 2007.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7; therefore, HSBC denies the same.

8. Also at that time, H&R Block provided plaintiff with <u>Exhibit 2</u>, a letter stating that her loan had been denied by HSBC. Plaintiff never received any loan denial letter from HSBC regarding the instant Money Advance Loan.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8; therefore, HSBC denies the same.

9. Plaintiff had H&R Block do her taxes in 2003. At that time, she submitted to H&R Block a paystub from an employer. On information and belief, the imposter who opened the Emerald MasterCard in plaintiff's name used plaintiff's paystub with plaintiff's information on it as "proof" of identity.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9; therefore, HSBC denies the same.

10. On January 30, 2007, plaintiff insisted that she had not taken out a loan and requested to speak with a manager.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10; therefore, HSBC denies the same.

11. Plaintiff spoke with the person in charge at that H&R Block location, who told plaintiff that plaintiff had received a loan from H&R Block for $600.00. The manager further stated that withdrawals had been made on January 24, 2007, January 28, 2007 and January 30, 2007.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11; therefore, HSBC denies the same.

12. Plaintiff asked the person in charge to provide her with the paperwork for the loan but plaintiff was told that to go to the H&R Block location at 95th near Stoney Island Avenue.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12; therefore, HSBC denies the same.

13.     The H&R Block representative at the 95th and Stoney Island Avenue location told plaintiff to go to the H&R Block's 95th and Western location.

**ANSWER:**     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13; therefore, HSBC denies the same.

14.     On January 31, 2007, plaintiff went to the 95th and Western location, and explained the situation. The manager, Victor, told plaintiff that H&R Block would look into the situation, and get back to her.

**ANSWER:**     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14; therefore, HSBC denies the same.

15.     On January 31, 2007, Plaintiff reported that her identity had been stolen to the Chicago Police.

**ANSWER:**     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15; therefore, HSBC denies the same.

16.     On or about January 31, 2007, Plaintiff then called the telephone number for the debit card and asked that the card be closed. The card was closed.

**ANSWER:**     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16; therefore, HSBC denies the same.

17.     On February 2, 2007, plaintiff received a call from Arthur Grant who identified himself as the district manager of H&R Block. Mr. Grant informed plaintiff that the $600.00 loan would be forgiven and that her tax return would be prepared free of charge. He also indicated that H&R Block would provide plaintiff with credit security protection for one year.

**ANSWER:**     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17; therefore, HSBC denies the same.

18.     Because plaintiff no longer trusted H&R Block with her personal information, plaintiff did her own taxes for 2006 online.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18; therefore, HSBC denies the same.

19. On February 23, 2007, plaintiff received from HSBC a statement regarding the Emerald MasterCard demanding $600.00, and threatening "NEGATIVE IMPACT TO YOUR CREDIT REPORT."

**ANSWER:** HSBC admits that it sent a letter to Tiffany C. Robinson dated February 23, 2007, and that the letter contained the following sentence: "It is very important that you pay the balance promptly to avoid delinquent charges and a possible negative impact to your credit profile." HSBC denies any remaining allegations contained in paragraph 19.

20. Feeling helpless, plaintiff soon contacted the Illinois Attorney General. The Attorney General mailed plaintiff a letter requesting that she do a formal complaint on March 8, 2007.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20; therefore, HSBC denies the same.

21. On March 16, 2007, plaintiff filed a formal complaint with the Illinois Attorney General's office.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21; therefore, HSBC denies the same.

22. On April 17, 2007, the Illinois Attorney General contacted plaintiff and provided her with case number 2007-CONSC-00175804.

**ANSWER:** HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22; therefore, HSBC denies the same.

23. On May 18, 2007, the Illinois Attorney General's office sent plaintiff a letter stating that it had not received any response from these defendants.

**ANSWER:**    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23; therefore, HSBC denies the same.

24.    On July 27, 2007, HSBC sent plaintiff a letter indicating that it did not hold her responsible for the $600 loan.  <u>Exhibit 3</u>.

**ANSWER:**    HSBC admits that it sent Tiffany C. Robinson the letter attached as Exhibit 3 to Plaintiff's Amended Complaint on July 27, 2007, and that the document speaks for itself.

25.    <u>Exhibit 3</u> also states that "H&R Block notified [HSBC] of an identity theft claim involving one of [H&R Block's] employees."

**ANSWER:**    HSBC admits the allegations in paragraph 25.

26.    HSBC's letter confirmed that an employee or agent of H&R Block applied for and received an H&R Block Emerald Prepaid MasterCard in plaintiff's name.

**ANSWER:**    HSBC denies the allegations in paragraph 26.

27.    The person who applied for the credit card in plaintiff's name improperly authorized either H&R Block or HSBC to access plaintiff's credit report.

**ANSWER:**    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27; therefore, HSBC denies the same.

28.    H&R Block retained the services of a private investigator to look into the case. When the investigator learned that the debt had been forgiven, he curtly told plaintiff that she was "no longer the victim."

**ANSWER:**    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28; therefore, HSBC denies the same.

29.    Plaintiff has been damaged as a result of defendants' actions.  She has expended numerous hours trying to clear her name, has out-of-pocket costs associated with sending disputes with the credit bureaus to clear her credit report, and her privacy has been invaded.

6

**ANSWER:**     HSBC denies that Plaintiff has been damaged by HSBC's actions.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29; therefore, HSBC denies the same.

### COUNT I – FAIR CREDIT REPORTING – UNAUTHORIZED PULL AND UNAUTHORIZED USE OF CREDIT INFORMATION

30. Plaintiff incorporates ¶¶ 1-29.  This Count is against both H&R Block and HSBC.

**ANSWER:**     HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Amended Complaint.  HSBC admits that Plaintiff purports to bring Count I of her Amended Complaint against both defendants named in this action, but denies that HSBC has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

31. Defendants obtained Plaintiff's credit report without authorization.

**ANSWER:**     HSBC denies the allegations in paragraph 31.

32. Defendants obtained Plaintiff's credit report without a permissible purpose.

**ANSWER:**     The allegations contained in paragraph 32 contain legal conclusions to which no response is required.  To the extent a response is required, HSBC denies the allegations in paragraph 32.

33. Defendants certified to the credit agency that they had a permissible purpose to obtain Plaintiff's credit report.

**ANSWER:**     The allegations contained in paragraph 33 contain legal conclusions to which no response is required.  To the extent a response is required, the allegation in this paragraph is vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

34. Defendants should have known that the imposter did not have a permissible purpose to obtain Plaintiff's credit report because the information provided came from an employee of H&R Block, rather than from plaintiff.

**ANSWER:** HSBC denies the allegations in paragraph 34.

35. Defendants, through its employee or agent, violated the FCRA by obtaining credit information regarding plaintiff under false pretenses.

**ANSWER:** The allegations contained in paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, HSBC denies the allegations in paragraph 35.

## COUNT II – TRUTH IN LENDING ACT
## UNAUTHORIZED ISSUANCE OF CREDIT CARD - HSBC

36. Plaintiff incorporates ¶¶ 1-29. This Count is against HSBC.

**ANSWER:** HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Amended Complaint. HSBC admits that Plaintiff purports to bring Count II of her Amended Complaint against HSBC, but denies that HSBC has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

37. 15 U.S.C. § 1642, prohibits issuance of a credit card to a person that has not requested one.

**ANSWER:** The allegations contained in paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, HSBC admits that 15 U.S.C. § 1642 states, "No credit card shall be issued except in response to a request or application therefor [sic]. This prohibition does not apply to the issuance of a credit card in renewal of, or in substitution for, an accepted credit card." HSBC denies the remaining allegations in paragraph 37.

38. HSBC issued a credit card in plaintiff's name that she had not requested.

8

**ANSWER:**    HSBC denies the allegations in paragraph 38.

## COUNT III – EQUAL OPPORTUNITY CREDIT ACT

39.    Plaintiff incorporates ¶¶ 1-29.  This Count is against either HSBC, or alternatively against H&R Block.

**ANSWER:**    HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Amended Complaint.  HSBC admits that Plaintiff purports to bring Count III of her Amended Complaint against either HSBC, or alternatively against H&R Block, but denies that HSBC has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

40.    The Equal Opportunity Credit Act ("ECOA") requires creditors to send consumers who have been denied a loan a letter stating, among other things, the reasons for the denial.  15 U.S.C. § 1691(d).

**ANSWER:**    The allegations contained in paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, HSBC denies the allegations in paragraph 40.

41.    Although plaintiff applied for a loan on January 30, 2007, her application was denied.

**ANSWER:**    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41; therefore, HSBC denies the same.

42.    Typically, the creditor would be liable for failing to send such a denial letter. However, in this case it is possible that H&R Block denied the loan without having submitted any application at all.  Plaintiff therefore brings this count against both defendants in the alternative.

9

**ANSWER:** The allegations contained in the first sentence of paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, HSBC HSBC denies the allegations in the first sentence of paragraph 42. HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 42; therefore, HSBC denies the same. HSBC admits that Plaintiff purports to bring Count III in the alternative as stated in the third sentence of paragraph 42, but denies that HSBC has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

### COUNT IV – VIOLATIONS OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT, 815 ILCS 505

43. Plaintiff incorporates ¶¶ 1-29. This Count is against both HSBC and H&R Block.

**ANSWER:** HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Amended Complaint. HSBC admits that Plaintiff purports to bring Count IV of her Amended Complaint against both defendants named in this action, but denies that HSBC has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

44. Defendants engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by violating the FRCA as well as allowing an employee to steal plaintiff's identity and attempting to hold plaintiff liable for the debt after receiving notice that the debt was the result of identity theft.

**ANSWER:** The allegations contained in paragraph 44 contain legal conclusions to which no response is required. To the extent a response is required, HSBC denies the allegations in paragraph 44.

45. Defendants should have known that they were not authorized to obtain plaintiff's credit report.

**ANSWER:** HSBC denies the allegations in paragraph 45.

46. Defendants should have known that the debt was not plaintiff's debt and that by attempting to shift the loss of the theft to plaintiff after receiving notice that the debt was the result of identify theft is unfair.

**ANSWER:** HSBC denies the allegations in paragraph 46.

47. Plaintiff was damaged as a proximate cause of Defendants' actions as her credit score was harmed from the impermissible pull, her privacy was invaded and she spent a considerable amount of time attempting to resolve the situation.

**ANSWER:** HSBC denies that Plaintiff sustained any damages. The remaining allegations contained in paragraph 47 contain legal conclusions to which no response is required. To the extent a response is required, HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47; therefore, HSBC denies the same.

48. Defendants' actions were willful or intentional and done with evil motive or reckless indifference to the rights of others.

**ANSWER:** The allegations contained in paragraph 48 contain legal conclusions to which no response is required. To the extent a response is required, HSBC denies the allegations in paragraph 48.

49. The conduct of Defendants resulted in public injury and had an effect on consumers and the public interest generally. Defendants' falsely obtaining a credit report, invasion of privacy and attempting to shift the loss to plaintiff was unfair, deceptive and violated public policy.

**ANSWER:** HSBC denies the allegations contained in the first sentence of paragraph 49. The remaining allegations contained in paragraph 49 contain legal conclusions to which no response is required. To the extent a response is required, HSBC denies the allegations in paragraph 49.

(Count V was omitted from the Amended Complaint.)

### COUNT VI – INVASION OF PRIVACY

50. Plaintiff incorporates ¶¶ 1-29. This Count is against either HSBC, or alternatively against H&R Block.

**ANSWER:** HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Amended Complaint. HSBC admits that Plaintiff purports to bring Count VI of her Amended Complaint against either HSBC, or alternatively against H&R Block, but denies that HSBC has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

51. Defendants intruded upon seclusion of plaintiff when they pulled her credit report or otherwise accessed her private information.

**ANSWER:** The allegations contained in paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, HSBC denies the allegations in paragraph 51.

52. Defendants actions intruded on the plaintiff's seclusion or private affairs in a way that would be highly offensive to a reasonable person.

**ANSWER:** The allegations contained in paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, HSBC denies the allegations in paragraph 52.

53. Plaintiff was damaged as a proximate result of defendants' actions.

**ANSWER:** HSBC denies that Plaintiff sustained any damage. The remaining allegations contained in paragraph 53 contain legal conclusions to which no response is required. To the extent a response is required, HSBC denies the allegations in paragraph 53.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counts IV and VI are preempted by the Fair Credit Reporting Act.

### SECOND AFFIRMATIVE DEFENSE

HSBC acted in good faith and in conformity with applicable Federal laws, rules, and regulations governing creditors.

### THIRD AFFIRMATIVE DEFENSE

HSBC acted timely, before this action was filed, and before receiving written notification from Plaintiff, to code the account at issue as fraud, cease collections on the account, notify the credit bureaus to remove the debt from Plaintiff's profile, and notify the Internal Revenue Service.

### FOURTH AFFIRMATIVE DEFENSE

HSBC adheres to procedures reasonably calculated to avoid identity theft. Any issuance of a credit or debit card by HSBC to an individual using a false or stolen name or

identity or request for a credit report based on a fraudulent credit application was not intentional and resulted from a bona fide error not withstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff, if any, resulted from intervening or superseding causes, and any act or omission on the part of HSBC was not the proximate cause of such alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be subject to a contractual arbitration agreement. If so, Plaintiff's claims may not be asserted in this action, and instead may only be asserted in arbitration. HSBC reserves the right to compel Plaintiff to resolve this dispute through binding arbitration.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrines of laches, waiver, or estoppel.

### NINTH AFFIRMATIVE DEFENSE

HSBC reserves the right to raise and assert such additional affirmative defenses it may have as may become available through investigation and discovery.

WHEREFORE, Defendant HSBC BANK USA, N.A. respectfully requests this Court to dismiss the Amended Complaint with prejudice, enter a judgment in favor of HSBC, and award HSBC costs, expenses, attorneys' fees, and grant it such further relief this Court deems just and proper.

Dated:  May 12, 2008                    HSBC BANK USA, N.A.


                                        By:    /s/ Jessica S. Robinson
                                              One of their attorneys

John K. Van De Weert, Jr.
Kevin M. Fee
Jessica S. Robinson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

## **CERTIFICATE OF SERVICE**

I, Jessica S. Robinson, an attorney, hereby certify that on May 12, 2008, I caused the foregoing Defendant HSBC's Answer to Plaintiff's Amended Complaint to be served upon all counsel of record via ECF Notice of Filing.

    /s/ Jessica S. Robinson

CH1 4250143v.1