**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tiffany Robinson, | ) | |
| | ) | 08 C 185 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| H&R Block Enterprises, Inc. | ) | |
| and HSBC Bank USA, N.A., | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff respectfully requests that this Court grant her leave to file an amended complaint by July 11, 2008, after she has received discovery from defendants. The proposed amendments are described in detail herein. In support of this motion, plaintiff states:

1. This action arises out of an employee of defendant H&R Block using plaintiff's 2003 tax return information in 2007 to open lines of credit with H&R Block and HSBC: in sum, identity theft. Plaintiff alleges violation of the Illinois Consumer Fraud Act, Truth in Lending Act, Equal Opportunity Credit Act and common law invasion of privacy.

2. H&R Block moved to dismiss the complaint mostly on pleading grounds, arguing that plaintiff has not pleaded enough facts to support the various theories of liability for its actions and omissions. Plaintiff responded to the motion to dismiss, and believes that the complaint currently states claims upon which relief may be granted, but also requests leave to amend the complaint after she receives discovery from defendants.

3. For example, the motion to dismiss argues that plaintiff has not stated a claim under the Consumer Fraud Act because plaintiff does not identify the specific person who perpetrated the identity theft. Defendant is in exclusive control of this information, and plaintiff

propounded discovery on the first possible day to obtain this information. In fact, plaintiff herself sent defendant HSBC a letter on August 10, 2007, pursuant to the FCRA, 15 U.S.C. 1681g(e), requesting for all information regarding the theft, and never received any response. Unfortunately, there is no private right of action for violations of that section. These amendments will thus affect the Court's determination of H&R Block's motion to dismiss; particularly with respect to pleading with particularity under Rule 9(b) for deceptive conduct under the consumer fraud act.

4. Plaintiff's deadline for amending the complaint is currently June 16, 2008, which is approximately 32 days after the Court first permitted her to propound discovery. This is just enough time to propound and receive discovery responses, and plaintiff is prepared to do so, if necessary.

5. Under the circumstances, however, because defendants are in sole possession of many facts and circumstances surrounding the fraud, plaintiff respectfully submits that justice requires extending the cutoff date for amended pleadings until July 11, 2008, so that Plaintiff may receive discovery from defendants, and granting plaintiff leave to amend.

6. Plaintiff's anticipated amendments are as follows: plaintiff will add factual allegations that are in defendant's sole custody, and alter any current allegations for which alterations become necessary as a result of defendant's discovery responses. Plaintiff further requests leave to add a claim against H&R Block for breach of fiduciary duty, but only based upon the same set of facts relating to the theft of plaintiff's identity and fraudulent opening of credit lines in her name.

7. Plaintiff does <u>not</u> propose adding additional parties, and, even with the amendments, the second amended complaint would be constrained to circumstance of identity theft that has already pleaded. In other words, the amendments will not broaden the scope of this case;

they will instead fix any inconsistencies that become apparent through defendant's discovery responses, and will add facts that are currently in defendants' exclusive control.

8. Plaintiff would normally include a proposed second amended complaint with a motion for leave to amend, but the circumstances here do not permit such.

9. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." Justice requires permitting plaintiff leave to amend in this instance because the amendments are based upon discovery in defendants' exclusive control that plaintiff has propounded, but has not yet received.

10. A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993). There is no reason to deny plaintiff's motion for leave to amend.

11. Plaintiff has not engaged in any delay at all. Discovery opened in this case on May 14, 2008. Any delay here has been caused by defendants, who have resisted providing timely discovery responses, and did not provide any documents at all with their Rule 26(a)(1) disclosures. The reason that the case has been pending for as long as it has is because it took H&R Block several weeks to come up with the "correct" entity to be a defendant in this case.

3

12. The amendments will not cause any prejudice to the defendants. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

13. Defendants have not even propounded discovery upon plaintiff, and plaintiff provided substantial documents along with her Rule 26(a)(1) disclosures.

14. Plaintiff files this motion in the interest of justice, and not for purposes of improper or undue delay.

WHEREFORE, plaintiff respectfully requests that this Court grant her leave to file an amended complaint by July 11, 2008, after she has received discovery from defendants.

Respectfully submitted,

/s/ Alexander H. Burke

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

**CERTIFICATE OF SERVICE THROUGH ELECTRONIC MEANS**

      I hereby certify that on June 4, 2008, I caused a true and correct copy of the foregoing to be served upon the individuals listed above via ECF electronic delivery.

                                        /s/ Alexander H. Burke