UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY ROBINSON,<br><br>      Plaintiff,<br><br>v.<br><br>H&R BLOCK ENTERPRISES, INC. and<br>HSBC BANK USA, NA<br><br>      Defendant. | Case No. 08 C 185<br><br>Honorable Judge Guzman<br>Honorable Magistrate Judge Ashman |

**DEFENDANT H&R BLOCK ENTERPRISES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**I.    INTRODUCTION**

Plaintiff's motion for leave to file a second amended complaint is premature, seeks overly broad and inappropriate relief (namely, *carte blanche* leave to file any and all amendments and new claims in the case at her whim and a month's extension of the established deadline to amend), misrepresents and mischaracterizes the record in this case[1] and is predicated on the incorrect assumption that discovery from Defendants H&R Block Enterprises, Inc. ("H&R Block") and HSBC Bank USA, NA ("HSBC," and, together with H&R Block, "Defendants") will support new and existing claims against Defendants. To the contrary, Plaintiff's motion to amend – filed simultaneously with her opposition to H&R Block's pending motion to dismiss all of her claims against H&R Block – exposes the fundamental weakness of her case.

---

[1] H&R Block does not believe a protracted, point-by-point refutation of the misrepresentations in Plaintiff's motion would be productive nor required for the Court's determination of Plaintiff's unfounded motion, and so has resisted burdening the Court with such a discussion herein. If, however, the Court has any questions about this matter or desires further details, H&R Block would, of course, be happy to provide such information.

The fact of the matter is that Plaintiff has not stated any viable claims against H&R Block, including for the reasons discussed in H&R Block's pending motion to dismiss. Discovery will only further confirm that Plaintiff's case lacks merit. Simply put, Plaintiff's motion is based on unfettered and incorrect speculation. There is no good cause to grant Plaintiff unrestricted leave to file an amended complaint. Rather, to do so would be unduly prejudicial and unfair to Defendants. Accordingly, H&R Block respectfully submits that Plaintiff's motion for leave to file a second amended complaint should be denied.

## II.   BRIEF SUMMARY OF PERTINENT FACTS

Plaintiff filed this action in January of 2008. At the outset of this case, Plaintiff improperly named H&R Block, Inc. as a defendant in the case, an entity that does not operate tax service offices in Illinois and is not subject to this Court's jurisdiction in this case. Although H&R Block was not required to do so (as Plaintiff incorrectly suggests in her motion), in the spirit of cooperation, on April 2, 2008, H&R Block voluntarily identified H&R Block Enterprises, Inc. as the correct entity to be named in this suit.[2] Plaintiff filed an amended complaint on April 21, 2008 that dismissed H&R Block, Inc. and named H&R Block Enterprises, Inc. H&R Block timely responded to this amended complaint by filing a motion to dismiss all counts against it on May 12, 2008. That motion is presently pending before the Court and H&R Block anticipates that it will dispose of all claims asserted against it in this matter.

Although no Rule 26 conference has been held in this case, Plaintiff faxed interrogatories, requests for admission and document requests to counsel for both Defendants on May 14, 2008. Defendants advised Plaintiff that the discovery was premature because no conference had been held, suggested that a conference should be held, and, in a showing of good

---

[2] As the Court will recall, the Court's order on this issue was entered to document the parties' voluntary agreement regarding this disclosure and other matters.

faith, offered to treat the discovery as though it had been served on May 30, 2008, the date upon which the Court had directed that initial disclosures be exchanged. Plaintiff refused this proposed compromise on the supposed basis that she needed to receive responses to certain of the discovery by June 13, 2008 (the deadline she calculated based on the date the discovery was faxed) in order to comply with the June 16, 2008 deadline for amendments and joinder of parties set by the Court's scheduling order in this case. Without waiver of their objections, Defendants voluntarily agreed to provide the requested responses by June 13 based on Plaintiff's representation that this was necessary to maintain the Court's schedule.

Contrary to her representations about her intended compliance with the June 16th amendment deadline, however, without any prior notice to Defendants, on June 4, 2008, Plaintiff filed the instant motion for leave to file an amended complaint, ostensibly based on (incorrect) speculation that discovery from Defendants will support existing and new claims. The motion neither attaches a draft of the proposed second amended complaint, nor describes with any specificity what amendments are proposed. Furthermore, without so stating, the motion effectively seeks an extension of the existing amendment deadline from June 16, 2008 to July 11, 2008.

As discussed herein, the relief requested by Plaintiff is without basis and would be prejudicial to Defendants. Accordingly, Block opposes Plaintiff's motion and respectfully submits that it should be denied.

## III.    ARGUMENTS AND AUTHORITY

### A.    Applicable Standards

As is implicitly recognized by Plaintiff's motion, Plaintiff may not amend her complaint at this stage as a matter of right, but rather requires leave from this Court to do so. Fed. R. Civ. P. 15(a). Leave to amend, while generally freely granted "when justice so requires," is properly

3

denied for a multitude of reasons, including "on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." Fed. R. Civ. P. 15(a)(2); *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. (Ill.) 2004) (citations omitted). "The district court's decision to grant or deny a motion for leave to file an amended pleading is 'a matter purely within the sound discretion of the district court.'" *Guise*, 377 F.3d at 801 (citations omitted). Further, where, as here, the movant fails to file a proposed amended complaint with the motion to amend, the Court properly may infer a lack of good faith. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. (Ill.) 1994).

Applying these standards to the case at hand, leave to amend should be denied.

**B.    Plaintiff's Request For Leave Is Unwarranted, Premature and Unduly Prejudicial**

By her motion, Plaintiff seeks both (1) *carte blanche* leave to file an undisclosed and unspecified amended complaint <u>and</u> (2) a nearly month-long extension of the June 16, 2008 deadline to amend pleadings set by this Court on May 14, 2008. The relief requested by Plaintiff is unfounded for multiple reasons, and should, thus, be denied.

First, Plaintiff's motion does not meet the threshold standard upon which leave may be granted: that "justice so requires." Fed. R. Civ. P. 15(a)(2). Rather, Plaintiff's request for leave is based solely – and incorrectly – on her groundless speculation that discovery from Defendants may support (unspecified) amendments to bolster existing and/or add new claims against Defendants. This is not so. To the contrary, the discovery will further discredit Plaintiff's case, which on its face already is unsustainable, as set forth in H&R Block's pending motion to dismiss.

In short, Plaintiff's claim that her identity was stolen, if true, is certainly regrettable, but H&R Block is not to blame. As Plaintiff's own allegations about H&R Block's prompt response

4

to her claim suggest, H&R Block has acted steadfastly in good faith with respect to Plaintiff. Discovery in the case will further confirm that fact and will otherwise disprove Plaintiff's claims. It will not supply a basis to embellish Plaintiff's complaint. As such, there is no grounds for the requested leave and, in fact, leave to amend in this case would be futile. Thus, Plaintiff's motion should be denied.

Moreover, even assuming purely for the sake of argument that future discovery could serve as a basis for amendment, Plaintiff's peremptory request for leave <u>before having even seen the discovery</u> is, at a minimum, premature. In the event that developments in this case warrant amendment, the Court presumably can address such developments as they occur. But, as matters now stand, <u>there is no present basis upon which to grant leave</u>. Accordingly, justice would not be served by the unrestricted leave to amend Plaintiff seeks, let alone does it "require" that Plaintiff be granted leave at this time. Fed. R. Civ. P. 15(a)(2).

In addition, Plaintiff's motion also should be denied because her request for *carte blanche*, unrestricted leave to file any amended complaint is unduly prejudicial and calls into question Plaintiff's good faith. Inasmuch as Plaintiff's motion for leave does not attach a proposed second amended complaint nor otherwise specify the amendments she intends, the motion does not afford H&R Block sufficient notice to permit H&R Block a full opportunity to be heard.[3] In this regard, H&R Block would be prejudicially deprived of its right to due process if the motion were granted.

---

[3] In her motion, Plaintiff does indicate that one of the potential amendments she might seek would be to add a "fiduciary duty" claim against H&R Block. There is no existing basis for such a claim, however, as evidenced by the fact that Plaintiff has not brought such a claim to date. In fact, such an attempted amendment would be futile, because, among other reasons, H&R Block did not breach any fiduciary duty owed to Plaintiff. *See, e.g., Harris*, 27 F.3d at 1287 (affirming denial of request to file amended complaint where no proposed complaint was submitted with motion and the one claim identified to be added appeared futile).

Furthermore, in reliance upon Plaintiff's representation that she would comply with the Court's June 16, 2008 deadline for amendments, Defendants agreed to provide Plaintiff with expedited responses to the discovery Plaintiff identified as prerequisite to her compliance. Notwithstanding the fact that H&R Block is confident that Plaintiff's claims against it should be dismissed on its pending motion, in an effort to cooperate with Plaintiff in this case, H&R Block has embarked upon substantial, good faith efforts to provide Plaintiff with its responses by June 13, as requested. In this regard, too, Plaintiff's conduct – first using the June 16th deadline to obtain early discovery responses and then moving to vacate and extend that deadline – exhibits bad faith and is prejudicial. On these additional grounds, Plaintiff is not entitled to and should not be granted the leave she requests.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for leave to amend should be denied.

Respectfully submitted,

**BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP**


By:   /s/ Stacey R. Gilman
    Stacey R. Gilman        MO Bar # 55690*
    Nick J. Kurt            MO Bar # 52216*
    2600 Grand Boulevard, Suite 1200
    Kansas City, Missouri 64108
    Telephone:  (816) 561-7007
    Facsimile:   (816) 561-1888

    * Ms. Gilman and Mr. Kurt have been
      admitted *pro hac vice*

and

By:   /s/ Travis B. Wolfinger
Martin B. Carroll (#6200977)
Keli M. Videtto (#6276868)
Travis B. Wolfinger (#6273269)

**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
(312) 224-1200

ATTORNEYS FOR DEFENDANT
H&R BLOCK ENTERPRISES, INC.

## Certificate of Service

The undersigned, an attorney, hereby certifies that a copy of the foregoing Opposition to Plaintiff's Motion for Leave to Amend Complaint was filed and served electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished pursuant to CM/ECF this 16th day of June, 2008, on:

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
Telephone: 312-726-1092
Fax: 312-726-1093
Attorneys for Plaintiff

Jessica S. Robinson
Kevin M. Fee, Jr
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

John Kenneth Van De Weert
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

_____s/ Travis B. Wolfinger_____