UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIFFANY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 185 |
| | ) | |
| H&R BLOCK ENTERPRISES, INC. and | ) | Honorable Judge Guzman |
| HSBC BANK USA, NA | ) | Honorable Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT H&R BLOCK ENTERPRISES, INC.'S
## REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

H&R Block Enterprises, Inc. ("H&R Block") submits this Reply Memorandum in Support of its Motion to Dismiss all claims asserted against it by Plaintiff.

## I.    INTRODUCTION

In an attempt to salvage her unsustainable claims, Plaintiff's opposition improperly seeks to have this Court ignore the allegations of her complaint and instead render a decision based on false, generalized aspersions against H&R Block; unsubstantiated, irrelevant and inadmissible matters that are unrelated to this case; and other speculative and incorrect assertions that are not alleged and, in fact, in conflict with the allegations in Plaintiff's complaint. Plaintiff's tactics in her opposition – and her simultaneous filing of a motion for leave to amend her complaint[1] – expose the fundamental weakness of her claims against H&R Block.

---

[1] H&R Block opposed Plaintiff's motion for leave to amend her complaint. The Court has since ruled that the motion for leave was more properly styled as a request for an extension of time to amend the pleadings. Under the Court's ruling, Plaintiff has until July 11, 2008, to file a new motion for leave with a proposed copy of the Second Amended Complaint.

Undoubtedly, the identity theft situation alleged by Plaintiff is sympathetic. Yet, to the extent Plaintiff claims to have been victimized, it was not by H&R Block. To the contrary, even on the face of Plaintiff's complaint it is apparent that H&R Block acted promptly and diligently to respond to Plaintiff's claim that a third party stole her identity. Indeed, Plaintiff has not stated any viable claim against H&R Block. Rather, as set forth in H&R Block's moving papers and further described herein, the various theories attempted by Plaintiff are unsustainable. Accordingly, H&R Block respectfully submits that its motion to dismiss should be granted and all claims against it dismissed.

## II.    ARGUMENTS AND AUTHORITY

### A.    Standard Of Review

Ordinarily, a reply brief need not restate the applicable standard of review. Indeed, it is axiomatic that, as recited by H&R Block's moving papers, a motion to dismiss <u>tests the sufficiency of the complaint</u>. *Zurich Capital Markets, Inc. v. Coglianese*, 228 F.Supp.2d 847, 855 (N.D. Ill. 2004). In this instance, however, this standard bears repeating, inasmuch as Plaintiff's opposition repeatedly invites and urges this Court to consider matters that are not alleged in the complaint, are contrary to the allegations of the complaint, are offered without any foundation or basis whatsoever, are not admissible, and are otherwise not properly a part of the record for consideration on H&R Block's motion to dismiss.

By way of example, without any foundation nor even any attempted offering of authentication, Plaintiff has attached five exhibits to her opposition brief, numbered 5 through 9, that are wholly unrelated to the allegations of the complaint. Indeed, on their face, the exhibits appear to be Internet reports of unknown origin dealing with secondhand (or more remote), hearsay reports regarding supposed incidents that are suggested to have been claimed in different

states, in different years and involving different facts and different persons (*i.e.,* not Plaintiff). Such matters are plainly irrelevant and can only serve to perpetrate undue prejudice. They are not admissible as evidence and are not a basis for opposition to H&R Block's motion to dismiss. As such, H&R Block hereby submits that such matters should be excluded and struck from the record. Instead, the Court's review should be conducted in accord with the applicable standard for review: *i.e.,* to test whether Plaintiff's allegations, as set forth in her complaint, state a sustainable claim.

Applying this long-standing, well-established standard for review, Plaintiff has not stated a viable claim against H&R Block, and H&R Block's motion should be granted.

**B.     Plaintiff's ECOA Claim Fails Because H&R Block Is Not A "Creditor" For Purposes Of The Relevant ECOA Provisions**

Plaintiff's opposition concedes, as it must, that among other requirements to pursue an ECOA "notice" claim, a defendant must be a "creditor" for purposes of the ECOA. Opposition at 4. Yet, Plaintiff's opposition ignores the fact that her complaint does not allege that H&R Block is a creditor (nor could Plaintiff in good faith include such an allegation). Instead, she makes the bald – and incorrect – statement that the allegations necessary to support such a claim would be "consistent with the allegations of the complaint" and then goes on to discuss a series of matters that are not alleged, could not truthfully be alleged and are not relevant to the Court's determination of this motion. Opposition at 6. Plaintiff's arguments are misguided.

First, the allegations of Plaintiff's complaint are not consistent with the suggested conclusion that H&R Block is a "creditor" for the purposes here. To the contrary, H&R Block is alleged to be a "tax preparation company," not a lender, and, with specific regard to the alleged loan application in question, the complaint reflects that HSBC (not H&R Block) was the lender from whom a loan allegedly was desired. Am. Complaint, ¶ 3 and Exhibit 2. In fact, the

complaint tellingly pleads this cause of action against H&R Block in the alternative, upon

Plaintiff's acknowledgment that suing H&R Block on this theory is atypical because "[t]ypically,

the creditor would be liable for failing to send such a denial letter." Am. Complaint, ¶ 40. By so

pleading, Plaintiff's own complaint concedes that H&R Block is not "the creditor." In light of

this language and the other allegations of the complaint, one cannot conclude that it would be

"consistent with" the complaint to conclude that H&R Block could be a creditor. Accordingly

Plaintiff's ECOA claim against H&R Block fails.

　　　Furthermore, even assuming for the sake of argument that the complaint does not

foreclose the possibility that H&R Block could be a creditor (which it does), the complaint still

omits to affirmatively allege that H&R Block is a creditor, which is prerequisite to the ECOA

claim attempted. As set forth in H&R Block's motion, for purposes of the ECOA notice

requirement asserted, "Creditor means a person who, in the ordinary course of business,

regularly participates in a credit decision, including setting the terms of the credit...." 12 C.F.R.

§ 202.2(1). Moreover:

> [W]here the only role a person plays is accepting and referring applications for
> credit, or selecting creditors to whom applications will be made, the person meets
> the definition of creditor but only for the purposes of the prohibitions against
> discrimination and discouragement... Where the [person] only accepts
> applications for credit and refers those applications to another creditor who makes
> the credit decision – for example, where the [person] does not participate in
> setting the terms of the credit or making the credit decision – the [person] is
> subject only to [the ECOA's discrimination prohibitions, not its notice rule].

68 Fed. Reg. 13144-01, 13155 (emphasis supplied).

　　　Although Plaintiff's opposition speculates that it is possible there could be circumstances

under which H&R Block could act as a creditor,[2] the inescapable fact is that Plaintiff has not

---

[2] Plaintiff's speculations are, in any event, incorrect and misleading. By way of example, Plaintiff argues
in her opposition that "H&R Block is the actual bank and creditor for its 'H&R Block Emerald Prepaid

alleged that H&R Block regularly makes credit decisions nor sets the terms of credit. 12 CFR § 202.2(l). As this Court recently explained, in order to survive a motion to dismiss, a complaint's "allegations must <u>plausibly</u> suggest that the plaintiff has a right to relief, raising that possibility <u>above a 'speculative level'</u>; if they do not, the plaintiff pleads itself out of court." *Vulcan Golf, LLC v. Google Inc.*, --- F.Supp.2d ----, 2008 WL 818346, *3 (N.D.Ill. 2008) (*citing Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1973 n. 14, 167 L.Ed.2d 929 (2007)). Here, the complaint, on its face, does not state a sustainable claim against H&R Block under the ECOA. Plaintiff has not alleged that H&R Block is a creditor because it is not one. Plaintiff's speculations in her opposition do not and cannot overcome this failing. Accordingly, Plaintiff's ECOA claim against H&R Block should be dismissed.

Indeed, the cases cited by Plaintiff are readily distinguishable from the case at hand and do not change the unavoidable conclusion that Plaintiff's ECOA claim against H&R Block should be dismissed. First, Plaintiff incorrectly cites *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971 (7th Cir. (Ill.) 2004) for the supposed principle that Plaintiff need not allege that H&R Block is a creditor subject to the ECOA's notice provision. *Treadway* did not so hold. Rather, in that case, the appellate court explained that one who regularly refers applicants to lenders is <u>not</u> a "creditor" for purposes of the ECOA's notice provision and concluded that the district court erred by finding otherwise. *Treadway*, 362 F.3d at 978-979. The Court then went on to hold that the defendant car dealer had been granted summary judgment on the plaintiff's ECOA notice claim erroneously, because there was a triable issue of fact concerning its status as a creditor. The Court based this conclusion on the cumulative

---

MasterCard.'" Opposition at 6. Yet, even assuming *arguendo* that this is accurate (which it is not), it is entirely irrelevant because Plaintiff's ECOA claim is based upon an alleged application for an IMAL loan from HSBC, not an Emerald Card.

evidence in the case, including among other things the defendant's admission that it regularly decided not to send applications to any lender, evidence that it "frequently participate[d] in the credit decision by restructuring the terms of the sale in order to meet the concerns of the creditor," and evidence that it regularly set annual percentage rates. *Id.* at 980 (emphasis supplied). The *Treadway* Court was not faced with and did not rule on the question of whether a complaint, such as the one here, which contains no allegations that a defendant was a creditor that regularly participates in credit decisions and sets the terms of the credit, states a viable ECOA notice claim. It does not. Accordingly, Plaintiff's reliance on *Treadway* is misplaced.

Plaintiff's reliance on *Stegvilas v. Evergreen Motors, Inc.*, 2007 WL 1438372 (N.D. Ill. 2007) is also unfounded. In that case, the District Court was faced with the question – not raised here – whether an ECOA notice claim required an allegation of discrimination by the defendant. It was not presented with the question of whether a complaint that failed to allege the defendant was a creditor could state a viable ECOA notice claim. Rather, in *Stegvilas*, the District Court explicitly noted that the plaintiff had "alleged that defendant was a creditor under the Act" and expressly relied upon this allegation (among others) to reach its conclusion that the plaintiff had stated an actionable ECOA notice claim. *Stegvilas*, 2007 WL at *3. Here, however, unlike in *Stegvilas*, Plaintiff has not alleged that H&R Block is a creditor, and instead has asserted allegations that do not support such a finding. Thus, the ruling in *Stegvilas* cannot salvage Plaintiff's defective claim.

Finally, Plaintiff's citation to a Virginia decision, *Barnette v. Brook Road, Inc.*, 457 F. Supp. 2d 647, 655 (E.D. Va. 2006) is also unavailing. In that case, as in *Treadway,* the posture and facts of the case were markedly different from those here: Namely, the Court was faced with a summary judgment motion (not a motion to dismiss) and a record flush with evidence that the

defendant regularly participated in the loan decision including setting the terms for credit (not a complaint that concedes the defendant is not a creditor).  *See Barnette*, 457 F. Supp. 2d at 655. As such, *Barnette*, too, is distinguishable and cannot save Plaintiff's unsustainable claim.

Thus, and for the reasons set forth in H&R Block's moving papers, Plaintiff's ECOA claim fails as a matter of law against H&R Block.

### C.    Plaintiff's Remaining Claims Against H&R Block Fail Because H&R Block Is Not Vicariously Liable For The "Imposter's" Alleged Intentional Misconduct

As set forth in H&R Block's supporting memorandum, Plaintiff's claims fail because Plaintiff's complaint improperly seeks to hold H&R Block vicariously liable for intentional misconduct of a third party for which H&R Block is not vicariously liable.  Plaintiff's opposition makes two arguments against dismissal on this basis, neither of which are effective.

First, without citation to any authority that so holds, Plaintiff argues that she can state a claim for vicarious liability without alleging any basis for vicarious liability.  This is simply incorrect.  Plaintiff cites to no authority for this argument because there is none.  To the contrary, this Circuit's courts, as the courts of other jurisdictions, have repeatedly held that claims based on vicarious liability cannot, as a matter of law, proceed in the absence of a viable basis for such liability.  *See, e.g., Sandra T.E. v. Sperlik*, 2005 WL 3299807 (N.D.Ill. 2005) (dismissing claims with prejudice for failure to allege actionable basis for vicarious/respondeat superior liability: "[w]hen the motive for an employee's intentional tort is personal (which [the employee's] actions certainly were), it is necessarily unrelated to his employer's objectives); *Sobieski v. Ispat Island, Inc.,* 413 F.3d 628, 634-635 (7th Cir. (Ind.) 2005) (disallowing claim against employer for employee's intentional misconduct and noting, "The usual view . . . is that when the motive for the employee's intentional tort is personal – which is to say unrelated to his employer's objectives and therefore not in furtherance of those objectives – the employer is not liable under

a theory of respondeat superior." (citation omitted)); *Doe v. Time Warner Cable of Southeastern Wisconsin, L.P.*, 2007 WL 4143226, *3 (E.D.Wis. 2007) (granting motion to dismiss claims because it "strained logic" to conclude that alleged intentional tort by employee was committed to further employer/defendant's interests). Accordingly, Plaintiff's contention that the Court cannot consider whether the complaint states a claim for vicarious liability is incorrect. Rather, the Court can and should consider this question, and H&R Block respectfully submits that the Court should conclude that Plaintiff's claims should be dismissed.

Plaintiff's alternative argument, that the unnamed identity thief *could* have been acting within the scope of employment by H&R Block is also unavailing. First, notwithstanding Plaintiff's speculation in her opposition, the fact of the matter is that her complaint does not allege that the wrongdoer's conduct was committed within the scope of employment by H&R Block. This, alone, is dispositive. Moreover, Plaintiff cannot truthfully make any such allegation in any event. Rather, it would "strain logic" and be wholly implausible to conclude that an employee engaging in the potentially criminal conduct alleged by Plaintiff's complaint could have been acting with any intent to further H&R Block's interests. *See, id.; see also Vulcan Golf,* 2008 WL at *3 ("allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" (citation omitted)). As such, Plaintiff's attempted claims against H&R Block fail and should be dismissed.

### D.    Plaintiff Failed To State A Claim Under The Illinois Consumer Fraud Act.

Plaintiff's opposition appears to concede that her Illinois Consumer Fraud Act claim against H&R Block is entirely predicated on the supposed misconduct of an unnamed identity thief. *See* Opposition at 8 ("The consumer fraud and invasion of privacy claim against H&R Block is that plaintiff entrusted it with her private and personal information such as her social

security number, and an employee of defendant published that information").  Yet, as explained above and in H&R Block's moving papers, as a matter of law, Plaintiff has not stated (and cannot state) a viable vicarious liability claim against H&R Block.

Moreover, with respect to H&R Block, there is absolutely no allegation that it engaged in any fraudulent conduct.  To the contrary, Plaintiff's complaint seeks to accuse H&R Block of intentional fraud based on the allegation that a third party who may have been an employee engaged in (likely criminal) conduct for the third party's own personal gain.  Such an allegation does not state a viable fraud claim against H&R Block, let alone does it do so with sufficient particularity.[3]  *Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 96 (Ill. App. 1 Dist. 2002) (consumer fraud must be pled with "particularity and specificity").  Rather, there are simply no allegations that H&R Block knowingly made or omitted to make any actionable statement of fact with the intent to deceive Plaintiff, nor that Plaintiff relied on any such statement to her detriment.  *See, e.g., Rockford Memorial Hosp. v. Havrilesko*, 368 Ill. App. 3d 115, 121 (Ill. App. 2 Dist. 2006) (reciting elements required to state a claim under the Illinois Consumer Fraud Act).

Plaintiff's argument that her claim under the Illinois Consumer Fraud Act can survive as an "unfair practice" claim in the absence of any fraud or deception is also unavailing.  As noted in H&R Block's moving papers, "[t]o constitute an unfair practice, the defendant's conduct must violate public policy, be so oppressive that it leaves the consumer with little alternative except to

---

[3] Plaintiff's assertions that H&R Block has – in her view – not sufficiently cooperated with her since learning of her identity theft claim are false, not alleged in the complaint and, in any event, not a basis for holding H&R Block vicariously liable for the alleged identity theft.  The fact of the matter is that Plaintiff's assertion that "defendants are in control of all of the facts surrounding the fraud" is incorrect (and illogical).  Rather, only the perpetrator of the fraud would be "in control" of those facts, not H&R Block.  Regardless, Plaintiff's efforts to cast aspersions on H&R Block – such as by taking unfounded pot shots at its Rule 26 disclosures in this litigation – are improper and in no way cure the fundamental failures of her complaint.

submit to it, and injure the consumer." *Rockford*, 368 Ill. App. 3d at 124. Plaintiff has not

alleged any such egregious, "oppressive" conduct by H&R Block, nor could she truthfully make

any such allegation. Rather, the allegations of her own complaint reveal that H&R Block acted

in good faith toward Plaintiff, and promptly and actively sought to respond to her claim that she

had not taken out a loan from HSBC.

Accordingly, Plaintiff has failed to state any actionable claim under the Illinois Consumer

Fraud Act, and this count of her complaint should be dismissed as against H&R Block.

### E.    Plaintiff Failed To State A Claim For Invasion Of Privacy.

As a threshold matter, while disputing the appellate court districts' stances on whether

Illinois recognizes a cause of action for invasion of privacy based on intrusion upon seclusion,

Plaintiff's opposition implicitly concedes, as it must, that the Illinois Supreme Court – which has

explicitly declined the opportunity to recognize such a tort – has not ruled on this matter. *See*

Opp. at 13; *see also Lovgren v. Citizens First National Bank*, 534 N.E.2d 987, 988-89 (Ill. 1989).

As set forth in H&R Block's moving papers, under these circumstances, there is certainly no

reason for this Court to stretch the boundaries of such a cause of action in order to uphold

Plaintiff's deficient claim here. Indeed, even assuming that the Supreme Court would recognize

such a cause of action, Plaintiff has not stated a viable claim here as explained in detail in H&R

Block's moving papers.

First, Plaintiff has not alleged an invasion into "private" matters sufficient to support the

attempted claim. Plaintiff's opposition seeks to confuse this issue by arguing that H&R Block

acknowledges that its customers' information is important to them. Certainly, H&R Block does

recognize that its customers' information may be important to them, and conducts its business

accordingly. This is not to say, however, that such information, as a matter of law, is of the

nature to support an invasion of privacy claim.  Rather, it would be unjust and contrary to public

policy if, by voluntarily treating customer information with sensitivity, H&R Block subjected

itself to a higher invasion of privacy standard than would otherwise be imposed by law.  Indeed,

this is not the law.  To the contrary, to the extent an invasion of privacy claim is recognized in

Illinois, it requires invasion of a specific level of private information.  The case of *Busse v.*

*Motorola, Inc.*, 813 N.E.2d 1013 (Ill. App. 1 Dist. 2004), *appeal den.* 829 N.E.2d 786 (Ill. 2005),

which is discussed in more detail in H&R Block's moving papers, is instructive on this point.  In

that case, the Court explained that "intimate personal facts," such as "family problems, romantic

interests, sex lives [and] health problems" may be actionable for purposes of an intrusion upon

seclusion claim, but that the mere fact that information may be "personal" and "proprietary" is

not sufficient to state such a claim.  *Busse*, 813 N.E.2d at 1017-1018.  In particular, in *Busse*, the

Court noted that social security numbers were "confidential and private, but 'are not on their face

revealing, compromising[ ] or embarrassing'" and held that they, along with other such personal

information, were not sufficiently "private" to support an invasion of privacy claim.  *Id.* at 1018.

Plaintiff's invasion of privacy claim suffers from the same deficiency as the *Busse* claim:

While her credit report may contain personal information, it would not rise to the level of

"intimate personal facts" required to state a claim for intrusion upon seclusion.  To the contrary,

like social security numbers, credit reports are commonly and routinely disclosed.  *See id.* at

1018 ("[w]e take judicial notice that in many ways persons are required to make their social

security numbers available so that they are no longer private or confidential but open to scrutiny

and copying") (quoting *Andrews v. TRW, Inc.,* 225 F.3d 1063, 1067 (9th Cir.2000), *rev'd on*

*other grounds,* 534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001)).  Indeed, Plaintiff's own

allegations reveal that she voluntarily disclosed personal and financial information to H&R

Block on January 30, 2007 (two days after the alleged identity theft) and that, according to her allegations, she also intended to disclose her credit report to H&R Block and/or HSBC in connection with the loan application she says she submitted to defendants on that date.

Under these circumstances, Plaintiff has failed to allege any misappropriation of the type of "private" information requisite to state a sustainable claim. Accordingly, her invasion of privacy claim against H&R Block should be dismissed.

Furthermore, this claim additionally fails because, as described in H&R Block's moving papers, Plaintiff has failed to allege additional elements mandatory to state a viable claim, including any "highly offensive prying into the physical boundaries or affairs of another person" nor actionable "anguish and suffering." *Lovgren*, 534 N.E.2d at 989; *Hoth v. American States Ins. Co.*, 735 F.Supp. 290, 293 (N.D. Ill. 1990); *see also, e.g., Karraker v. Rent-A-Center, Inc.*, 239 F.Supp.2d 828, 837-38 (C.D. Ill. 2003) (employers' collection and disclosure of information about individuals' personalities, sexual preferences and orientations, religious beliefs and practices, and medical conditions was not sufficiently "intrusive" to state an invasion of privacy claim).

Plaintiff's allegation that she was inconvenienced because she had to spend time addressing a third party's theft of her identity simply does not amount to a claim against H&R Block for intentional intrusion upon seclusion. As such, this claim, as all others attempted against H&R Block in this case, should be dismissed.

III.    **CONCLUSION**

Plaintiff's opposition does not change the inevitable result here:  Plaintiff has not stated

any viable cause of action against H&R Block.  Accordingly, H&R Block's motion to dismiss

should be granted, and all claims against it should be dismissed.

Respectfully submitted,

**H&R BLOCK ENTERPRISES, INC.**

By:   /s/ Stacey R. Gilman
       Stacey R. Gilman
       Nick J. Kurt
       **BERKOWITZ OLIVER WILLIAMS
       SHAW & EISENBRANDT LLP**
       2600 Grand Boulevard, Suite 1200
       Kansas City, Missouri 64108
       Telephone:     (816) 561-7007
       Facsimile:      (816) 561-1888

  * Ms. Gilman and Mr. Kurt have been
    admitted *pro hac vice*

                  And

By:   /s/ Travis B. Wolfinger
       Martin B. Carroll
       Travis B. Wolfinger
       Keli M. Videtto
       **FOX, HEFTER, SWIBEL, LEVIN &
       CARROLL, LLP**
       200 W. Madison Suite 3000
       Chicago, IL 60606
       (312) 224-1200

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Reply Memorandum in Support of H&R Block Enterprises, Inc.'s Motion to Dismiss was filed and served electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished pursuant to CM/ECF this 18th day of June, 2008, on:

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
Telephone:  312-726-1092
Fax:  312-726-1093
Attorneys for Plaintiff

Jessica S. Robinson
Kevin M. Fee, Jr
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

John Kenneth Van De Weert
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

**/s/Travis B. Wolfinger**