**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tiffany Robinson, | ) | |
| | ) | 08 C 185 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| H&R Block Enterprises, Inc. | ) | |
| and HSBC Bank USA, N.A., | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff respectfully requests that this Court grant her leave to file the proposed Second Amended Complaint attached as Appendix A. In support of this motion, plaintiff states:

1. This action arises out of an employee of defendant H&R Block using plaintiff's 2003 tax return information in 2007 to open lines of credit with H&R Block and HSBC: in sum, identity theft. The Amended Complaint alleges violation of the Illinois Consumer Fraud Act, Truth in Lending Act, Equal Opportunity Credit Act and common law invasion of privacy.

2. The first several months of this litigation were dedicated to litigating what the correct corporate entity for H&R Block was. Indeed, H&R Block moved to dismiss the original complaint, arguing that plaintiff did not identify the correct corporate entity. Plaintiff filed her Amended Complaint after defendant agreed to provide information about what the correct entity was; there is no substantive difference between the original complaint and the Amended Complaint. H&R Block moved to dismiss the Amended Complaint mostly on pleading grounds, arguing that plaintiff has not pleaded enough facts to support the various theories of liability for its actions and omissions. Plaintiff responded to the motion to dismiss, and believes that the Amended Complaint currently states claims upon which relief may be granted, but also requests leave to amend the

complaint after she receives discovery from defendants.

    3.    Plaintiff files this motion within the time permitted by the Court for amendments to pleadings. The proposed Second Amended Complaint is based upon the same facts and circumstances as the Amended Complaint. Plaintiff has fleshed out some of the facts that were not clear earlier in the litigation, has bolstered her consumer fraud count, and has added claims for negligence, negligent infliction of emotional distress, breach of fiduciary duty and willful and wanton conduct.

    4.    Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." Justice requires permitting plaintiff leave to amend in this instance because the amendments are based upon discovery that plaintiff has received that was previously in defendants' exclusive control. Further, it is in the interest of justice to permit plaintiff to add claims because the parties have only been litigating the case for approximately six weeks.

    5.    A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993). There is no reason to deny plaintiff's motion for leave to amend.

    6.    Plaintiff has not engaged in delay. Discovery opened in this case on May 14,

2008. Any delay here has been caused by defendants, who have resisted providing timely discovery responses and did not provide any documents at all with their Rule 26(a)(1) disclosures. The reason that the case has been pending for as long as it has is because it took H&R Block several weeks to come up with the "correct" entity to be a defendant in this case.

7. The amendments will not cause any prejudice to the defendants. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

8. All of the claims in the Second Amended Complaint are based upon the same set of facts and circumstances as the original complaint. Further, defendants have not been prejudiced through discovery. The only portion of H&R Block's motion to dismiss that might be affected by this amendment is its Rule 9(b) pleading argument concerning plaintiff's consumer fraud count. Nonetheless, defendants have not propounded discovery upon plaintiff, and plaintiff provided substantial documents along with her Rule 26(a)(1) disclosures.

9. Plaintiff files this motion in the interest of justice, and not for purposes of improper or undue delay.

WHEREFORE, plaintiff respectfully requests that this Court grant her leave to file the proposed Second Amended Complaint that is attached hereto as <u>Appendix A</u>.

Respectfully submitted,

/s/ Alexander H. Burke

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

## CERTIFICATE OF SERVICE THROUGH ELECTRONIC MEANS

      I hereby certify that on July 11, 2008, I caused a true and correct copy of the foregoing to be served upon the individuals listed above via ECF electronic delivery.

/s/ Alexander H. Burke