UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 185 |
| | ) | |
| H&R BLOCK ENTERPRISES, INC. and | ) | Honorable Judge Guzman |
| HSBC BANK USA, NA | ) | Honorable Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

**DEFENDANT H&R BLOCK ENTERPRISES, INC.'S
ANSWER AND ADDITIONAL DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant H&R Block Enterprises, Inc. ("H&R Block"), by its attorneys, answers the

Second Amended Complaint of Plaintiff Tiffany Robinson ("Plaintiff") in the above-captioned

action (the "Complaint") as follows:

1.     Plaintiff Tiffany Robinson brings this action to secure redress for the actions of
defendants H&R Block, Enterprises Inc. ("H&R Block") and HSBC Bank USA, N.A.
("HSBC"), for violation of the Fair Credit Reporting Act, the Truth in Lending Act, the Equal
Opportunity Credit Act, the Illinois Consumer Fraud Act and common law invasion of privacy,
negligence and wilful [sic] and wanton conduct.

**ANSWER:**  H&R Block admits that Plaintiff purports to seek the relief described in

paragraph 1, but denies any wrongdoing and denies that Plaintiff is entitled to any redress.  H&R

Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 1; therefore, H&R Block denies the same.

2.     Plaintiff Tiffany Robinson is an individual who resides in this District.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2; therefore, H&R Block denies the same.

3.     Defendant H&R Block is a tax preparation company that has offices in this District.  Its Privacy Policy Statement for Tax Services, (Exhibit 1), touts that "keeping client information confidential is nothing new to H&R Block.  We have always known that privacy is important to you, and we are committed to safeguarding your personal information."

**ANSWER:**  H&R Block admits that it provides tax preparation services to customers and that it operates offices within the geographic area encompassed by this judicial district.  H&R Block further avers that the company's Privacy Policy for use in its tax service offices as of January 2007 was not Exhibit 1 and did not contain the quoted language.  H&R Block denies any remaining allegations of paragraph 3.

4.     HSBC is a California corporation with its principal place of business at 475 Anton Blvd, Costa Mesa CA 92626. It does business in this District.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4; therefore, H&R Block denies the same.

5.     This Court has federal question subject matter jurisdiction.  Venue lies in this district because a substantial portion of the events took place here.  28 U.S.C. § 1391.

**ANSWER:**  The allegations contained in paragraph 5 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block admits that Plaintiff purports to assert federal claims over which this Court has federal question subject matter jurisdiction and admits that a substantial portion of the alleged events are alleged to have taken place within this District.  H&R Block denies any remaining allegations of paragraph 5.

6.     On or about January 30, 2007, plaintiff went to H&R Block at 87th and Stoney Island in Chicago to have her income tax return prepared, and to apply for an Instant Money Advance Loan.  At that time, H&R Block told plaintiff that they would do her taxes, but that they would take a sum of $600 out of her refund.

**ANSWER:**  H&R Block admits that in or around the end of January, 2007, Plaintiff went to an H&R Block office located at 1509 E. 87th Street, Chicago, IL 60619 and discussed income tax return preparation services with H&R Block personnel at that location.  H&R Block further admits that, in the course of those discussions, H&R Block personnel told Plaintiff that available

information reflected the existence of an outstanding loan from HSBC in the amount of $600 in

Plaintiff's name.  H&R Block denies that Plaintiff applied for an Instant Money Advance Loan at

this meeting, and also denies any remaining allegations contained in paragraph 6.

7.    Plaintiff asked why H&R Block would have to take the $600.  Defendant told plaintiff that she had previously taken out a previous loan, either a "H&R Block Emerald Prepaid MasterCard," or an "Instant Money Advance Loan," ("IMAL") or both, for which she was liable in the amount of $600, or more.  On information and belief, based upon a letter sent to plaintiff from H&R Block, the HSBC Instant Money Advance Loan had been taken out two days earlier, on January 28, 2007.

**ANSWER:**  H&R Block admits that H&R Block personnel told Plaintiff that available

information reflected the existence of an outstanding loan from HSBC in the amount of $600 in

Plaintiff's name and admits that Plaintiff denied having applied for or received such loan.  On

information and belief, H&R Block further admits that the loan in question was an HSBC Instant

Money Advance Loan ("IMAL") that had been approved by HSBC on or about January 28, 2007

and that funds from this IMAL were credited to an H&R Block Emerald Prepaid MasterCard.

H&R Block denies any remaining allegations contained in paragraph 7.

8.    Also at that time, H&R Block provided plaintiff with Exhibit 2, a letter stating that her loan had been denied by HSBC.  Plaintiff never received any loan denial letter from HSBC regarding the Instant Money Advance Loan.

**ANSWER:**  H&R Block denies that Plaintiff applied for an Instant Money Advance

Loan at an H&R Block office on January 30, 2007, denies that Plaintiff applied for any loan at an

H&R Block office on that date and denies that it provided Plaintiff with Exhibit 2 as a means to

convey any loan denial decision by HSBC on any such application (there was no such

application).  H&R Block lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 8; therefore, H&R Block denies the same.

9.    Plaintiff had H&R Block do her taxes in 2003.  At that time, she submitted to H&R Block a paystub from an employer.  On information and belief, the imposter who opened the credit in plaintiff's name used plaintiff's paystub with plaintiff's information on it as "proof" of identity.

**ANSWER:**    On information and belief, H&R Block admits that it provided tax preparation services to Plaintiff in 2004 regarding her 2003 tax returns.    H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9; therefore, H&R Block denies the same.

10.    On January 30, 2007, plaintiff insisted that she had not taken out a loan and requested to speak with a manager.

**ANSWER:**  H&R Block admits that Plaintiff denied having applied for or received the loan in question and that it put Plaintiff in contact with management personnel.  H&R Block denies any remaining allegations contained in paragraph 10.

11.    H&R Block was not willing to tell plaintiff what happened, and to this day has not adequately done so.  In fact, even in discovery H&R Block still resists providing plaintiff with information about what happened.

**ANSWER:**  H&R Block denies the allegations contained in paragraph 11.

12.    Plaintiff spoke with the person in charge at that H&R Block location, who told plaintiff that plaintiff had received a loan from H&R Block for $600.00.  The manager further stated that withdrawals had been made on January 24, 2007, January 28, 2007 and January 30, 2007.

**ANSWER:**  H&R Block admits that Plaintiff spoke with a supervisor at the H&R Block office located at 1509 E. 87th Street, Chicago, IL 60619 and that the supervisor told Plaintiff that available information reflected the existence of an outstanding loan from HSBC in the amount of $600 in Plaintiff's name.  On information and belief, H&R Block further admits that funds from the loan in question were credited to an H&R Block Emerald Prepaid MasterCard, from which debits were made on and around January 28 and January 30, 2007.  H&R Block denies any remaining allegations contained in paragraph 12.

13.    Plaintiff asked the person in charge to provide her with the paperwork for the loan but plaintiff was told that [sic] to go to the H&R Block location at 95th near Stoney Island Avenue.

**ANSWER:** H&R Block admits that Plaintiff inquired about the loan in question and that she was directed to H&R Block's district office for the district visited by Plaintiff, which is located at 1733 E. 95th Street, Chicago, IL 60617. H&R Block denies any remaining allegations of paragraph 13.

14. The H&R Block representative at the 95th and Stoney Island Avenue location told plaintiff to go to H&R Block's 95th and Western location.

**ANSWER:** H&R Block admits that personnel in H&R Block's district office told Plaintiff that available information reflected that the application for the loan in question was submitted at the H&R Block office located at 2033 W. 95th Street, Chicago, IL 60643. H&R Block denies any remaining allegations of paragraph 14.

15. On January 31, 2007, plaintiff went to the 95th and Western location, and explained the situation. The manager, Victor, told plaintiff that H&R Block would look into the situation, and get back to her.

**ANSWER:** H&R Block admits that on or around January 31, 2007, Plaintiff spoke with H&R Block management personnel about the loan in question and that management personnel did look into the matter. H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15; therefore, H&R Block denies the same.

16. On January 31, 2007, Plaintiff reported that her identity had been stolen to the Chicago Police.

**ANSWER:** H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16; therefore, H&R Block denies the same.

17. On about January 31, 2007, plaintiff then called the telephone number for the Emerald card and asked that the card be closed. The card was closed.

**ANSWER:** On information and belief, H&R Block admits that the Emerald MasterCard issued in Plaintiff's name in 2007 has been cancelled. H&R Block lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17; therefore, H&R Block denies the same.

18.    On February 2, 2007, plaintiff received a call from Arthur Grant who identified himself as the district manager of H&R Block.

**ANSWER:**  H&R Block admits that Arthur Grant, an H&R Block district manager, called Plaintiff on or about February 2, 2007.  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 18; therefore, H&R Block denies the same.

19.    Mr. Grant informed plaintiff that the $600.00 loan would be forgiven and that her tax return would be prepared free of charge. He also indicated that H&R Block would provide plaintiff with credit security protection for one year.

**ANSWER:**  H&R Block admits that Arthur Grant informed Plaintiff that HSBC had advised H&R Block that Plaintiff would not be held responsible for the loan in question.  H&R Block further admits that, as a customer service to Plaintiff, Arthur Grant offered to provide Plaintiff with Identity Guard Service at no charge for one year and to prepare her 2006 tax return at no charge.  H&R Block further avers that Plaintiff rejected the complimentary Identity Guard Service and tax preparation services offered by H&R Block.  H&R Block denies any remaining allegations in paragraph 19.

20.    Because plaintiff no longer trusted H&R Block with her personal information, plaintiff did her own taxes for 2006 online.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20; therefore, H&R Block denies the same.

21.    On February 23, 2007, plaintiff received from HSBC a statement regarding the IMAL demanding $600.00, and threatening "NEGATIVE IMPACT TO YOUR CREDIT REPORT."

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21; therefore, H&R Block denies the same.

22.     Feeling helpless, plaintiff soon contacted the Illinois Attorney General.   The Attorney General mailed plaintiff a letter requesting that she do a formal complaint on March 8, 2007.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22; therefore, H&R Block denies the same.

23.     On March 16, 2007, plaintiff filed a formal complaint with the Illinois Attorney General's office.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23; therefore, H&R Block denies the same.

24.     On April 17, 2007, the Illinois Attorney General contacted plaintiff and provided her with case number 2007-CONSC-00175804.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24; therefore, H&R Block denies the same.

25.     On May 18, 2007, the Illinois Attorney General's office sent plaintiff a letter stating that it had not received any response from these defendants.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25; therefore, H&R Block denies the same.

26.     On July 27, 2007, HSBC sent plaintiff a letter indicating that it did not hold her responsible for the $600 loan.  Exhibit 3.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26; therefore, H&R Block denies the same.

27.     Exhibit 3 also states that "H&R Block notified [HSBC] of an identity theft claim involving one of [H&R Block's] employees."

**ANSWER:**  H&R Block admits that the document attached as Exhibit 3 contains the quoted language (without the bracketed text).  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 27; therefore, H&R Block denies the same.

28.    HSBC's letter confirmed that an employee or agent of H&R Block applied for and received either an H&R Block Emerald Prepaid MasterCard or Instant Money Advance Loan, or both, in plaintiff's name.

**ANSWER:**  On information and belief, H&R Block denies the allegations of paragraph 28.

29.    Upon information and belief, an employee of H&R Block opened an Instant Money Advance Loan in plaintiff's name.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29; therefore, H&R Block denies the same.

30.    Upon information and belief, an employee of H&R Block opened an H&R Block Emerald Prepaid MasterCard in plaintiff's name.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30; therefore, H&R Block denies the same.

31.    There may be other accounts or lines of credit that have been opened in plaintiff's name through the improper disclosure of plaintiff's personal information that she does not know about.

**ANSWER:**   H&R Block denies that it improperly disclosed Plaintiff's personal information.  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31; therefore, H&R Block denies the same.

32.    H&R Block or HSBC, or both, accessed plaintiff's credit report without authorization.

**ANSWER:**   H&R Block denies that it accessed Plaintiff's credit report and further denies that it accessed Plaintiff's credit report without authorization.   H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32; therefore, H&R Block denies the same.

33.    Plaintiff's son's personal information was also included on the 2003 tax returns that were improperly accessed.

**ANSWER:** H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33; therefore, H&R Block denies the same.

34.    H&R Block retained the services of a private investigator to look into the case. When the investigator learned that the debt had been forgiven, he curtly told plaintiff that she was "no longer the victim."

**ANSWER:** H&R Block denies the allegations of paragraph 34.

35.    According to defendants, each of them, rather than plaintiff, is the victim of the incidents complained of here.

**ANSWER:** H&R Block denies the allegations of paragraph 35.

36.    Plaintiff has been damaged as a result of defendants' actions and omissions. She has expended numerous hours trying to clear her name, has out-of-pocket costs associated with sending disputes [sic] with the credit bureaus to clear her credit report, and her privacy has been invaded.

**ANSWER:** H&R Block denies the allegations of paragraph 36.

## COUNT I – FAIR CREDIT REPORTING ACT

37.    Plaintiff incorporates ¶¶ 1-36. This Count is against both H&B [sic] Block and HSBC.

**ANSWER:** H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above. H&R Block admits that Plaintiff purports to bring Count I of her Complaint against both defendants named in this action, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

38.    Defendants obtained Plaintiff's credit report without authorization.

**ANSWER:** H&R Block denies that it obtained Plaintiff's credit report and further denies that it obtained Plaintiff's credit report without authorization. H&R Block lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38; therefore, H&R Block denies the same.

39.    Defendants obtained Plaintiff's credit report without a permissible purpose.

**ANSWER:**    The allegations contained in paragraph 39 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies that it obtained Plaintiff's credit report and further denies that it obtained Plaintiff's credit report without a permissible purpose.  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39; therefore, H&R Block denies the same.

40.    Defendants certified to the credit agency that they had a permissible purpose to obtain Plaintiff's credit report.

**ANSWER:**    The allegations contained in paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies that it made any certification as alleged.  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40; therefore, H&R Block denies the same.

41.    Defendants should have known that the imposter did not have a permissible purpose to obtain Plaintiff's credit report because the information provided came from an employee of H&R Block, rather than from plaintiff.

**ANSWER:**  H&R Block denies the allegations of paragraph 41.

42.    Defendants violated the FCRA by willfully and/or negligently obtaining credit information regarding plaintiff without her authorization and/or under false pretenses.

**ANSWER:**    The allegations contained in paragraph 42 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 42.

## COUNT II – TRUTH IN LENDING ACT

43.    Plaintiff incorporates ¶¶ 1-36.  This Count is against HSBC and H&R Block.

**ANSWER:**  H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above.  H&R Block admits that Plaintiff purports to bring Count II of her Complaint against both defendants named in this action, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

44.    15 U.S.C § 1642, prohibits issuance of a credit card to a person that has not requested one.

**ANSWER:**  The allegations contained in paragraph 44 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block admits that 15 U.S.C. § 1642 states, "No credit card shall be issued except in response to a request or application therefor.  This prohibition does not apply to the issuance of a credit card in renewal of, or in substitution for, an accepted credit card."  H&R Block denies the remaining allegations of paragraph 44.

45.    HSBC issued a credit card in plaintiff's name that she had not requested.

**ANSWER:**  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45; therefore, H&R Block denies the same.

46.    H&R Block issued a credit card in plaintiff's name that she had not requested.

**ANSWER:**  H&R Block denies the allegations of paragraph 46.

## COUNT III – EQUAL CREDIT OPPORTUNITY ACT

47.    Plaintiff incorporates ¶¶ 1-36.  This Count is against either HSBC, or alternatively against H&R Block.

**ANSWER:** H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above. H&R Block admits that Plaintiff purports to bring Count III of her Complaint against HSBC or, alternatively, against H&R Block, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

48.     The Equal Opportunity Credit Act ("ECOA") requires creditors to send consumers who have been denied for a loan a letter stating, among other things, the reasons for the denial. 15 U.S.C. § 1691(d).

**ANSWER:** The allegations contained in paragraph 48 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations in paragraph 48.

49.     Although plaintiff applied for a loan on January 30, 2007, her application was denied.

**ANSWER:** H&R Block denies that Plaintiff submitted any application for a loan to or through H&R Block on January 30, 2007. H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49; therefore, H&R Block denies the same.

50.     Typically, the creditor would be liable for failing to send such a denial letter. However, in this case it is possible that H&R Block denied the loan without having submitted any application at all. Plaintiff therefore brings this count against both defendants in the alternative.

**ANSWER:** The allegations contained in paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block admits that Plaintiff purports to bring Count III of her Complaint against HSBC or, alternatively, against H&R Block, but denies that H&R Block has engaged in any wrongdoing, denies that Plaintiff is entitled to any relief and denies the remaining allegations of paragraph 50.

## COUNT IV – CONSUMER FRAUD AND DECEPTIVE
## BUSINESS PRACTICES ACT, 815 ILCS 505/1 et. seq.

51.    Plaintiff incorporates ¶¶ 1-50.  This Count is against both HSBC and H&R Block.

**ANSWER:**  H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–50 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above.  H&R Block admits that Plaintiff purports to bring Count IV of her Complaint against both defendants named in this action, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

52.    Defendants, and each of them, engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by

    a.  violating the FRCA;
    b.  violating the ECOA;
    c.  violating the TILA;
    d.  failing to adequately safeguard plaintiff's Personal Identifying Information, including but not necessarily limited to that which is protected in 720 ILCS 5/16G-10;
    e.  failing to have or follow adequate policies, procedures and measures designed to stop persons from allowing an employee or other person to improperly access and/or use plaintiff's Personal Identifying Information for unauthorized purposes;
    f.  participating in the unauthorized transmission of plaintiff's Personal Identifying Information to third party(ies);
    g.  failing to properly, adequately and expediently inform plaintiff of the nature and circumstances surrounding the incident, see e.g. 720 ILCS 5/16G-5 (exhibiting Illinois policy);
    h.  allowing an employee or other person to steal plaintiff's identity and attempting to hold plaintiff liable for the debt after receiving notice that the debt was the result of identity theft.

**ANSWER:**  The allegations contained in paragraph 52 (including the subparagraphs thereto) contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 52 (including the subparagraphs thereto).

53.    Defendants should have known that they were not authorized to obtain plaintiff's credit report.

**ANSWER:**  H&R Block denies the allegations of paragraph 53.

54.    Defendants should have known that the debt was not plaintiff's debt and that attempting to shift the loss of the theft to plaintiff after receiving notice that the debt was the result of identity theft was unfair.

**ANSWER:**  H&R Block denies the allegations of paragraph 54.

55.    Plaintiff was damaged as a proximate result of defendants' illegal actions and omissions.

**ANSWER:**    The allegations contained in paragraph 55 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 55.

56.    Plaintiff's credit score was harmed from the impermissible pull, her privacy was invaded and she spent a considerable amount of time attempting to resolve the situation.

**ANSWER:**    The allegations contained in paragraph 56 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies that it made any "impermissible pull" and denies that it engaged in any wrongdoing.  H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56; therefore, H&R Block denies the same.

57.    For example, plaintiff was irreparably damaged because her Personally Identifying Information has been publically disclosed.  Plaintiff will have to more closely guard her credit for the rest of her life as a direct result of defendant's actions and omissions.  Plaintiff has been damaged because defendant's illegal conduct which has caused, and will in the future cause her to (1) pay money to third parties, including credit monitoring services, (2) suffer anguish in wondering whether her, or her son's credit, has again been improperly accessed; and (3) suffer substantial inconvenience.

**ANSWER:**    The allegations contained in paragraph 57 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies that it engaged in any "illegal conduct" and denies that it engaged in any wrongdoing.  H&R Block

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57; therefore, H&R Block denies the same.

58.     Defendants' actions were willful or intentional and done with evil motive or reckless indifference to the rights of others, including plaintiff.

**ANSWER:**   The allegations contained in paragraph 58 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 58.

59.     The conduct of Defendants resulted in public injury and had an effect on consumers and the public interest generally.  Defendants' falsely obtaining a credit report, invasion of privacy and and [sic] attempting to shift the loss to plaintiff was unfair, deceptive and violated public policy.

**ANSWER:**   The allegations contained in paragraph 59 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 59.

## COUNT V – INVASION OF PRIVACY

60.     Plaintiff incorporates ¶¶ 1-36.  This Count is against both HSBC and H&R Block.

**ANSWER:**   H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above.  H&R Block admits that Plaintiff purports to bring Count V of her Complaint against both defendants named in this action, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

61.     Defendants intruded upon seclusion of plaintiff when they pulled her credit report or otherwise accessed her private information.

**ANSWER:**   The allegations contained in paragraph 61 contain legal conclusions to which no response is required.   To the extent a response is required, H&R Block denies the allegations of paragraph 61.

62.     Defendants actions intruded on the plaintiffs' [sic] seclusion or private affairs in a way that would be highly offensive to a reasonable person.

**ANSWER:**   The allegations contained in paragraph 62 contain legal conclusions to which no response is required.   To the extent a response is required, H&R Block denies the allegations of paragraph 62.

63.     Plaintiff was damaged as a proximate result of defendants' actions.

**ANSWER:**   The allegations contained in paragraph 63 contain legal conclusions to which no response is required.   To the extent a response is required, H&R Block denies the allegations of paragraph 63.

## COUNT VI – BREACH OF FIDUCIARY DUTY

64.     Plaintiff incorporates ¶¶ 1-36.  This Count is against H&R Block.

**ANSWER:**   H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above.  H&R Block admits that Plaintiff purports to bring Count VI of her Complaint against H&R Block, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

65.     H&R Block was in a position of power and trust with respect to plaintiff.

**ANSWER:**   The allegations contained in paragraph 65 contain legal conclusions to which no response is required.   To the extent a response is required, H&R Block denies the allegations of paragraph 65.

66.     Plaintiff entrusted H&R Block with her Personal Identifying Information and documents containing such.

16

**ANSWER:** The allegations contained in paragraph 66 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 66.

67. The sensitive nature of the documents and information that plaintiff entrusted to H&R Block created a heightened duty upon that [sic] H&R Block to safeguard those items from disclosure or improper use. In other words, H&R Block was the trustee of a trust consisting of plaintiff's personal information, which H&R Block was hired to use for plaintiff's benefit.

**ANSWER:** The allegations contained in paragraph 67 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 67.

68. H&R Block therefore and had a fiduciary duty to safeguard the personal and financial information and documents of plaintiff, and to permit their [sic] use only for plaintiff's benefit.

**ANSWER:** The allegations contained in paragraph 68 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 68.

69. H&R Block breached the above described duty to plaintiff.

**ANSWER:** The allegations contained in paragraph 69 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 69.

70. Plaintiff was damaged as a proximate result of defendant's breach.

**ANSWER:** The allegations contained in paragraph 70 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 70.

## COUNT VII - NEGLIGENCE

71. Plaintiff incorporates ¶¶ 1-36. This Count is against H&R Block.

**ANSWER:** H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above. H&R Block admits that Plaintiff purports to bring Count VII of her Complaint against H&R Block, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

72.    Defendant H&R Block had a duty to expediently and completely inform plaintiff of the extent and nature of the incident.

**ANSWER:** The allegations contained in paragraph 72 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 72.

73.    Defendant H&R Block had a duty to safeguard plaintiff's personal information.

**ANSWER:** The allegations contained in paragraph 73 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 73.

74.    Defendant H&R Block breached all of the above duties.

**ANSWER:** The allegations contained in paragraph 74 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 74.

75.    Defendant H&R Block had other duties to plaintiff that it breached.

**ANSWER:** The allegations contained in paragraph 75 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 75.

76.    Plaintiff was damaged as a proximate result of defendant's breaches.

18

**ANSWER:**  The allegations contained in paragraph 76 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 76.

## COUNT VIII - NEGLIGENCE

77.    Plaintiff incorporates ¶¶ 1-36.  This Count is against HSBC.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. To the extent a response to paragraph 77 is required, H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above.  H&R Block admits that Plaintiff purports to bring Count VIII of her Complaint against HSBC.

78.    Defendant HSBC had a duty to expediently and completely inform plaintiff of the extent and nature of the incident.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 78 contain legal conclusions to which no response is required.  To the extent a response to paragraph 78 is required, H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78; therefore, H&R Block denies the same.

79.    It is reasonably foreseeable that credit card applications that HSBC receives may be fraudulent.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 79 contain legal conclusions to which no response

is required.  To the extent a response to paragraph 79 is required, H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79; therefore, H&R Block denies the same.

80.    Illinois has a strong public policy against identity theft and credit card fraud.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 80 contain legal conclusions to which no response is required.  To the extent a response to paragraph 80 is required, H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80; therefore, H&R Block denies the same.

81.    Defendant HSBC had a duty to ensure that the application it received from H&R Block was not fraudulent.  E.g. *Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874, 882 (W.D. Tenn. 2007).

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 81 contain legal conclusions to which no response is required.  To the extent a response to paragraph 81 is required, H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81; therefore, H&R Block denies the same.

82.    Defendant HSBC breached all of the above duties.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 82 contain legal conclusions to which no response is required.  To the extent a response to paragraph 82 is required, H&R Block lacks knowledge

20

or information sufficient to form a belief as to the truth of the allegations of paragraph 82; therefore, H&R Block denies the same.

83.    Defendant HSBC's breach of the duties identified above was done willfully.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 83 contain legal conclusions to which no response is required.  To the extent a response to paragraph 83 is required, H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83; therefore, H&R Block denies the same.

84.    Defendant HSBC had other duties to plaintiff that it breached.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 84 contain legal conclusions to which no response is required.  To the extent a response to paragraph 84 is required, H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84; therefore, H&R Block denies the same.

85.    Plaintiff was damaged as a proximate result of defendant's breaches.

**ANSWER:**  Count VIII, paragraphs 77-85, does not purport to state a cause of action against defendant H&R Block.  Therefore, no responsive pleading by H&R Block is required. Further, the allegations contained in paragraph 85 contain legal conclusions to which no response is required.  To the extent a response to paragraph 85 is required, H&R Block lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85; therefore, H&R Block denies the same.

## COUNT IX – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

86.    Plaintiff incorporates ¶¶ 1-36.  This Count is against both defendants.

**ANSWER:**  H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–36 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above.  H&R Block admits that Plaintiff purports to bring Count IX of her Complaint against both defendants named in this action, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

87.    Both defendants had a duty to provide plaintiff with information sufficient to facilitate her proper handling of the situation that defendants caused, including mitigate possible damages.

**ANSWER:**  The allegations contained in paragraph 87 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 87.

88.    Defendants breached this duty.

**ANSWER:**  The allegations contained in paragraph 88 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 88.

89.    Plaintiff was damaged and suffered extreme anguish and emotional distress as a proximate result of defendants' actions.

**ANSWER:**  The allegations contained in paragraph 87 contain legal conclusions to which no response is required.  To the extent a response is required, H&R Block denies the allegations of paragraph 89.

## COUNT X – WILLFUL AND WANTON CONDUCT

90.    Plaintiff incorporates ¶¶ 1-89.  This Count is against H&R Block.

**ANSWER:** H&R Block incorporates by reference and re-alleges its responses to all preceding paragraphs 1–89 as though fully set forth herein and denies any and all express or implied allegations raised in Plaintiffs' Complaint not specifically admitted above. H&R Block admits that Plaintiff purports to bring Count X of her Complaint against H&R Block, but denies that H&R Block has engaged in any wrongdoing and denies that Plaintiff is entitled to any relief.

91.    Defendant H&R Block's actions and inactions that breached its duties to plaintiff as referenced herein were reckless, willful and outrageous and were performed or omitted at plaintiff's expense, and for H&R Block's gain, such that H&R Block should be punished for such.

**ANSWER:** The allegations contained in paragraph 87 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 91.

92.    Plaintiff was damaged as a proximate result of the actions and omissions.

**ANSWER:** The allegations contained in paragraph 92 contain legal conclusions to which no response is required. To the extent a response is required, H&R Block denies the allegations of paragraph 92.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint, and each purported cause of action stated therein, fails to state facts sufficient to state a cause of action against H&R Block upon which relief may be granted.

### SECOND DEFENSE

Counts IV, V, VI, VII, IX and X are subject to an election of remedies requirement and/or are preempted by federal law, including by the Fair Credit Reporting Act, Equal Credit Opportunity Act and/or Truth In Lending Act.

### THIRD DEFENSE

Illinois law does not provide an independent cause of action for willful and wanton conduct. Count X, thus, is not sustainable.

### FOURTH DEFENSE

H&R Block is not a "creditor" as that term is used in the Equal Credit Opportunity Act and Truth In Lending Act. Accordingly, Plaintiff's attempted claims for creditor liability against H&R Block, including Counts II and III, are not sustainable.

### FIFTH DEFENSE

H&R Block acted in good faith and in conformity with applicable Federal laws, rules, and regulations.

### SIXTH DEFENSE

H&R Block maintains policies and procedures reasonably calculated to avoid the events and injuries alleged by Plaintiff.

### SEVENTH DEFENSE

H&R Block reasonably performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

### EIGHTH DEFENSE

H&R Block is not subject to vicarious liability nor respondeat superior liability for the alleged acts or omissions of the "imposter" pled by Plaintiff. To the extent the alleged imposter may have been employed by H&R Block, the alleged acts and omissions were outside the scope of any such employment.

## NINTH DEFENSE

Any violation (and H&R Block does not concede that any violation occurred), was not intentional and resulted from a bona fide error that occurred despite the maintenance of procedures to avoid the error.

## TENTH DEFENSE

Plaintiff has not sustained any damages.

## ELEVENTH DEFENSE

The damages claimed by Plaintiff, if any, resulted from intervening or superseding causes, and any act or omission on the part of H&R Block was not the proximate cause of such alleged damages.

## TWELFTH DEFENSE

Plaintiff failed to use reasonable care to reduce and minimize, as much as reasonably possible, the damages, if any, brought about by the acts, events and circumstances as alleged, and by such failure to mitigate damages, Plaintiff was the direct and proximate cause of the damages, if any, she sustained.

## THIRTEENTH DEFENSE

To the extent Plaintiff's claims against H&R Block are premised upon conduct by H&R Block in the context of this litigation, such conduct is privileged.

## FOURTEENTH DEFENSE

The claims of Plaintiff may be subject to a contractual arbitration agreement. If so, Plaintiff's claims may not be asserted in this action, and instead may only be asserted in arbitration. H&R Block reserves the right to compel Plaintiff to resolve this dispute through binding arbitration.

### FIFTEENTH DEFENSE

H&R Block is informed and believes, and based thereon alleges, that Plaintiff's claims may be barred by the doctrines of ratification, accord and satisfaction, laches, waiver, and/or estoppel.

### SIXTEENTH DEFENSE

H&R Block is informed and believes, and based thereon alleges, that Plaintiffs' claims may be barred or reduced by others, including Plaintiff's, comparative or contributory negligence and/or fault.

### SEVENTEENTH DEFENSE

The Complaint fails to state a claim upon which punitive damages can be awarded.

### EIGHTEENTH DEFENSE

The imposition of punitive damages in this case would violate H&R Block's substantive and procedural rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, the Excessive Fines Clause, and the cognate provisions of the Illinois Constitution.

### NINETEENTH DEFENSE

H&R Block reserves the right to raise and assert such additional affirmative defenses it may have as may become available through investigation and discovery.


Defendant H&R Block requests judgment in its favor and against the Plaintiff, Tiffany Robinson, on all counts herein and denies that Robinson is entitled to any amount, or any relief whatsoever, including, but not limited to statutory, compensatory, exemplary or punitive

damages against H&R Block, and further requests an award of costs and fees associated with this action and any other further relief this Court deems just and proper.

Respectfully submitted,

**H&R BLOCK ENTERPRISES, INC.**

By:   /s/ Stacey R. Gilman

Stacey R. Gilman
Nick J. Kurt
**BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:     (816) 561-7007
Facsimile:     (816) 561-1888

* Ms. Gilman and Mr. Kurt have been
admitted *pro hac vice*

And

By:   /s/ Keli M. Videtto

Martin B. Carroll
Keli M. Videtto
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 W. Madison Suite 3000
Chicago, IL 60606
(312) 224-1200

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Answer to Complaint was filed and served electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished pursuant to CM/ECF this 28th day of July, 2008, on:

> Keith J. Keogh
> Alexander H. Burke
> Law Offices of Keith J. Keogh, Ltd.
> 227 W. Monroe St., Suite 2000
> Chicago, Illinois 60606
> Telephone:  312-726-1092
> Fax:  312-726-1093
> Attorneys for Plaintiff
>
> Jessica S. Robinson
> Kevin M. Fee, Jr.
> Sidley Austin LLP
> One South Dearborn Street
> Chicago, IL 60603
>
> John Kenneth Van De Weert
> Sidley Austin LLP
> 1501 K Street, N.W.
> Washington, DC 20005

/s/ Keli M. Videtto
Keli M. Videtto