**IN THE CIRCUIT COURT OF COOK, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| Tiffany Robinson,         ) | |
|         ) | |
|     Plaintiff,     ) | Case No. 08 C 185 |
|         ) | |
| v.         ) | |
|         ) | Hon. Ronald A. Guzman |
| H&R Block Enterprises, Inc.   ) | |
| and HSBC Bank USA, N.A.,    ) | |
|         ) | |
|     Defendants.    ) | Jury Demanded |
|         ) | |

**DEFENDANT HSBC'S ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT**

Defendant HSBC Bank USA, N.A. ("HSBC"), by their attorneys, answer plaintiff

Tiffany Robinson's ("plaintiff") Second Amended Complaint in the above-captioned action

("Complaint") as follows:

**INTRODUCTION**

1.      Plaintiff Tiffany Robinson brings this action to secure redress for the
actions of defendants H&R Block, Enterprises Inc. ("H&R Block") and HSBC Bank USA, N.A.
("HSBC"), for violation of the Fair Credit Reporting Act, the Truth in Lending Act, the Equal
Opportunity Credit Act, the Illinois Consumer Fraud Act and common law invasion of privacy,
negligence and willful and wanton conduct.

**ANSWER**:      HSBC admits that plaintiff purports to seek the relief described in

paragraph 1, but denies any wrongdoing and denies that plaintiff is entitled to any redress.

HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 1; therefore, HSBC denies the same.

**PARTIES**

2.      Plaintiff Tiffany Robinson is an individual who resides in this District.

**ANSWER**:      HSBC lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 2; therefore, HSBC denies the same.

3.      Defendant H&R Block is a tax preparation company that has offices in this District.  Its Privacy Policy Statement for Tax Services, (Exhibit I ), touts that "keeping client information confidential is nothing new to H&R Block.  We have always known that privacy is important to you, and we are committed to safeguarding your personal information."

**ANSWER**:      HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3; therefore, HSBC denies the same.

4.      HSBC is a California corporation with its principal place of business at 475 Anton Blvd, Costa Mesa CA 92626. It does business in this District.

**ANSWER**:      HSBC denies the allegations of paragraph 4.

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction.  Venue lies in this district because a substantial portion of the events took place here. 28 U .S.C. § 1391.

**ANSWER**:      HSBC admits that this Court has federal question subject matter jurisdiction.  On information and belief, HSBC admits that venue is proper because a substantial part of the alleged events at issue in this lawsuit took place within the District.

## FACTS

6.      On or about January 30, 2007, plaintiff went to H&R Block at 87th and Stony Island in Chicago to have her income tax return prepared, and to apply for an Instant Money Advance Loan.  At that time, H&R Block told plaintiff that they would do her taxes, but that they would take a sum of $600 out of her refund.

**ANSWER**:      HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6; therefore, HSBC denies the same.

7.      Plaintiff asked why H&R Block would have to take the $600.  Defendant told plaintiff that she had previously taken out a previous loan, either a "H&R Block Emerald Prepaid MasterCard," or an "Instant Money Advance Loan," ("IMAL") or both, for which she was liable in the amount of $600, or more.  On information and belief, based upon a letter sent to plaintiff from H&R Block, the HSBC Instant Money Advance Loan had been taken out two days earlier, on January 28, 2007.

**ANSWER**:      HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7; therefore, HSBC denies the same.

2

8.      Also at that time, H&R Block provided plaintiff with Exhibit 2, a letter stating that her loan had been denied by HSBC.  Plaintiff never received any loan denial letter from HSBC regarding the Instant Money Advance Loan.

**ANSWER**:     HSBC lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 8; therefore, HSBC denies the same.

9.      Plaintiff had H&R Block do her taxes in 2003.  At that time, she submitted to H&R Block a pay stub from an employer.  On information and belief, the imposter who opened the credit in plaintiff s name used plaintiffs pay stub with plaintiffs information on it as "proof" of identity.

**ANSWER**:     HSBC lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 9; therefore, HSBC denies the same.

10.      On January 30, 2007, plaintiff insisted that she had not taken out a loan and requested to speak with a manager.

**ANSWER**:     HSBC lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 10; therefore, HSBC denies the same.

11.      H&R Block was not willing to tell plaintiff what happened, and to this day has not adequately done so.  In fact, even in discovery H&R Block still resists providing plaintiff with information about what happened.

**ANSWER**:     HSBC lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 11; therefore, HSBC denies the same.

12.      Plaintiff spoke with the person in charge at that H&R Block location, who told plaintiff that plaintiff had received a loan from H&R Block for $600.00.  The manager further stated that withdrawals had been made on January 24, 2007, January 28, 2007 and January 30, 2007.

**ANSWER**:     HSBC lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 12; therefore, HSBC denies the same.

13.      Plaintiff asked the person in charge to provide her with the paperwork for the loan but plaintiff was told that to go to the H&R Block location at 95th near Stony Island Avenue.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13; therefore, HSBC denies the same.

14.    The H&R Block representative at the 95th and Stony Island Avenue location told plaintiff to go to H&R Block's 95th and Western location.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14; therefore, HSBC denies the same.

15.    On January 31, 2007, plaintiff went to the 95th and Western location, and explained the situation.  The manager, Victor, told plaintiff that H&R Block would look into the situation, and get back to her.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15; therefore, HSBC denies the same.

16.    On January 31, 2007, Plaintiff reported that her identity had been stolen to the Chicago Police.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16; therefore, HSBC denies the same.

17.    On about January 31, 2007, Plaintiff then called the telephone number for the Emerald card and asked that the card be closed.  The card was closed.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17; therefore, HSBC denies the same.

18.    On February 2, 2007, plaintiff received a call from Arthur Grant who identified himself as the district manager of H&R Block.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18; therefore, HSBC denies the same.

19.    Mr. Grant informed plaintiff that the $600.00 loan would be forgiven and that her tax return would be prepared free of charge.  He also indicated that H&R Block would provide plaintiff with credit security protection for one year.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19; therefore, HSBC denies the same.

20.    Because plaintiff no longer trusted H&R Block with her personal information, plaintiff did her own taxes for 2006 online.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20; therefore, HSBC denies the same.

21.    On February 23, 2007, plaintiff received from HSBC a statement regarding the IMAL demanding $600.00, and threatening "NEGATIVE IMPACT TO YOUR CREDIT REPORT."

**ANSWER**:    HSBC admits that it sent a letter to Tiffany C. Robinson dated February 23, 2007, and that the letter contained the following sentence: "It is very important that you pay the balance promptly to avoid delinquent charges and a possible negative impact to your credit profile."  HSBC denies any remaining allegations contained in paragraph 21.

22.    Feeling helpless, plaintiff soon contacted the Illinois Attorney General. The Attorney General mailed plaintiff a letter requesting that she do a formal complaint on March 8, 2007.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22; therefore, HSBC denies the same.

23.    On March 16, 2007, plaintiff filed a formal complaint with the Illinois Attorney General's office.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23; therefore, HSBC denies the same.

24.    On April 17, 2007, the Illinois Attorney General contacted plaintiff and provided her with case number 2007-CONSC-00175804.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24; therefore, HSBC denies the same.

25.    On May 18, 2007, the Illinois Attorney General's office sent plaintiff a letter stating that it had not received any response from these defendants.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25; therefore, HSBC denies the same.

26.    On July 27, 2007, HSBC sent plaintiff a letter indicating that it did not hold her responsible for the $600 loan.  Exhibit 3.

**ANSWER**:    HSBC admits that it sent Tiffany C. Robinson the letter attached as Exhibit 3 to the Second Amended Complaint on July 27, 2007, and further states that the document speaks for itself.

27.    Exhibit 3 also states that "H&R Block notified [HSBC] of an identity theft claim involving one of [H&R Block's] employees."

**ANSWER**:    HSBC admits that the document attached as Exhibit 3 to the Second Amended Complaint contains the quoted language, without the bracketed text.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27; therefore, HSBC denies the same.

28.    HSBC's letter confirmed that an employee or agent of H&R Block applied for and received either an H&R Block Emerald Prepaid MasterCard or Instant Money Advance Loan, or both, in plaintiff s name.

**ANSWER**:    HSBC denies the allegations in paragraph 28.

29.    Upon information and belief, an employee of H&R Block opened an Instant Money Advance Loan in plaintiffs name.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29; therefore, HSBC denies the same.

30.    Upon information and belief, an employee of H&R Block opened an H&R Block Emerald Prepaid MasterCard in plaintiffs name.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30; therefore, HSBC denies the same.

31.    There may be other accounts or lines of credit that have been opened in plaintiffs name through the improper disclosure of plaintiff's personal information that she does not know about.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31; therefore, HSBC denies the same.

32.    H&R Block or HSBC, or both, accessed plaintiffs credit report without authorization.

**ANSWER**:    HSBC denies the allegation of paragraph 32 as it relates to HSBC. HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32; therefore, HSBC denies the same.

33.    Plaintiffs son's personal information was also included on the 2003 tax returns that were improperly accessed.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33; therefore, HSBC denies the same.

34.    H&R Block retained the services of a private investigator to look into the case.  When the investigator learned that the debt had been forgiven, he curtly told plaintiff that she was "no longer the victim."

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34; therefore, HSBC denies the same.

35.    According to defendants, each of them, rather than plaintiff, is the victim of the incidents complained of here.

**ANSWER**:    HSBC denies the allegations of paragraph 35 insofar as they relate to HSBC.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35; therefore, HSBC denies the same.

36.    Plaintiff has been damaged as a result of defendants' actions and omissions.  She has expended numerous hours trying to clear her name, has out-of-pocket costs associated with sending disputes with the credit bureaus to clear her credit report, and her privacy has been invaded.

**ANSWER**:    HSBC denies that plaintiff has been damaged by HSBC's actions.

HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 36; therefore, HSBC denies the same.

### COUNT I - FAIR CREDIT REPORTING - UNAUTHORIZED PULL AND UNAUTHORIZED USE OF CREDIT INFORMATION

37.    Plaintiff incorporates ¶¶ 1-36.  This Count is against both H&R Block and HSBC.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein,

all of its answers to the previous paragraphs of the Second Amended Complaint.  HSBC admits

that plaintiff purports to bring Count I of her Second Amended Complaint against both

defendants named in this action, but denies that HSBC has engaged in any wrongdoing and

denies that plaintiff is entitled to any relief.

38.    Defendants obtained Plaintiff's credit report without authorization.

**ANSWER**:    HSBC denies the allegations in paragraph 38.

39.    Defendants obtained Plaintiffs credit report without a permissible purpose.

**ANSWER**:    HSBC denies the allegations in paragraph 39.

40.    Defendants certified to the credit agency that they had a permissible purpose to obtain Plaintiffs credit report.

**ANSWER**:    The allegation in this paragraph requests a legal conclusion, is

vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

41.    Defendants should have known that the imposter did not have a permissible purpose to obtain Plaintiff's credit report because the information provided came from an employee of H&R Block, rather than from plaintiff.

**ANSWER**:    HSBC denies the allegations in paragraph 41.

42.    Defendants violated the FCRA by willfully and/or negligently obtaining credit information regarding plaintiff without her authorization and/or under false pretenses.

**ANSWER**:    HSBC denies the allegations in paragraph 42.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against defendants for:

        a.    Statutory damages

        b.    Actual damages;

        c.    Punitive damages;

        d.    Attorney's fees and costs of suit;

        e.    Such other or further relief as the Court deems just and proper.

**ANSWER**:  HSBC denies that plaintiff is entitled to any of the relief she requests.

**COUNT II - TRUTH IN LENDING ACT**
**UNAUTHORIZED ISSUANCE OF CREDIT CARD - HSBC AND H&R BLOCK**

43.    Plaintiff incorporates ¶¶ 1-36. This Count is against HSBC and H&R Block.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  HSBC admits that plaintiff purports to bring Count II of her Second Amended Complaint against both defendants named in this action, but denies that HSBC has engaged in any wrongdoing and denies that plaintiff is entitled to any relief.

44.    15 U.S.C § 1642, prohibits issuance of a credit card to a person that has not requested one.

**ANSWER**:    HSBC admits that 15 U.S.C. § 1642 states, "No credit card shall be issued except in response to a request or application therefor [sic]. This prohibition does not apply to the issuance of a credit card in renewal of, or in substitution for, an accepted credit card."  HSBC denies the remaining allegations in paragraph 44.

45.    HSBC issued a credit card in plaintiff s name that she had not requested.

**ANSWER**:    HSBC denies the allegations in paragraph 38.

46.    H&R Block issued a credit card in plaintiff's name that she had not requested.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46; therefore, HSBC denies the same.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against defendant for:

a.    Actual damages;

b.    Punitive damages;

c.    An injunction against future sales without the required disclosures;

d.    Attorney's fees and costs of suit;

e.    Such other or further relief as the Court deems just and proper.

**ANSWER**:    HSBC denies that plaintiff is entitled to any of the relief she requests.

## COUNT III- EQUAL OPPORTUNITY CREDIT ACT

47.    Plaintiff incorporates ¶¶ 1-36. This Count is against either HSBC, or alternatively against H&R Block.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  HSBC admits

that plaintiff purports to bring Count III of her Second Amended Complaint in the alternative

against both defendants named in this action, but denies that HSBC has engaged in any

wrongdoing and denies that plaintiff is entitled to any relief.

48.    The Equal Opportunity Credit Act ("ECOA") requires creditors to send consumers who have been denied for a loan a letter stating, among other things, the reasons for the denial.  15 U.S.C. § 1691(d).

**ANSWER**:    HSBC denies the allegations in paragraph 48.

49.    Although plaintiff applied for a loan on January 30, 2007, her application was denied.

**ANSWER**:    HSBC lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 49; therefore, HSBC denies the same.

50.    Typically, the creditor would be liable for failing to send such a denial letter.  However, in this case it is possible that H&R Block denied the loan without having submitted any application at all.  Plaintiff therefore brings this count against both defendants in the alternative.

**ANSWER**:    HSBC denies the allegations in the first sentence of paragraph 50.

HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in the second sentence of paragraph 50; therefore, HSBC denies the same.  HSBC admits that

plaintiff purports to bring Count III in the alternative as stated in the third sentence of paragraph

50, but denies that HSBC has engaged in any wrongdoing and denies that plaintiff is entitled to

any relief.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and against defendant(s) for:

a.    Actual damages;

b.    Statutory damages;

c.    Attorney's fees and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

**ANSWER**:    HSBC denies that plaintiff is entitled to any of the relief she

requests.

### COUNT IV- VIOLATIONS OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT. 815 ILCS 505

51.    Plaintiff incorporates ¶¶ 1-50. This Count is against both HSBC and H&R

Block.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein,

all of its answers to the previous paragraphs of the Second Amended Complaint.  HSBC admits

that plaintiff purports to bring Count IV of her Second Amended Complaint against both

defendants named in this action, but denies that HSBC has engaged in any wrongdoing and

denies that plaintiff is entitled to any relief.

52.    Defendants, and each of them, engaged in unfair and deceptive acts and

practices, in violation of ICFA § 2, 815 ILCS 505/2, by:

a.    violating the FRCA;

b.    violating the ECOA;

c.    violating the TILA;

d.    failing to adequately safeguard plaintiffs Personal Identifying

Information, including but not necessarily limited to that which is protected in 720 ILCS 5/160-

10;

e.    failing to have or follow adequate policies, procedures and

measures designed to stop persons from allowing an employee or other person to improperly

access and/or use plaintiffs Personal Identifying Information for unauthorized purposes,

f.    participating in the unauthorized transmission of plaintiffs Personal

Identifying Information to third party(ies);

g.      failing to properly, adequately and expediently inform plaintiff of

the nature and circumstances surrounding the incident, see e.g. 720 ILCS 5/160-5 (exhibiting

Illinois policy);

h.      allowing an employee or other person to steal plaintiffs identity

and attempting to hold plaintiff liable for the debt after receiving notice that the debt was the

result of identity theft.

> **ANSWER**:      HSBC denies the allegations in paragraph 52.

53.     Defendants should have known that they were not authorized to obtain
plaintiff's credit report.

> **ANSWER**:      HSBC denies the allegations in paragraph 53.

54.     Defendants should have known that the debt was not plaintiffs debt and
that attempting to shift the loss of the theft to plaintiff after receiving notice that the debt was the
result of identity theft was unfair.

> **ANSWER**:      HSBC denies the allegations in paragraph 54.

55.     Plaintiff was damaged as a proximate result of defendants' illegal actions
and omissions.

> **ANSWER**:      HSBC denies the allegations in paragraph 55.

56.     Plaintiffs credit score was harmed from the impermissible pull, her
privacy was invaded and she spent a considerable amount of time attempting to resolve the
situation.

> **ANSWER**:      HSBC denies that plaintiff sustained any damages.  HSBC lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 56; therefore, HSBC denies the same.

57.     For example, plaintiff was irreparably damaged because her Personally
Identifying Information has been publicly disclosed. Plaintiff will have to more closely guard her
credit for the rest of her life as a direct result of defendant's actions and omissions. Plaintiff has
been damaged because defendant's illegal conduct which has caused, and will in the future
cause, her to (1) pay money to third parties, including credit monitoring services, (2) suffer

anguish in wondering whether her, or her son's credit, has again been improperly accessed; and (3) suffer substantial inconvenience.

**ANSWER**:    HSBC denies that plaintiff sustained any damages.  HSBC lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 57; therefore, HSBC denies the same.

58.    Defendants' actions were willful or intentional and done with evil motive or reckless indifference to the rights of others, including plaintiff.

**ANSWER**:    HSBC denies the allegations in paragraph 58.

59.    The conduct of Defendants resulted in public injury and had an effect on consumers and the public interest generally.  Defendants' falsely obtaining a credit report, invasion of privacy and attempting to shift the loss to plaintiff was unfair, deceptive and violated public policy.

**ANSWER**:    HSBC denies the allegations in paragraph 55.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and

against Defendants and award damages as follows:

a.    Actual damages in an amount to be proven at trial;

b.    Punitive damages,

c.    A declaration that this conduct violates the Illinois Consumer

Fraud;

d.    Reasonable attorney's fees and costs of suit; and

e.    Any such other relief this Court deems appropriate.

**ANSWER**:    HSBC denies that plaintiff is entitled to any of the relief she

requests.

## COUNT V - INVASION OF PRIVACY

60.     Plaintiff incorporates ¶¶ 1-36. This Count is against both HSBC and H&R Block.

**ANSWER**:     HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  HSBC admits that plaintiff purports to bring Count V of her Second Amended Complaint against both defendants named in this lawsuit, but denies that HSBC has engaged in any wrongdoing and denies that plaintiff is entitled to any relief.

61.     Defendants intruded upon seclusion of plaintiff when they pulled her credit report or otherwise accessed her private information.

**ANSWER**:     HSBC denies the allegations of paragraph 61.

62.     Defendants actions intruded on the plaintiffs' seclusion or private affairs in a way that would be highly offensive to a reasonable person.

**ANSWER**:     HSBC denies the allegations in paragraph 62.

63.     Plaintiff was damaged as a proximate result of defendants' actions.

**ANSWER**:     HSBC denies the allegations in paragraph 63.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and against defendants and award damages as follows:

    a.     Actual damages in an amount to be proven at trial;

    b.     Punitive damages in an amount sufficient to deter defendants and other similarly-situated from engaging in similar conduct in the future;

    c.     Any such other relief the court deems appropriate.

**ANSWER**:     HSBC denies that plaintiff is entitled to any of the relief she requests.

## COUNT VI - BREACH OF FIDUCIARY DUTY

64.    Plaintiff incorporates ¶¶ 1-36. This Count is against H&R Block.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  As Count VI of plaintiff's Second Amended Complaint is not directed at HSBC, no further response is required.

65.    H&R Block was in a position of power and trust with respect to plaintiff.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

66.    Plaintiff entrusted H&R Block with her Personal Identifying Information and documents containing such.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

67.    The sensitive nature of the documents and information that plaintiff entrusted to H&R Block created a heightened duty upon that H&R Block to safeguard those items from disclosure or improper use. In other words, H&R Block was the trustee of a trust consisting of plaintiffs personal information, which H&R Block was hired to use for plaintiffs benefit.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

68.    H&R Block therefore and had a fiduciary duty to safeguard the personal and financial information and documents of plaintiff, and to permit their use only for plaintiffs benefit.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

69.    H&R Block breached the above described duty to plaintiff.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

70.    Plaintiff was damaged as a proximate result of defendant's breach.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and against H&R Block and award damages as follows:

a.    Actual damages in an amount to be proven at trial;

b.    Punitive damages in an amount sufficient to deter defendant and others similarly-situated from engaging in similar conduct in the future;

c.    Any such other relief the court deems appropriate.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

## COUNT VII - NEGLIGENCE

71.    Plaintiff incorporates ¶¶ 1-36. This Count is against H&R Block.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  As Count VI of plaintiff's Second Amended Complaint is not directed at HSBC, no further response is required.

72.    Defendant H&R Block had a duty to expediently and completely inform plaintiff of the extent and nature of the incident.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

73.    Defendant H&R Block had a duty to safeguard plaintiffs personal information.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

74.    Defendant H&R Block breached all of the above duties.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

75.    Defendant H&R Block had other duties to plaintiff that it breached.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

76.    Plaintiff was damaged as a proximate result of defendant's breaches.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and against H&R Block and award damages as follows:

a.    Actual damages in an amount to be proven at trial;

b.    Punitive damages in an amount sufficient to deter defendant and other similarly-situated from engaging in similar conduct in the future;

c.    Any such other relief the court deems appropriate.

**ANSWER**:    No response required.  To the extent any response is required, HSBC denies the allegations of this paragraph.

## COUNT VIII - NEGLIGENCE

77.    Plaintiff incorporates ¶¶ 1-36. This Count is against HSBC.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  HSBC admits that plaintiff purports to bring Count VIII of her Second Amended Complaint against HSBC, but denies that HSBC has engaged in any wrongdoing and denies that plaintiff is entitled to any relief.

78.    Defendant HSBC had a duty to expediently and completely inform plaintiff of the extent and nature of the incident.

**ANSWER**:    The allegation in this paragraph requests a legal conclusion, is vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

79.    It is reasonably foreseeable that credit card applications that HSBC receives may be fraudulent.

**ANSWER**:    The allegation in this paragraph requests a legal conclusion, is vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

80.    Illinois has a strong public policy against identity theft and credit card fraud.

**ANSWER**:    The allegation in this paragraph requests a legal conclusion, is vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

81.    Defendant HSBC had a duty to ensure that the application it received from H&R Block was not fraudulent. *E.g. Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874, 882 (W.D. Tenn. 2007).

**ANSWER**:    The allegation in this paragraph requests a legal conclusion, is vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

82.    Defendant HSBC breached all of the above duties.

**ANSWER**:    HSBC denies the allegations of paragraph 82.

83.    Defendant HSBC' s breach of the duties identified above was done willfully.

**ANSWER**:     HSBC denies the allegations of paragraph 83.

84.     Defendant HSBC had other duties to plaintiff that it breached.

**ANSWER**:     HSBC denies the allegations of paragraph 84.

85.     Plaintiff was damaged as a proximate result of defendant's breaches.

**ANSWER**:     HSBC denies the allegations of paragraph 85.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and against HSBC and award damages as follows:

   a.     Actual damages in an amount to be proven at trial;

   b.     Punitive damages in an amount sufficient to deter defendant and other similarly-situated from engaging in similar conduct in the future;

   c.     Any such other relief the court deems appropriate.

**ANSWER**:     HSBC denies that plaintiff is entitled to any of the relief she seeks.

## COUNT IX - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

86.     Plaintiff incorporates ¶¶ 1-36. This Count is against both defendants.

**ANSWER**:     HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  HSBC admits that plaintiff purports to bring Count IX of her Second Amended Complaint against both defendants named in this lawsuit, but denies that HSBC has engaged in any wrongdoing and denies that plaintiff is entitled to any relief.

87.     Both defendants had a duty to provide plaintiff with information sufficient to facilitate her proper handling of the situation that defendants caused, including mitigate possible damages.

**ANSWER**:    The allegation in this paragraph requests a legal conclusion, is vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

88.    Defendants breached this duty.

**ANSWER**:    HSBC denies that it breached any duties to plaintiff.  The remaining allegations in this paragraph requests a legal conclusion, is vague and ambiguous and cannot be answered as phrased and, therefore, it is denied.

89.    Plaintiff was damaged and suffered extreme anguish and emotional distress as a proximate result of defendants' actions.

**ANSWER**:    HSBC denies the allegations of paragraph 89.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and against defendants and award damages as follows:

a.    Actual damages in an amount to be proven at trial;

b.    Punitive damages in an amount sufficient to deter defendant and other similarly-situated from engaging in similar conduct in the future;

c.    Any such other relief the court deems appropriate.

**ANSWER**:    HSBC denies that plaintiff is entitled to any of the relief she requests.

## COUNT X -WILLFUL AND WANTON CONDUCT

90.    Plaintiff incorporates ¶¶ 1-89. This Count is against H&R Block.

**ANSWER**:    HSBC incorporates by reference, as though fully set forth herein, all of its answers to the previous paragraphs of the Second Amended Complaint.  As Count VI of plaintiff's Second Amended Complaint is not directed at HSBC, no further response is required.

91.    Defendant H&R Block's actions and inactions that breached its duties to plaintiff as referenced herein were reckless, willful and outrageous and were performed or o omitted at plaintiff s expense, and for H&R Block's gain, such that H&R Block should be punished for such.

**ANSWER**:    No response required.  To the extent any response is required,

HSBC denies the allegations of this paragraph.

92.    Plaintiff was damaged as a proximate result of the actions and omissions.

**ANSWER**:    No response required.  To the extent any response is required,

HSBC denies the allegations of this paragraph.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and

against H&R Block and award damages as follows:

a.    Actual damages in an amount to be proven at trial;

b.    Punitive damages in an amount sufficient to deter defendant and

other similarly-situated from engaging in similar conduct in the future;

c.    Any such other relief the court deems appropriate.

**ANSWER**:    No response required.  To the extent any response is required,

HSBC denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counts IV, V, VIII and IX are subject to an election of remedies requirement, and/or are preempted by Federal statute, including the Fair Credit Reporting Act, Equal Credit Opportunity Act, and/or the Truth in Lending Act.

### SECOND AFFIRMATIVE DEFENSE

HSBC acted in good faith and in conformity with applicable Federal laws, rules, and regulations governing creditors.

### THIRD AFFIRMATIVE DEFENSE

HSBC acted timely, before this action was filed, and before receiving written notification from plaintiff, to code the account at issue as fraud, cease collections on the account, notify the credit bureaus to remove the debt from plaintiff's profile, and notify the Internal Revenue Service, and to take all other appropriate actions.

### FOURTH AFFIRMATIVE DEFENSE

HSBC adheres to procedures reasonably calculated to avoid identity theft. Any issuance of a credit or debit card by HSBC to an individual using a false or stolen name or identity or request for a credit report based on a fraudulent credit application was not intentional and resulted from a bona fide error not withstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FIFTH AFFIRMATIVE DEFENSE

The damages claimed by plaintiff, if any, resulted from intervening or superseding causes, and any act or omission on the part of HSBC was not the proximate cause of such alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of plaintiff may be subject to a contractual arbitration agreement. If so, plaintiff's claims may not be asserted in this action, and instead may only be asserted in arbitration. HSBC reserves the right to compel plaintiff to resolve this dispute through binding arbitration.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrines of laches, waiver, or estoppel.

## NINTH AFFIRMATIVE DEFENSE

HSBC is not liable for the alleged acts or omissions of the "imposter" pled by plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or reduced by others, including plaintiff's comparative or contributory negligence and/or fault.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which punitive damages can be awarded.

## TWELFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate HSBC's substantive and procedural rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, the Excessive Fines Clause, and the cognate provisions of the Illinois Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

HSBC reserves the right to raise and assert such additional affirmative defenses it may have as may become available through investigation and discovery.

WHEREFORE, Defendant HSBC BANK USA, N.A. respectfully requests this Court to dismiss the Second Amended Complaint with prejudice, enter a judgment in favor of HSBC, and award HSBC costs, expenses, attorneys' fees, and grant it such further relief this Court deems just and proper.

Dated:  July 28, 2008                    HSBC BANK USA, N.A.


                                         By:    /s/ Kevin M. Fee, Jr.
                                             One of their attorneys


John K. Van De Weert, Jr.
Kevin M. Fee, Jr.
Jessica S. Nolan
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin M. Fee, Jr., an attorney, hereby certify that on July 28, 2008, I caused the foregoing Defendant HSBC's Answer to plaintiff's Second Amended Complaint to be served upon all counsel of record via ECF Notice of Filing.

 /s/ Kevin M. Fee, Jr.

CH1 4351707v.1