IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tiffany Robinson, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 185 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| H&R Block Enterprises, inc., and | ) | |
| HSBC Bank USA, NA., | ) | Magistrate Ashman |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION TO EXTEND DISCOVERY CUT-OFF**

All parties to this case respectfully and jointly request that this Court extend the discovery cutoff from September 11, 2008 to November 20, 2008 (date proposed by Plaintiff) or, in the alternative, to October 30, 2008. (Date proposed by Defendants).

In support of this motion, the parties jointly state:

1. This case arises out of Plaintiff's allegations that her identity was stolen and used to obtain a loan and prepaid Emerald MasterCard from Defendants in Plaintiff's name. Defendants have denied wrongdoing, and the parties are actively engaged in exchanging discovery. The current discovery cutoff is September 11, 2008.

2. The parties have been diligent in pursuing discovery within the limits set by this Court. The parties served their Fed.R.Civ.P. 26(a)(1) disclosures on May 30, 2008. Plaintiff issued written discovery, including interrogatories, document requests and requests for admission, on May 14, 2008, to which Defendants have responded. Defendants issued written discovery to plaintiff on July 30, 2008, including interrogatories, document requests and requests for admission, the responses to which are due on September 2, 2008. On July 30, 2008, Plaintiff and Defendants served notices for numerous depositions, including of Plaintiff, percipient witnesses and corporate

designee witnesses of Defendants, to happen prior to the present discovery cutoff. The parties anticipate that certain objections to the deposition notices may need to be resolved in order for the depositions to be concluded. Third party discovery also is underway.

3. In their responses to Plaintiff's written discovery requests, Defendants requested a protective order as a prerequisite to producing certain requested discovery. The parties have been negotiating the verbiage of such protective order. These negotiations have been on-going since June and have been time-consuming, but ultimately have proved successful: The parties have worked through numerous issues and have reached an accord as to appropriate language for the protective order. An agreed motion for entry of said order is being concurrently filed with this motion.

4. Further, plaintiff attorney Alexander Burke, who has been primarily responsible for litigating this case, will be filing a motion to withdraw as attorney in this case because he is leaving the firm.

5. The parties also have been discussing the possibility of convening a settlement conference in the case, and, as of this week, have reached an agreement to request a referral to Magistrate Ashman for that purpose. The parties believe that the potential to reach a successful resolution through this process would be maximized if the conference could be scheduled to occur prior to the depositions noticed in this case. Accordingly, the parties had hoped to reserve a date with Magistrate Ashman on or prior to the current discovery cutoff. However, upon inquiry to Magistrate Ashman's clerk, the parties learned that he is not available to preside over a settlement conference in this case until after the presently-scheduled close of discovery.

6. In light of the foregoing, therefore, the parties seek an extension of the discovery cutoff in order to allow time to ensure that, before the parties engage in depositions, (1)

the agreed protective order can be entered and attendant discovery exchanged; and (2) the parties can participate in a settlement conference. The parties submit that the likelihood that the settlement conference will be successful and, if no resolution can be reached through the settlement conference process, the utility of the depositions, would be maximized by the brief requested discovery extension  The parties further submit that efficiencies in the case would be served by the extension requested.

7. The parties have alternative proposals for the length of the discovery extension necessary to complete all depositions in the case. Defendants believe an extension of time to October 31, 2008 would be sufficient. Plaintiff proposes an extension to November 20, 2008.

8. This is the first discovery extension requested in this case, and all parties believe it is necessary and appropriate. The parties file this motion in good faith, and not for purposes of delay.

WHEREFORE, all parties in this case respectfully and jointly request that this Court extend the discovery cutoff from September 11, 2008 to November 20, 2008, or, in the alternative, to October 30, 2008.

Respectfully submitted,

*signature*

Keith J. Keogh
Alexander H. Burke
*Counsel for Plaintiff*
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)
Firm no. 39042

*signature*

Stacey R. Gilman
Nick J. Kurt
*Counsel for H&R Block Enterprises, Inc.*
Berkowitz Oliver Williams Shaw &
   Eisenbrandt, LLP.
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
816.561.1888 (fax)

Martin B. Carroll
Keli M. Videtto
Fox, Hefter, Swibel, Levin & Carroll, LLP.
321 North Clark Street, Suite 3300
Chicago, Illinois   60610
312.224.1202 (fax)

*signature*

Kevin M. Fee
*Counsel for HSBC Bank USA, NA*
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois   60603
312.853.7036 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2008, I caused a true and correct copy of the foregoing to be filed with the ECF System for the Northern District of Illinois.

*signature*

Alexander H. Burke