UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY ROBINSON,<br><br>            Plaintiff,<br><br>v.<br><br>H&R BLOCK ENTERPRISES, INC. and<br>HSBC BANK USA, NA,<br><br>            Defendants. | Case No. 08 C 185<br><br>Hon. Judge Guzman<br>Hon. Magistrate Judge Ashman |

## STIPULATED PROTECTIVE ORDER

To protect material entitled to be kept confidential the parties hereby Stipulate and Agree as follows:

1. This Protective Order shall govern all information and documents produced by the parties or any third party that agrees to submit to the jurisdiction of this Court for purposes of discovery in this case and designated by the producing party as confidential and subject to this Order. Nothing in this Order is to be construed to expand the scope of materials that could be properly designated confidential under Fed. R. Civ. P. 26(c). The parties shall designate material as confidential and subject to this Order by placing the following marking on the document in a manner which will not interfere with its legibility:

**CONFIDENTIAL**

Documents so designated are referred to herein as "Confidential Documents."

2. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receipt of the deposition transcript, notify the parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order; pending said designation, the

{00285860.DOC;-1}

deposition shall be treated as Confidential during this ten (10) day period. To the extent Confidential Documents or other information previously designated in the case as Confidential are identified as exhibits or otherwise used/discussed in a deposition, such previously-designated materials and any discussion thereof that discloses the substance of such materials, shall automatically be designated as Confidential and shall be subject to the full protections of this Order without need for any further designation.

3. Belated Designation: Nothing contained herein shall preclude the producing party or a third party from later making such designation and notifying the requesting party in writing of that designation, which designation shall be deemed effective as of the date of the written notification; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by the requesting party or its counsel with respect to such information and consistent with any non-designation of such information prior to receipt of such notice.

4. Information from documents (a) marked **CONFIDENTIAL** in the manner described in Paragraph 1; (b) contained in deposition transcripts designated confidential as described in Paragraph 2; or (c) designated confidential in accord with Paragraph 3, shall be treated as designated "Confidential Information." A party or person may designate only a portion of a document, discovery response or deposition transcript as confidential within the meaning of this order.

5. If a party wishes to attach a Confidential Document to or use any Confidential Information in any affidavit, brief, memorandum of law, oral argument, or other paper filed in this Court in this litigation, the party must use its best efforts to file the document under seal following the applicable rules, including the procedures set out in Local Rule 5.8.

6. No Confidential Document or any document containing Confidential Information filed with this Court under seal may be released except upon Court Order or upon the written authorization of the party(s) with whom said document(s) or information originated.

7. Except as otherwise directed by this Court, the Confidential Documents and Information produced by the parties and protected by this Order shall be revealed only to: (a) parties in this action (including officers and employees of any party); (b) counsel of record for the parties in this action, and the partners, associates, secretaries, legal assistants, and employees or agents of such counsel; (c) their retained testifying or non-testifying experts, investigators or consultants; (d) non-party witnesses (persons and/or entities) in the case; (e) the Court and Court personnel; and (f) empanelled jurors and testifying witnesses (while on the stand) at trial of Plaintiffs' action against Defendants. Notwithstanding the foregoing, this Order shall not require spectators or other individuals present at a trial on this matter and not described in this paragraph to leave the courtroom when Confidential information is discussed or displayed during trial. Any party desiring that such individuals be compelled to leave the courtroom during trial shall separately move the Court for such relief.

8. With the exception of persons identified in subparts (a), (b), (e) and (f) of paragraph 7 and persons in attendance at the trial of this matter, no person entitled to access to Confidential Documents or Information under this Order shall be provided with the protected documents or information unless such individual has: (a) read the Order of this Court, and (b) completed and signed the affidavit attached hereto as Exhibit A and provided same to counsel for the party who is making the disclosure. Such counsel shall retain said affidavits through the conclusion of the litigation, whether by binding settlement or by entry of a final judgment or dismissal with prejudice in this litigation (including exhaustion of appeals or petitions for review) or some other means finally disposing of all issues raised in this litigation. No person

entitled to access to Confidential Documents or Information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.

9. Each person who reviews or inspects Confidential Documents or Information subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power, for purposes of enforcing this Order. By signing a copy of the attached affidavit, the signing person consents to the provisions of this Order and to the jurisdiction of this Court over his or her person for any proceedings involving alleged violation of this Order.

10. To the extent any party to this action (1) produces or has produced discovery in this action to any other party or (2) receives or has received discovery from any third party, the producing party/party receiving third party discovery is ordered to provide all other parties to this action with copies of the discovery produced/received, including without limitation any and all Confidential Documents, Confidential Information, tax returns, tax return information, and information furnished for, or in connection with, the preparation of any tax return. This disclosure and ensuing disclosures and uses of the discovery for any other lawful purpose in accord with this Order shall be consistent and compliant with any nondisclosure obligations that may apply to the parties pursuant to 26 U.S.C. § 7216; Treasury Regulation § 301.7216; applicable rules, regulations, rulings, announcements, notices and procedures of any governmental, quasi-governmental, or administrative entity, agency or department, including without limitation the Internal Revenue Service and United States Treasury Department; applicable professional rules and standards, including without limitation those promulgated by public or private organizations and associations; and any other protection from disclosure that may be subject to exception pursuant to court order under 26 USC § 7216. This paragraph is

not intended to broaden or limit the sharing of discovery otherwise permissible under the Federal Rules of Civil Procedure.

11.   The Confidential Documents or Information produced to any party or others pursuant to the terms of this Order shall be used for the sole and limited purpose of prosecuting or defending this lawsuit.  Notwithstanding the foregoing, this Order does not constitute a waiver nor limitation of any party's rights to assert claims they would otherwise be entitled to assert in the absence of this Order.  However, Confidential Documents and Information produced in this suit may not be disclosed or used in any other action absent the written consent of the producing party or further Order of this Court.

12.   Either (1) within thirty (30) days of the conclusion of the litigation, whether by binding settlement or by entry of a final judgment or dismissal with prejudice in this litigation (including exhaustion of appeals or petitions for review) or some other means finally disposing of all issues raised in this litigation; or (2) at the earliest date permitted under applicable malpractice insurance policies, whichever comes later, all Confidential Documents and materials containing Confidential Information, including any and all copies thereof, shall be returned to the producing party.  In the alternative, within the time period specified above, counsel for each party shall notify counsel for the opposing parties in writing that any and all documents and material, including copies of such documents and material, produced by the opposing parties, have been destroyed.  All copies of such materials, however maintained, shall be kept completely confidential for the duration of the litigation and at the conclusion of the litigation, shall be returned or destroyed pursuant to the terms of this paragraph.  Notwithstanding the foregoing, Counsel for the parties may retain their privileged and/or work product materials as may be required under applicable rules, law or written retention policies, but upon the expiration of such period must return said copies or destroy them.

13.  The parties agree that they will cooperate with each other regarding materials that may be protected under the attorney-client privilege or attorney work product doctrine. To the extent any protected materials inadvertently are produced by one side to the other, said inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s). Upon receipt of written request for return of inadvertently produced privileged materials, the receiving party shall within five (5) business days either (a) return all copies of the materials or, (b) if the claimed privilege is contested, so advise the other party and segregate the materials pending resolution of the dispute. If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration. Once inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case.

14.  Following the final disposition of all claims in this litigation, the jurisdiction of the Court over this litigation shall be terminated for all purposes unless otherwise ordered by the court and except for purposes of enforcing the terms of this order.

15.  Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information, nor shall any provisions of this Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within fourteen (14) days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objections. If such conference does not resolve the objection, the designating person may apply to the Court, by motion, for a ruling

that material designated by a party as Confidential shall be treated as Confidential. The designating party shall have the burden of demonstrating the propriety of that designation. Pending determination by the Court, material designated by a party as Confidential shall be treated as Confidential as provided in this Order. In the event the designating party fails to apply for a ruling within fourteen (14) days of such conference (unless this time is extended by mutual consent of the parties), the material at issue shall lose its Confidential status under this Order. If, thereafter, the designating party applies for a ruling, upon service and filing of such motion, the material shall regain its Confidential status pending determination by the Court.

16.   Violation by any person of any provision of this Order may be punishable as contempt of Court. The signing of this order does not constitute a waiver by any party of its right to pursue any and all civil remedies available to it.

**IT IS SO ORDERED**.

Date: _____

_____
The Hon. Ronald A. Guzman
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY ROBINSON,          )<br>                            )<br>      Plaintiff,           )<br>                            )<br>  v.                        )     Case No. 08 C 185<br>                            )<br>H&R BLOCK ENTERPRISES, INC. and  )   Hon. Judge Guzman<br>HSBC BANK USA, NA,          )     Hon. Magistrate Judge Ashman<br>                            )<br>      Defendants.           )<br>                            )<br>_____ ) | |

**<u>AGREEMENT TO ABIDE BY PROTECTIVE ORDER</u>**

    I have read the Protective Order dated _____, in the above captioned case. I understand its terms and agree that I am bound thereby.

    Dated_____

    I declare under penalty of perjury that the foregoing is true and correct this \_\_\_ day of \_\_\_\_, \_\_\_\_\_ in accordance with Title 28, United States Code, Section 1746.

                                                                              Print Name: _____

EXHIBIT "A"