# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 185 | **DATE** | 8/25/2008 |
| **CASE TITLE** | Robinson vs. H&R Block Enters., Inc. and HSBC Bank USA, NA | | |

**DOCKET ENTRY TEXT**

For the reasons provided herein, the Court denies the unopposed motion for entry of agreed order regarding confidentiality and return of documents. The parties shall provide an amended proposed order within 11 days of the date of this Minute Order.

■ [ For further details see text below.]       Docketing to mail notices.

## STATEMENT

    Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 229 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992).

    In this case, the Court finds that the parties have not shown good cause to seal the information sought to be protected by the Agreed Protective Order. Therefore, the Court cannot enter such an Order.

    As an initial matter, the parties fail to define the confidential material they seek to protect. *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78. Thus, the parties fail to show as to any certain specific information, "the extent to which it is known outside the business; the extent to which it is known by employees and others involved in the business; the measures taken to guard the information's secrecy, the value of the information to the business or its competitors; the amount of time, money, and effort expended in the development of the information; and the ease or difficulty of duplicating or properly acquiring the information." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). Further, "[t]o establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements. *Id.* at 341 (quotations omitted). With respect to the claim of confidential business information, this standard demands that the company prove that disclosure will result in a clearly defined and very serious injury to its business. *Id.* (quotations omitted).

    Second, the Order must be modified to state that entire pleadings must not be filed under seal, *see Union Oil*, 220 F.3d at 569, and that unsealed versions of any pleading (redacting only protected information) must be filed in addition to sealed unredacted versions.

    Third, the Order is defective to the extent that it is not limited to pretrial discovery and apparently is intended to protect the documents at issue even after they are introduced at trial. *See Citizens*, 178 F.3d at 945; *In re Krynicki*, 983 F.2d at 75.

    Fourth, the Order should have explicitly stated that either a party *or an interested member of the public* may challenge the confidential designation. *See Citizens*, 178 F.3d at 946.

    Fifth, the Order should be modified to exclude any confidential material filed with the Court because the Court strictly and fully enforces Local Rule 26.2(e).

    Sixth, the Court strikes ¶ 16 to the extent that it attempts to create personal jurisdiction over persons and entities who have not entered into the non-disclosure agreement joining stipulated protective order.

Case 1:08-cv-00185   Document 64   Filed 08/25/2008   Page 2 of 2