# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIFFANY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 185 |
| | ) | |
| H&R BLOCK ENTERPRISES, INC. and | ) | Honorable Judge Guzman |
| HSBC BANK USA, NA, | ) | Honorable Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT H&R BLOCK ENTERPRISES, INC.'S
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW defendant H&R Block Enterprises, Inc. ("Block"), by and through its

attorneys, and responds to certain Interrogatories contained in the First Discovery Requests (the

"Requests") propounded by plaintiff Tiffany Robinson ("Plaintiff") as follows:

### GENERAL OBJECTIONS AND PRELIMINARY STATEMENTS

A.      As Block has told Plaintiff, Block objects to the Requests as premature.  In

violation of the Federal Rules of Civil Procedure, including Rules 26(d), 33(a), 34(b) and 36(a),

Plaintiff served discovery, including the Requests, before the parties have conferred as required

by Rule 26(f).  Block is providing the responses below to certain of the Requests in the spirit of

cooperation and in accord with its agreement with Plaintiff concerning discovery.  Nevertheless,

these responses are provided subject to and without waiver of Block's objection to the

prematurity and impropriety of Plaintiff's efforts to seek discovery in advance of a Rule 26

conference, which objection is expressly reserved.

1

B.      Block has not completed its investigation or discovery of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such information, belief, and documentation presently available to Block. It is anticipated that further investigation, research, and analysis will supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses. Accordingly, Block reserves the right to amend these responses pursuant to the Federal Rules of Civil Procedure.

C.      Block objects to the instructions and definitions set forth in Plaintiff's First Discovery Requests (including in Exhibit 1 thereto), to the extent that they deviate from the provisions of the Federal Rules of Civil Procedure and the local rules of the Court. By submitting these responses, Block does not in any way adopt Plaintiff's purported definitions of words and phrases contained in this discovery set. Block objects to those definitions to the extent they are inconsistent with a) the ordinary and customary meaning of such words and phrases, b) the rules and orders governing the permissible scope of discovery, or c) any definitions set forth by Block in its responses.

D.      Block objects to the Requests to the extent that they seek information from or concerning entities other than Block as overbroad and unduly burdensome. Block is not obligated to respond to discovery directed at entities that are separate and distinct from it.

E.      Block objects to the Requests to the extent that they seek confidential, private, proprietary, sensitive and/or financial information. To the extent Block agrees to provide such information, it will do so only after entry of and subject to a suitable protective order.

2

F.    Block objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

G.    Block objects to the Requests to the extent that they seeks information not directly pertaining to Plaintiff and the alleged theft of her identity, which are the subject of this action. Any such Requests are overbroad, unduly burdensome and seek irrelevant information that is beyond the scope of permissible discovery.

H.    Block does not concede that any of the information or documents it will produce are or will be admissible evidence at trial or any evidentiary hearing. Further, Block does not waive any objection, whether or not asserted herein, to the use of any such documents or information at trial.

I.    Block notes that the Requests are, at least in part, predicated upon facts and assumptions that are inaccurate, misleading, argumentative, incorrect, not in evidence and subject to dispute. Block objects to the Requests on this basis. Further, unless explicitly stated otherwise in its responses, Block's responses to the Requests are not intended and should not be construed as any admission that facts and assumptions underlying the Requests are accurate, truthful, correct, admissible or undisputed. Moreover, to the extent any Request or portion thereof is not admitted explicitly, Block's response thereto is not intended and should not be construed as an implicit admission. Rather, to the extent any Request is inconsistent or varies from Block's response, it is denied.

Subject to and without waiving the foregoing objections, Block responds as follows to the Requests.

3

**Interrogatories**

2.    Describe and explain all procedures defendant maintained between January 1, 2003 through March 31, 2007, that were designed to prevent the alleged violations herein.

**RESPONSE:**    Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block.  Block further objects that the timeframe identified in this Request is not reasonable in scope and, as a result, the Request is overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery.  Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information.  Subject to and without waiver of the foregoing and its General Objections, Block responds that among other procedures, it provides employee training; maintains and imposes identification requirements; manages the physical security of its offices, computers and client records to minimize vulnerability to information theft and unauthorized access to, or disclosure of personal client information; and manages the security and integrity of its computer systems to prevent unauthorized access and protect the data processed and stored by these systems.  Block further responds that, upon entry of a suitable protective order, pursuant to Fed. R. Civ. Proc. 32 (d), Block will produce documents that contain information regarding procedures that were in effect as of January 2007 and hereby incorporates such records into this response.

3.    Please provide the names and job titles of all persons (including third parties) responsible for designing and maintaining any procedures or policies referenced in interrogatories 1 and 2.

**RESPONSE**: Block objects that the terms "responsible," "designing" and "maintaining" are vague and ambiguous as used herein. In addition, Block objects that this Request is overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery. Further, Block objects to this Request to the extent that it seeks confidential, private and/or sensitive information. Also, Block objects to this Request to the extent that it may seek information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

4.     Explain all procedures defendant has in place to ensure that the events complained of in this case do not happen.

**RESPONSE**: Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous. For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block. Block further objects that this Request fails to identify a specific, narrowed timeframe and, as a result, the Request is overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery. Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information. Block also objects that this Request is duplicative of other discovery served by Plaintiff, including Interrogatory No. 2, above, the response to which is hereby incorporated by reference. Subject to and without waiver of the foregoing and its General Objections, upon entry of a suitable protective order, pursuant to Fed. R. Civ. Proc. 32 (d), Block will produce documents regarding procedures that were in effect as of January 2007 and hereby incorporates such records into this response.

7.     Identify all persons who have complained that an HSBC credit card was improperly [sic] as a result of their information being taken from H&R Block.

5

**RESPONSE**: Block objects to this Request on the basis that it is improperly directed to Block, inasmuch as it seeks information from and regarding HSBC. Block additionally objects to this Request to the extent that it seeks confidential, proprietary and/or sensitive information. Also, Block objects that the undefined phrase "HSBC credit card" is overbroad, vague and ambiguous and that the Request is vague, ambiguous and unintelligible as drafted because it appears to be missing a word. Block also objects that this Request is overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery.

10.    Explain defendant's understanding of the practice, process or procedure by which H&R Block generally takes and processes H&R Block Emerald Prepaid MasterCard applications.

**RESPONSE**:  Block objects to this Request on the basis that the undefined terms "defendant's," "takes," "processes" and "applications," as used herein, are overbroad, vague and ambiguous.    For purposes of its response, Block assumes that, as directed to Block, "defendant's" is intended to mean Block. Block further objects that this Request fails to identify a specific, narrowed timeframe and, as a result, the Request is overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery. Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information. Subject to and without waiver of the foregoing and its General Objections, the H&R Block Emerald Prepaid MasterCard is a stored value card that is offered by H&R Block as a fund disbursement vehicle, not a loan or credit card. Hence, there is no "application." Rather, a customer may elect to receive funds, such as the proceeds of an approved IMAL, by means of a credit to an H&R Block Emerald Prepaid MasterCard.

11.    Explain defendant's understanding of the practice, process or procedure by which HSBC processes and decides to accept or dent [sic] applications it receives from H&R Block with respect to applications for an H&R Block Emerald Prepaid MasterCard.

**RESPONSE**:  Block objects to this Request on the basis that it is improperly directed to Block, inasmuch as it seeks information from and regarding HSBC.  Block additionally objects to this Request to the extent that it seeks confidential, proprietary and/or sensitive information. Also, Block objects that the undefined term "processes" is overbroad, vague and ambiguous. Block further objects that this Request is overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery.

12.    H&R Block, only: Explain the corporate structure of defendant H&R Block in Illinois, and identify all parents, subsidiaries and franchisees in Illinois, and explain each entity's purpose and function.

**RESPONSE**:  Block objects that this Request is overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery.

13.    State with specificity the scope of the document search that was done with respect to each document request herein. Include how far back chronologically the document search reached, what data was searched, where that data is located, who did the searching and what search terms were used.

**RESPONSE**:    Block objects that this Request is compound, overbroad, unduly burdensome and seeks information that is irrelevant and beyond the scope of permissible discovery.  Also, Block objects to this Request to the extent that it may seek information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

7

14.    With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE**:    Block objects that this Request is premature, compound, overbroad, unduly burdensome, seeks information that is irrelevant and beyond the scope of permissible discovery and purports to impose duties of disclosure above and beyond those required by the Federal Rules. Also, Block objects to this Request to the extent that it may seek information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiver of the foregoing and its general objections, Block responds that it will provide expert disclosures in accord with the Federal Rules concerning such disclosures.

Respectfully submitted,

**BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP**

By:    _____

Stacey R. Gilman          MO Bar # 55690*
Nick J. Kurt               MO Bar # 52216*
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:   816-561-7007
Facsimile:    816-561-1888

* Ms. Gilman and Mr. Kurt have been
  admitted *pro hac vice*

and

Martin B. Carroll (#6200977)

8

Keli M. Videtto (#6276868)
**FOX, HEFTER, SWIBEL, LEVIN &**
**CARROLL, LLP**
321 North Clark Street, Suite 3300
Chicago, IL 60610
(312) 224-1200

ATTORNEYS FOR DEFENDANT
H&R BLOCK ENTERPRISES, INC.

9

## VERIFICATION

STATE OF _Illinois_ )
                             ) ss
COUNTY OF _Cook_ )

Arthur Grant, of lawful age, being duly sworn upon his oath, deposes and states he has read the foregoing Responses to the above Interrogatories and believes that such Responses are true and correct to the best of his knowledge and belief.

_Arthur I. Shaw II_

SUBSCRIBED AND SWORN to before me, a Notary Public in and for the above-mentioned State and County, on this 30th day of June, 2008.

_Rachel Francis_
Notary Public

My Commission Expires: _8/23/2011_

"OFFICIAL SEAL"
Rachel Francis
Notary Public, State of Illinois
Commission Expires 8/23/2011

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent by both electronic mail and U.S. mail, postage prepaid, to counsel of record on the 30th day of June, 2008 as follows:

> Keith J. Keogh (keith@keoghlaw.com)
> Alexander H. Burke (aburke@keoghlaw.com)
> Law Offices of Keith J. Keogh, Ltd.
> 227 W. Monroe Street, #2000
> Chicago, IL 60606
> Fax: (312) 726-1093
> Attorney for Plaintiff

Attorney for H&R Block Enterprises, Inc.

11

EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIFFANY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 185 |
| | ) | |
| H&R BLOCK ENTERPRISES, INC. and | ) | Honorable Judge Guzman |
| HSBC BANK USA, NA, | ) | Honorable Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT H&R BLOCK ENTERPRISES, INC.'S
## RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW defendant H&R Block Enterprises, Inc. ("Block"), by and through its
attorneys, and responds to certain Requests for Production of Documents contained in the First
Discovery Requests (the "Requests") propounded by plaintiff Tiffany Robinson ("Plaintiff") as
follows:

### GENERAL OBJECTIONS AND PRELIMINARY STATEMENTS

A.       As Block has told Plaintiff, Block objects to the Requests as premature.  In

violation of the Federal Rules of Civil Procedure, including Rules 26(d), 33(a), 34(b) and 36(a),

Plaintiff served discovery, including the Requests, before the parties have conferred as required

by Rule 26(f).  Block is providing the responses below to certain of the Requests in the spirit of

cooperation and in accord with its agreement with Plaintiff concerning discovery.  Nevertheless,

these responses are provided subject to and without waiver of Block's objection to the

prematurity and impropriety of Plaintiff's efforts to seek discovery in advance of a Rule 26

conference, which objection is expressly reserved. `

1

B.     Block has not completed its investigation or discovery of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such information, belief, and documentation presently available to Block. It is anticipated that further investigation, research, and analysis will supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses. Accordingly, Block reserves the right to amend these responses pursuant to the Federal Rules of Civil Procedure.

C.     Block objects to the instructions and definitions set forth in Plaintiff's First Discovery Requests (including in Exhibit 1 thereto), to the extent that they deviate from the provisions of the Federal Rules of Civil Procedure and the local rules of the Court. By submitting these responses, Block does not in any way adopt Plaintiff's purported definitions of words and phrases contained in this discovery set. Block objects to those definitions to the extent they are inconsistent with a) the ordinary and customary meaning of such words and phrases, b) the rules and orders governing the permissible scope of discovery, or c) any definitions set forth by Block in its responses.

D.     Block objects to the Requests to the extent that they seek information from or concerning entities other than Block as overbroad and unduly burdensome. Block is not obligated to respond to discovery directed at entities that are separate and distinct from it.

E.     Block objects to the Requests to the extent that they seek confidential, private, proprietary, sensitive and/or financial information. To the extent Block agrees to provide such information, it will do so only after entry of and subject to a suitable protective order.

F.    Block objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

G.    Block objects to the Requests to the extent that they seeks information not directly pertaining to Plaintiff and the alleged theft of her identity, which are the subject of this action. Any such Requests are overbroad, unduly burdensome and seek irrelevant information that is beyond the scope of permissible discovery.

H.    Block does not concede that any of the information or documents it will produce are or will be admissible evidence at trial or any evidentiary hearing. Further, Block does not waive any objection, whether or not asserted herein, to the use of any such documents or information at trial.

I.    Block notes that the Requests are, at least in part, predicated upon facts and assumptions that are inaccurate, misleading, argumentative, incorrect, not in evidence and subject to dispute. Block objects to the Requests on this basis. Further, unless explicitly stated otherwise in its responses, Block's responses to the Requests are not intended and should not be construed as any admission that facts and assumptions underlying the Requests are accurate, truthful, correct, admissible or undisputed. Moreover, to the extent any Request or portion thereof is not admitted explicitly, Block's response thereto is not intended and should not be construed as an implicit admission. Rather, to the extent any Request is inconsistent or varies from Block's response, it is denied.

Subject to and without waiving the foregoing objections, Block responds as follows to the Requests.

3

## Requests for Production of Documents

7.    H&R Block only: All documents concerning policies, practices or procedures defendant had in place in January 2007 to help avoid or prevent employees from stealing information from defendant's customers' tax returns.

**RESPONSE**: Block objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery. Also, Block objects to this Request to the extent that it may seek discovery that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information. Subject to and without waiver of the foregoing and its General Objections, upon entry of a suitable protective order, Block will produce responsive, non-privileged policies and procedures.

8.    HSBC only: All documents concerning policies, practices or procedures defendant had in place in January 2007 designed to ensure that applications for credit through H&R Block were not fraudulent.

**RESPONSE**: This Request does not call for any response by Block.

9.    All agreements between the defendants relating to H&R Block Emerald Prepaid MasterCard credit cards.

**RESPONSE**: Block objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery. Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information. In addition, Block objects to this Request on the basis that the undefined phrase "H&R Block Emerald Prepaid MasterCard credit cards," as used herein, is vague and

4

ambiguous. Block does not offer H&R Block Emerald Prepaid MasterCard credit cards. Subject to and without waiver of the foregoing and its General Objections, Block responds that there are no responsive agreements.

11.    All documents transmitted to or from any testifying expert in this case.

**RESPONSE**:    Block objects that this Request is premature, overbroad, unduly burdensome, seeks information that is irrelevant and beyond the scope of permissible discovery and purports to impose duties of disclosure above and beyond those required by the Federal Rules. Subject to and without waiver of the foregoing and its general objections, Block responds that it will provide expert disclosures in accord with the Federal Rules concerning such disclosures.

12.    All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendant or any employee of defendant was accused of using a customer's tax return information to perpetrate any alleged fraud or invasion of privacy.

**RESPONSE**:    Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous. For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block. Block further objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery. Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information. Also, Block objects to this Request to the extent that it may seek discovery that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

13.    All documents relating to any complaint, criticism or inquiry, by any person, concerning allegations that defendant or any employee of defendant was accused of using a customer's tax return information to perpetrate any alleged fraud or invasion of privacy.

**RESPONSE**:  Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block.  Block also objects to this Request on the basis that the undefined terms "complaint," "criticism" and "inquiry," as used herein, are vague and ambiguous.  Block further objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery.  Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information.  Also, Block objects to this Request to the extent that it may seek discovery that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

14.    All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau), relating to defendant or its employees using customers' personal information to perpetrate any alleged fraud or invasion of privacy.

**RESPONSE**:  Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block.  Block further objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery.  Block

6

additionally objects that this Request seeks confidential, proprietary and/or sensitive information. Also, Block objects to this Request to the extent that it may seek discovery that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

15.    All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Equal Opportunity Credit Act or the Fair Credit Reporting Act.

**RESPONSE**:  Block objects to this Request on the basis that the undefined term "defendant's," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant's" is intended to mean Block.  Block further objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery.  Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information. Also, Block objects to this Request to the extent that it may seek discovery that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

16.    All insurance policies that may afford coverage with respect to the matters complained of, including defense and/or indemnity, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE**:  Block objects to this Request on the basis that it fails to identify any particular insured.  Block further objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery.  Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information.  Also, Block objects to this Request to the extent that it may seek discovery that is protected from disclosure by privilege.

7

18.    All documents setting forth defendant's document destruction and retention policies.

**RESPONSE**:  Block objects to this Request on the basis that the undefined term "defendant's," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant's" is intended to mean Block.  Block objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery.  Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information.  Block also objects that the Request Block objects that this Request is vague and ambiguous with respect to timeframe and also fails to identify the scope, type and nature of documents for which policies are requested.

19.    All organizational charts of defendant, including charts that show defendant's employees and their locations, as well as the relationship between the defendants.

**RESPONSE**:  Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block.  Block objects to this Request on the grounds that it is unduly burdensome, overbroad, and seeks discovery not relevant to this action and beyond the scope of permissible discovery.  Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information.  Block also objects that the Request is vague and ambiguous with respect to timeframe.

8

Respectfully submitted,

**BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP**

By: _____

Stacey R. Gilman          MO Bar # 55690*
Nick J. Kurt              MO Bar # 52216*
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  816-561-7007
Facsimile:   816-561-1888

\* Ms. Gilman and Mr. Kurt have been
  admitted *pro hac vice*

and

Martin B. Carroll (#6200977)
Keli M. Videtto (#6276868)
**FOX, HEFTER, SWIBEL, LEVIN &
CARROLL, LLP**
321 North Clark Street, Suite 3300
Chicago, IL 60610
(312) 224-1200

ATTORNEYS FOR DEFENDANT
H&R BLOCK ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following both by electronic mail and by U.S. mail, postage prepaid, on this 30th day of June 2008.

Keith J. Keogh (keith@keoghlaw.com)
Alexander H. Burke (aburke@keoghlaw.com)
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois  60606

*Attorney for Plaintiff*

_____
Attorney for H&R Block Enterprises, Inc.

9

# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIFFANY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 185 |
| | ) | |
| H&R BLOCK ENTERPRISES, INC. and | ) | Honorable Judge Guzman |
| HSBC BANK USA, NA, | ) | Honorable Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RESPONSES OF DEFENDANT H&R BLOCK ENTERPRISES, INC. TO PLAINTIFF'S REQUESTS FOR PRODUCTION IN HER SECOND DISCOVERY REQUESTS

COMES NOW Defendant H&R Block Enterprises, Inc. ("Block"), by and through its attorneys, and responds as follows to the Requests for Production propounded by Plaintiff Tiffany Robinson ("Plaintiff") in her Second Discovery Requests (the "Requests"):

### GENERAL OBJECTIONS AND PRELIMINARY STATEMENTS

A.      As Block has told Plaintiff, Block objects to the Requests as premature. In violation of the Federal Rules of Civil Procedure, including Rules 26(d), 33(a), 34(b) and 36(a), Plaintiff served discovery, including the Requests, before the parties have conferred as required by Rule 26(f). Block is providing the responses below to certain of the Requests in the spirit of cooperation and in accord with its agreement with Plaintiff concerning discovery. Nevertheless, these responses are provided subject to and without waiver of Block's objection to the prematurity and impropriety of Plaintiff's efforts to seek discovery in advance of a Rule 26 conference, which objection is expressly reserved.

B.      Block has not completed its investigation or discovery of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such

information, belief, and documentation presently available to Block.  It is anticipated that further investigation, research, and analysis will supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses.  Accordingly, Block reserves the right to amend these responses pursuant to the Federal Rules of Civil Procedure.

      C.        Block objects to the instructions and definitions set forth in Plaintiff's Second Discovery Requests (including in Exhibit 1 thereto), to the extent that they deviate from the provisions of the Federal Rules of Civil Procedure and the local rules of the Court.  By submitting these responses, Block does not in any way adopt Plaintiff's purported definitions of words and phrases contained in this discovery set.  Block objects to those definitions to the extent they are inconsistent with a) the ordinary and customary meaning of such words and phrases, b) the rules and orders governing the permissible scope of discovery, or c) any definitions set forth by Block in its responses.

      D.        Block objects to the Requests to the extent that they seek information from or concerning entities other than Block as overbroad and unduly burdensome.  Block is not obligated to respond to discovery directed at entities that are separate and distinct from it.

      E.        Block objects to the Requests to the extent that they seek confidential, private, proprietary, sensitive and/or financial information.  To the extent Block agrees to provide such information, it will do so only after entry of and subject to a suitable protective order.

      F.        Block objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

2

G.    Block objects to the Requests to the extent that they seeks information not directly pertaining to Plaintiff and the alleged theft of her identity, which are the subject of this action. Any such Requests are overbroad, unduly burdensome and seek irrelevant information that is beyond the scope of permissible discovery.

H.    Block does not concede that any of the information or documents it will produce are or will be admissible evidence at trial or any evidentiary hearing. Further, Block does not waive any objection, whether or not asserted herein, to the use of any such documents or information at trial.

I.    Block notes that the Requests are, at least in part, predicated upon facts and assumptions that are inaccurate, misleading, argumentative, incorrect, not in evidence and subject to dispute. Block objects to the Requests on this basis. Further, unless explicitly stated otherwise in its responses, Block's responses to the Requests are not intended and should not be construed as any admission that facts and assumptions underlying the Requests are accurate, truthful, correct, admissible or undisputed. Moreover, to the extent any Request or portion thereof is not admitted explicitly, Block's response thereto is not intended and should not be construed as an implicit admission. Rather, to the extent any Request is inconsistent or varies from Block's response, it is denied.

Subject to and without waiving the foregoing objections, Block responds as follows to the Requests.

### Requests for Production

1.    All documents defendant has concerning any person(s) it believes, claims, or ever believed or claimed, was involved, in any way, with any extension of credit to plaintiff, includ-

3

ing but not limited to any H&R Block Emerald Prepaid MasterCard or Instant Money Advance Loan.

**RESPONSE:**  Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block.  Block objects to this Request on the basis that it is improperly directed to Block, inasmuch as it seeks information from and regarding HSBC.  Block additionally objects that the undefined phrase "extension of credit," as used herein, is vague and ambiguous; particularly in light of the fact that Block would not ordinarily understand that phrase to include an H&R Block Emerald Prepaid MasterCard.  Block further objects that the undefined term "involved," as used herein, is vague and ambiguous.  Block also objects to this Request on the grounds that it seeks information not relevant to this action and beyond the scope of permissible discovery.  Block further objects to this Request on the grounds that it is argumentative and is predicated on facts not in evidence, namely that Block "believes" or "claims" that someone other than Plaintiff obtained an extension of credit to plaintiff.

2.     All documents concerning any extension of credit to plaintiff or in plaintiff's name, including but not limited to any H&R Block Emerald Prepaid MasterCard or Instant Money Advance Loan.

**RESPONSE:**  Block objects to this Request on the basis that it is improperly directed to Block, inasmuch as it seeks information from and regarding HSBC.  Block additionally objects that the undefined phrase "extension of credit," as used herein, is vague and ambiguous; particularly in light of the fact that Block would not ordinarily understand that phrase to include an H&R Block Emerald Prepaid MasterCard.  Block further objects to this Request on the

4

grounds that it is duplicative of other discovery propounded by Plaintiff. Subject to and without waiver of the foregoing and its General Objections, Block will produce responsive, non-privileged documents to the extent it has agreed to do so in response to other discovery requests.

3.    All documents showing who may have been working at H&R Block's 87th and Stoney Island location at any time in January 2007.

**RESPONSE:** Block objects to this Request on the basis that the undefined phrase "H&R Block's 87th and Stoney Island location," as used herein, is vague and ambiguous. For purposes of its response, Block assumes that this refers to the H&R Block office located at 1509 E. 87th Street, Chicago, Illinois 60619. Block also objects that the timeframe identified is overbroad and not reasonable in scope. Block further objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery. Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information.

4.    All audio, video or other recordings from H&R Block's 87th and Stoney Island location from January 20, 2007, through January 30, 2007.

**RESPONSE:** Block objects to this Request on the basis that the undefined phrase "other recordings," as used herein, is overbroad, vague and ambiguous. Block also objects to this Request on the basis that the undefined phrase "H&R Block's 87th and Stoney Island location," as used herein, is vague and ambiguous. For purposes of its response, Block assumes that this refers to the H&R Block office located at 1509 E. 87th Street, Chicago, Illinois 60619. Block also objects that the timeframe identified is overbroad and not reasonable in scope. Block further objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery. Block additionally objects

that this Request seeks confidential, proprietary and/or sensitive information. Subject to and without waiver of the foregoing and its General Objections, Block responds that it does not have responsive video or audio recordings of its office located at 1509 E. 87th Street, Chicago, Illinois 60619.

5.    All documents and data concerning the specific H&R Block Emerald Prepaid MasterCard and/or Instant Money Advance Loan at issue in this case.

**RESPONSE:** Block objects to this Request on the basis that the undefined term "data," as used herein, is vague and ambiguous. Block also objects to this Request on the basis that the Request is vague and ambiguous because it does not sufficiently identify the "H&R Block Emerald Prepaid MasterCard and/or Instant Money Advance Loan at issue in this case." Plaintiff's complaint contains allegations regarding multiple loans purportedly applied for/obtained. Block further objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery. Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information. Block also objects to this Request on the grounds that it is duplicative of other discovery propounded by Plaintiff. Subject to and without waiver of the foregoing and its General Objections, Block will produce responsive, non-privileged documents to the extent it has agreed to do so in response to other discovery requests.

6.    The complete file, including personnel file, for any person that defendant has ever suspected had any part in applying for or taking out any H&R Block Emerald Prepaid Master-Card, Instant Money Advance Loan or any other extension of credit or application therefor in plaintiff's name.

**RESPONSE:**   Block objects to this Request on the basis that the undefined term "complete file," as used herein, is vague and ambiguous.  Block further objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery.  Block additionally objects that this Request seeks confidential, proprietary and/or sensitive information.

7.     All documents concerning allegations that defendant or one of defendant's employees was a party to, or responsible for, identity theft or credit card fraud.

**RESPONSE:**   Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block.  Also, Block objects to this Request to the extent that it seeks discovery that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Block further objects to this Request to the extent that it may seek confidential, proprietary and/or sensitive information.

8.     The official job description for any person(s) defendant claims or believes was involved in applying for or taking out any H&R Block Emerald Prepaid MasterCard, Instant Money Advance Loan or other extension of credit or application therefor in plaintiff's name.

**RESPONSE:**   Block objects to this Request on the basis that the undefined term "defendant," as used herein, is overbroad, vague and ambiguous.  For purposes of its response, Block assumes that, as directed to Block, "defendant" is intended to mean Block.  Block further objects that the undefined terms "official" and "involved," as used herein, are vague and ambiguous.  Block further objects to this Request on the grounds that it is argumentative and is predicated on facts not in evidence, namely that Block "believes" or "claims" that someone other than Plaintiff obtained an extension of credit to plaintiff.

9.      All studies or statistics concerning identity theft involving H&R Block employees or agents applying for or obtaining credit in customers' names.

**RESPONSE:** Block objects that the undefined terms "studies" and "statistics," as used herein, are vague and ambiguous. Block further objects to this Request to the extent that it may seek confidential, proprietary and/or sensitive information. Block also objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery.

10.     All studies or statistics concerning identity theft involving HSBC employees or agents applying for or obtaining credit in customers' names.

**RESPONSE:** Block objects to this Request on the basis that it is improperly directed to Block, inasmuch as it seeks information from and regarding HSBC. Block also objects that the undefined terms "studies" and "statistics," as used herein, are vague and ambiguous. Block further objects to this Request to the extent that it may seek confidential, proprietary and/or sensitive information. Block also objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery.

11.     All studies or statistics concerning identity theft regarding any H&R Block Emerald Prepaid MasterCard.

**RESPONSE:** Block objects that the undefined terms "studies" and "statistics," as used herein, are vague and ambiguous. Block further objects to this Request to the extent that it may seek confidential, proprietary and/or sensitive information. Block also objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery.

12.    All studies or statistics concerning identity theft regarding any Instant Money Advance Loan.

**RESPONSE:**  Block objects to this Request on the basis that it is improperly directed to Block, inasmuch as it seeks information from and regarding HSBC.  Block also objects that the undefined terms "studies" and "statistics," as used herein, are vague and ambiguous.  Block further objects to this Request to the extent that it may seek confidential, proprietary and/or sensitive information.  Block also objects that this Request is unduly burdensome and overbroad, and seeks information not relevant to this action and beyond the scope of permissible discovery.

Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT, LLP

By: _____

Stacey R. Gilman                    MO Bar #55690*
Nick J. Kurt                        MO Bar #52216*
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888

\* Ms. Gilman and Mr. Kurt have been
admitted *pro hac vice*

and

Martin B. Carroll (#6200977)
Keli M. Videtto (#6276868)
Fox, Hefter, Swibel, Levin & Carroll, LLP
321 North Clark Street, Suite 3300
Chicago, Illinois 60610
Telephone:  (312) 224-1200
Facsimile:  (312) 224-1201

*Attorneys for Defendant H&R Block
Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following both by electronic mail and by U.S. mail, postage prepaid, on this 30th day of June 2008.

Keith J. Keogh (keith@keoghlaw.com)
Alexander H. Burke (aburke@keoghlaw.com)
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois 60606

*Attorney for Plaintiff*

Attorney for H&R Block Enterprises, Inc.