**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tiffany Robinson, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 185 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| H&R Block Enterprises, Inc., and | ) | |
| HSBC Bank USA, NA., | ) | Magistrate Ashman |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL DISCOVERY AGAINST HSBC**

Plaintiff respectfully requests that this Court compel defendant HSBC Bank USA, NA. ("HSBC") pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2 to respond to document requests 1, 2, 3, 4, 5, 6, 8, 12, 13, 14, and 15 from plaintiff's first discovery requests and document requests 1, 2, 5, 7, 9, 10, and 12 from plaintiff's second set of discovery requests.

In support of this motion, the plaintiff states:

1. Plaintiff brought this case in order to redress alleged identity theft of plaintiff. Defendants have denied wrongdoing, and as of yet failed to identify who took or how her information was used despite sending plaintiff letters indicating that there was an investigation as well as a letter from HSBC that "H&R Block notified [HSBC] of an identity theft claim involving one of [H&R Block's] employees." See *Exhibit 3* to the second amended complaint.

2. Plaintiff issued initial discovery requests on May 14, 2008, and subsequent requests on May 21, 2008.

3. HSBC and H&R Block objected to the requests as premature. By agreement, defendants responded to part of the discovery on June 13, 2008, and the remainder on June 30th.

4. A copy of HSBC's responses to the document requests are attached as *Exhibit 1* and *Exhibit 2*.

5. Defendants requested a protective order before producing certain responses to discovery, and the parties have been negotiating the verbiage of such protective order. As this Court is aware, the motion for protective order was denied on August 25, 2008 and the motion to extend discovery was denied on August 26, 2008. As such, the September 11, 2008 discovery cutoff stands.

6. Presently, plaintiff has set defendants' depositions for September 9, 2008 and September 11, 2008. Yet, plaintiff requires HSBC to comply with the outstanding discovery requests prior to taking these depositions.

**HSBC's Response to Plaintiff's First Set of Document Requests**

7. HSBC has produced some of its policies and indicted that it will produce additional responsive documents. *See Exhibit 1* at ¶¶1-6.

8. On August 26, 2008 the parties discussed the outstanding discovery and HSBC indicated that it is withholding certain documents based on 1) the draft protective order; 2) joint defense privilege and 3) attorney client privilege.

9. At this time, plaintiff has no knowledge what documents are being withheld. Plaintiff submits that because HSBC has not objected to any request for production based on joint defense privilege and has not produced an attorney privilege log, its objections should be deemed waived.

10. Because plaintiff must prove that HSBC's policies were not reasonable or were not followed for a portion of her FCRA claim, HSBC's policies and its communications with

H&R Block are extremely relevant to this case.

### HSBC's Response to Plaintiff's Second Set of Document Requests

11. HSBC failed to produce any document in response to requests 1, 2, 5, 7, 8, 9, 10, and 12 from plaintiff's second set of discovery requests. These requests either seek defendant's policies regarding safeguarding customer information, plaintiff's particular allegations or knowledge of data breaches.

12. For example, request number one seeks:

> All documents defendant has concerning any person(s) it believes, claims, or ever believed or claimed, was involved, in any way, with any extension of credit to plaintiff, including but not limited to any H&R Block Emerald Prepaid MasterCard or Instant Money Advance Loan.

13. HSBC asserted that it would produce responsive documents, but has not done so.

14. In addition, requests number 9, 10 and 12 seek information from HSBC on other security breaches relating to H&R Block. Because such information bears on whether HSBC's practices are reasonable or whether its safeguards are adequate, the discovery should be produced. It is important to note that plaintiff is only seeking this information as it relates to breaches with H&R Block. This information is relevant or may lead to relevant information and should be produced.

### Discovery Standard

15. "[T]he discovery-deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore,

complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties. *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

16.     Evasive responses to discovery are sanctionable at the discretion of the Court. The District Judge viewed evasive discovery responses as abusive in *Howard v. Sweetheart Cup Co.*, 2001 U.S.Dist. LEXIS 8682, at *6-7 (N.D.Ill. June 27, 2001), and issued sanctions against defendant:

> [Defendant's] production...included only some of the responsive documents. They evidently believed that by giving a cleverly-worded response to the request (a response of a type this Court has seen numerous times both in the practice of law and since appointment to the bench), they could pick and choose the documents *they* thought were relevant....
> \*\*\*\*
> [T]his type of answer hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. Furthermore, it permits the defendant to be the sole arbiter of that decision. Such an objection is really no objection at all as it does not address why potentially responsive documents are being withheld.
>
> The defendant, having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide the question of relevance which is unquestionably the decision of the judge.
>
> Asserting a relevance objection, then proceeding to agree to produce "relevant, non-privileged" documents "subject to and without waiving" that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions. [Id., quoting *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998)(certain punctuation omitted).]

17.     "[D]efendants do not get to determine unilaterally the scope and timing of discovery," and objections must not only be appropriate, they must be properly supported through explanation or affidavit. *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D.Ind. 2004); *Hobley v. Burge*, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); vacated on other grounds, 433 F.3d 946, 947 (7th Cir. 2006); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (mere statement

by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.")

18. "Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control." *Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684, 686 (E.D.Wis. 1983).

**Rule 37**

19. Plaintiff has had numerous discussions with HSBC regarding the scope of discovery.

20. As noted by this Court on August 26, 2008, the parties exchanged numerous drafts of the protection order and plaintiff should have filed a motion to compel the outstanding discovery after the first several drafts were unsuccessful.

21. Presumably, HSBC has compiled most of the requested discovery as it agreed to produce such discovery when it anticipated the protective order would be entered, which was August 26, 2008.

22. Thus, despite reasonable attempts by plaintiff in good faith pursuant to FRCP 37(a)(2)(A),(B) to work out an agreement concerning the discovery requests, the parties have been unable to resolve their differences.

WHEREFORE, Plaintiff respectfully requests that this Court compel defendant HSBC pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2 to respond to document requests 1, 2, 3, 4, 5, 6, 8, 12, 13, 14, and 15, from plaintiff's first discovery requests and document requests 1, 2, 5, 7, 9, 10, and 12 from plaintiff's second set of discovery requests.

                                                Respectfully submitted,

                                                <u>/s/Keith J. Keogh</u>
                                                Keith J. Keogh

Keith J. Keogh
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)