# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Tiffany Robinson, | ) Case No. 08 C 185 |
| | ) |
| Plaintiff, | ) |
| | ) Hon. Ronald A. Guzman |
| v. | ) |
| | ) |
| H&R Block Enterprises, Inc. | ) Jury Demanded |
| and HSBC Bank USA, N.A., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT HSBC BANK USA, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

Defendant HSBC Bank USA, N.A. ("HSBC"), by its attorneys, hereby submit the

following responses and objections to certain of plaintiff Tiffany Robinson's ("plaintiff") First

Discovery Requests.

### I.    GENERAL OBJECTIONS

1.    HSBC objects to these requests to the extent they relate to an HSBC entity that was not named as a defendant in this lawsuit and/or not involved in the transaction in question.

2.    HSBC objects to these requests to the extent that they call for the production of information constituting, recording, or reflecting attorney-client communications, on the ground of attorney-client privilege. HSBC objects to these requests to the extent that they call for the production of information subject to the joint-defense privilege. HSBC objects to these requests to the extent that they call for the production of information constituting, recording, or reflecting attorney work product, including, but not limited to, the thoughts or mental impressions, conclusions, opinions, or legal theories of HSBC's attorneys on the ground of the "work product" immunity. The inadvertent disclosure of any documents subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

3.    HSBC objects generally to these requests to the extent that they seek to expand HSBC's duties beyond those required by the Federal Rules of Civil Procedure.

4.    HSBC objects to these requests insofar as they call for documents, information, or things that do not exist in HSBC's possession, custody, or control. In particular, HSBC objects to each request or interrogatory to the extent it seeks a response on behalf of entities not parties to this lawsuit or seeks a response on behalf of H&R Block. All responses to plaintiff's requests for documents or interrogatories will be only on behalf of HSBC. Furthermore, agreement to produce available responsive documents is not to be construed as a representation that such documents exist.

5.    HSBC objects to these requests insofar as they call for the production of *all* responsive electronic material. Specifically, HSBC objects to the production of deleted emails or electronic documents that are not stored on its computer system because it is extremely burdensome and costly for HSBC to restore and search through deleted emails or documents no longer located on its computer system. HSBC will produce copies of electronic material (*e.g.*, emails, electronic correspondence, etc.) that is readily available.

6.    HSBC's investigation is ongoing. HSBC reserves the right to assert additional objections and to supplement, modify or amend these objections and responses.

7.    HSBC's decision to provide documents notwithstanding the objectionable nature of any of these requests should not be construed as a waiver of any of these General Objections or a waiver of these General Objections as a whole.

8.    All General Objections are reasserted and incorporated within each response below.

## II.    SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Defendant's records indicate that Tiffany Robinson resides in this District.

**RESPONSE:** Admitted that records in Defendant's possession, custody or

control indicate that Tiffany Robinson's address was in Chicago, Illinois as of at least February

2007. Otherwise denied.

### REQUEST FOR ADMISSION NO. 2:

H&R Block is a tax preparation company that has offices in this District.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

### REQUEST FOR ADMISSION NO. 3:

H&R Block's privacy policy states "keeping client information confidential is nothing new to H&R Block. We have always known that privacy is important to you, and we are committed to safeguarding your personal information."

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

### REQUEST FOR ADMISSION NO. 4:

HSBC is a California corporation with its principal place of business at 475 Anton Blvd, Costa Mesa CA 92626.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 5:**

HSBC does business in this District.

**RESPONSE: VAGUE AMBIGUOUS.** Denied.

**REQUEST FOR ADMISSION NO. 6:**

Defendant's records indicate that on January 30, 2007, plaintiff went to H&R Block at 87th and Stoney Island in Chicago.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 7:**

On January 30, 2007 H&R Block, told plaintiff that, at that time, she owed $600 from a previous loan.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

**REQUEST FOR ADMISSION NO. 8:**

On January 30, 2007, H&R Block told plaintiff that she had previously taken out a "H&R Block Emerald Prepaid MasterCard," for which she was liable in the amount of $600.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

**REQUEST FOR ADMISSION NO. 9:**

Defendant's records indicate that an H&R Block emerald Prepaid MasterCard was taken out in plaintiff's name on January 28, 2007.

4

**RESPONSE:** Admitted that available records indicate that the proceeds of an Instant Money Advance Loan ("IMAL") taken out in the name of "Tiffany Robinson" on January 28, 2007 were transferred to a card issued by an H&R Block entity. Otherwise denied.

## REQUEST FOR ADMISSION NO. 10:

No human being at HSBC reviewed the January 28, 2007 application for an H&R Block Emerald Prepaid MasterCard in plaintiff's name.

**RESPONSE:** Admitted that HSBC neither received nor reviewed any application in plaintiff's name for a product issued by H&R Block called an "Emerald Prepaid MasterCard" on January 28, 2007. Otherwise denied.

## REQUEST FOR ADMISSION NO. 11:

On January 30, 2007, H&R Block provided plaintiff with Exhibit 2.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 12:

Plaintiff had H&R Block do her taxes in 2003.

**RESPONSE:** HSBC objects to this Request to the extent it seeks information that is not reasonably calculated to lead to admissible evidence. Subject to and without waiving its objections, HSBC admits that available records indicate that H&R Block prepared plaintiff's tax return in 2003.

## REQUEST FOR ADMISSION NO. 13:

5

In 2003, plaintiff submitted a paystub from her employer to H&R Block.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 14:

In 2007, defendant initiated an investigation relating to a loan taken out in plaintiff's name.

**RESPONSE:** Admitted that the Loss Prevention Department initiated an investigation relating to a loan taken out in plaintiff's name on January 28, 2007. Otherwise denied.

## REQUEST FOR ADMISSION NO. 15:   The person responsible for the loan being taken out in plaintiffs name is suspected to have taken loans out in other H&R Block customers' names, too.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 16:

Defendant's records indicate that on about January 31, 2007, plaintiff then called the telephone number for the debit card and asked that the card be closed.

**RESPONSE:** Denied that available records indicate that on about January 31, 2007, plaintiff then called the telephone number for the debit card and asked that the card be closed.

## REQUEST FOR ADMISSION NO. 17:

Arthur Grant is an employee of defendant H&R Block.

**RESPONSE:**  Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 18:

On February 23, 2007, HSBC sent plaintiff a letter containing a statement regarding the Emerald MasterCard requesting payment of $600, and stating "NEGATIVE IMPACT TO YOUR CREDIT REPORT."

**RESPONSE:**  HSBC admits that a letter was sent to Tiffany C. Robinson dated February 23, 2007, and that the letter contained the following sentence: "It is very important that you pay the balance promptly to avoid delinquent charges and a possible negative impact to your credit profile." HSBC denies any remaining allegations contained in this Request.

## REQUEST FOR ADMISSION NO. 19:

Defendant received at least one communication from the Illinois Attorney General's office relating to plaintiff.

**RESPONSE:**  Admitted.

## REQUEST FOR ADMISSION NO. 20:

Defendant did not respond to the communication from the Illinois Attorney General within 60 days of its receipt of such communication.

**RESPONSE:**  HSBC objects to this Request to the extent that it implies any duty on behalf of HSBC to respond to any communication from the Illinois Attorney General within 60 days. Subject to and without waiving its objections, HSBC denies this Request.

## REQUEST FOR ADMISSION NO. 21:

The statement in Exhibit 3 that "H&R Block notified [HSBC] of an identity theft claim involving one of [H&R Block's] employees" is true, to the best of defendant's knowledge.

**RESPONSE:** Admitted that H&R Block notified an HSBC entity as stated in

Exhibit 3, and that a letter was sent to plaintiff communicating the Loss Prevention Department's

understanding of the transaction to plaintiff. Based on a reasonable inquiry, the information

HSBC knows or can readily obtain is insufficient to allow it to respond to the remainder of this

Request.

## REQUEST FOR ADMISSION NO. 22:

An employee of H&R Block applied for and received an H&R Block Emerald Prepaid MasterCard in plaintiff's name.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 23:

The person who applied for the credit card in plaintiff's name authorized H&R Block to access plaintiff's credit report.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 24:

The person who applied for the credit card in plaintiff's name authorized HSBC to access plaintiff's credit report.

8

**RESPONSE:** HSBC objects to this Request to the extent it suggests that plaintiff applied for any HSBC credit card. Subject to and without waiving its objections, HSBC denies this Request.

## REQUEST FOR ADMISSION NO. 25:

H&R Block retained the services of a private investigator to look into the case. When the investigator learned that the debt had been forgiven, he curtly told plaintiff that she was "no longer the victim."

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 26:

An employee of H&R Block obtained plaintiff's credit report in 2007.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 27:

HSBC issued a credit card in plaintiff's name in January 2007.

**RESPONSE:** Denied.

## REQUEST FOR ADMISSION NO. 28:

HSBC never sent plaintiff a letter explaining that her January 30, 2007 application for credit had been declined.

**RESPONSE:** Admitted that HSBC did not send plaintiff a letter relating to any transaction on January 30, 2007. Denied that there was a January 30, 2007 application for credit in plaintiff's name, and otherwise denied.

**REQUEST FOR ADMISSION NO. 29:**

H&R Block never sent plaintiff a letter explaining that her January 30, 2007 application for credit had been declined.

**RESPONSE:** HSBC objects to this request to the extent it suggests that there was a January 30, 2007 application to HSBC for credit in plaintiff's name. Subject to and without waiving its objections, based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

**REQUEST FOR ADMISSION NO. 30:**

H&R Block never communicated plaintiff's January 30, 2007 request for credit to HSBC.

**RESPONSE:** Admitted that HSBC did not receive any application for credit in plaintiff's name from H&R Block on January 30, 2007. Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to the remainder of this Request.

**REQUEST FOR ADMISSION NO. 31:**

Plaintiff did not request that defendant issue a credit card in her name between January 1, 2006 and January 29, 2007.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 32:**

Plaintiff applied for credit on January 30, 2007.

**RESPONSE:** HSBC objects to this Request as overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. HSBC further objects to this Request as vague and ambiguous. Subject to and without waiving its objections, HSBC states that

plaintiff did not apply for credit with HSBC on January 30, 2007. Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to the remainder of this Request.

**REQUEST FOR ADMISSION NO. 33:**

Defendant denied plaintiff's January 30, 2007 credit application.

**RESPONSE:** HSBC objects to this Request to the extent it suggests that plaintiff applied for credit with HSBC on January 30, 2007. Subject to and without waiving its objections, HSBC denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 34:**

H&R Block never transmitted any January 30, 2007 application for credit on behalf of plaintiff to HSBC.

**RESPONSE:** HSBC incorporates by reference its response to Request for Admission No. 30, of which this Request is duplicative.

**REQUEST FOR ADMISSION NO. 35:**

Defendant views its customers' social security numbers as private information.

**RESPONSE:** HSBC objects to this Request for Admission as vague and ambiguous and therefore unanswerable as phrased.

**REQUEST FOR ADMISSION NO. 36:**

Defendant views its customers' addresses as private information.

**RESPONSE:** HSBC objects to this Request for Admission as vague and

ambiguous and therefore unanswerable as phrased.

## REQUEST FOR ADMISSION NO. 37:

Defendant had no procedures in place designed to prevent or avoid the events complained of in this case from occurring in January 2007.

**RESPONSE:** Denied.

## REQUEST FOR ADMISSION NO. 38:

Defendant H&R Block received more than 50 complaints alleging that an employee used customer information for an allegedly improper purpose between January 1, 2007 and January 1, 2008.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 39:

Defendant H&R Block received more than 100 complaints alleging that an employee used customer information for an allegedly improper purpose between January 1, 2007 and January 1, 2008.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or

can readily obtain is insufficient to allow it to respond to this Request.

## REQUEST FOR ADMISSION NO. 40:

Defendant H&R Block received more than 500 complaints alleging that an employee used customer information for an allegedly improper purpose between January 1, 2007 and January 1, 2008.

**RESPONSE:** Based on a reasonable inquiry, the information HSBC knows or can readily obtain is insufficient to allow it to respond to this Request.

## III.    INTERROGATORIES

### INTERROGATORY NO. 1:

State the precise factual basis for any defense that the defendant's actions with respect to plaintiff and/or the class were intentional and/or resulted from a bone fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**RESPONSE:** HSBC objects to this interrogatory as overly broad, and as vague and ambiguous. Subject to and without waiving its objections, and subject to continuing investigation, HSBC states that the Loss Prevention Department was informed by H&R Block on February 1, 2007, for the first time, that someone other than plaintiff had applied for an IMAL in plaintiff's name on January 28, 2007. Immediately after being informed of the alleged fraud, the Loss Prevention Department promptly, diligently and in good faith followed all appropriate procedures for investigating and identifying alleged fraud, including coding the account as "fraud" on its internal system, ceasing collections activity (*i.e.* forgiving the $600 loan at issue), notifying all relevant credit agencies of the alleged fraud and asking that they remove the debt in question from Tiffany Robinson's profile, and notifying the Internal Revenue Service of the alleged fraud. The Loss Prevention Department also notified both plaintiff and the Illinois Attorney General on multiple occasions, in writing, (including the May 18, 2007 letter attached to plaintiff's complaint) explaining the status of the investigation and account.

### INTERROGATORY NO. 2:

Describe and explain all procedures defendant maintained between January 1, 2003 through March 31, 2007 that were designed to prevent the alleged violations herein.

**RESPONSE:** HSBC objects to this interrogatory as vague and ambiguous.

Subject to and without waiving its objections, HSBC states that it maintained policies and

procedures for the prevention of fraud in IMAL transactions that were expressed through written

policies, training of HSBC employees, instructions to tax preparers physically verifying the

identities of customers, software and automated systems. HSBC furthers states that it will

produce documents setting forth policies for preventing fraud in IMAL transactions at the time of

the events in question.

## INTERROGATORY NO. 3:

Please provide the names and job titles of all persons (including third parties) responsible
for designing and maintaining any procedures or policies referenced in interrogatories 1 and 2.

**RESPONSE:** HSBC objects to this interrogatory as seeking information not

reasonably calculated to lead to the discovery of admissible evidence. HSBC further objects to

this interrogatory as vague and ambiguous. Subject to and without waiving its objections, HSBC

answers that its policies procedures for preventing fraud in IMAL transactions are implemented

by the Loss Prevention team, which is managed primarily by Gladys Hall.

## INTERROGATORY NO. 4:

Explain all procedures defendant has in place to ensure that the events complained of in
this case do not happen.

**RESPONSE:** HSBC objects to this interrogatory as vague and ambiguous as

phrased. Subject to and without waiving its objections, to the extent plaintiff is requesting an

explanation of procedures in place at the time of the transaction in question designed to prevent

fraud and/or identity thefts of the type alleged in plaintiff's complaint, HSBC incorporates its

response to Interrogatory Number 2. Answering further, HSBC states that all proper procedures for preventing and investigating fraud in IMAL transactions, in an instance in which the alleged fraud was discovered and reported to HSBC by H&R Block based on its own information and investigation instead of being reported by the customer, were followed in response to the information received from H&R Block about the plaintiff alleged identity theft.

**INTERROGATORY NO. 5:**

Identify all persons, internal and third party, who have been involved in investigating plaintiff's claim of identity theft and/or the issuance of credit in plaintiff's name. Explain all actions taken, and when they were taken.

**RESPONSE:** HSBC objects to this Interrogatory as overly broad and as requesting information not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, and subject to continuing investigation, HSBC identifies Gladys Hall, Brian Willson, and Nancy McGuire as employees involved with the investigation of the claim of alleged identity theft that is the subject of this lawsuit. HSBC further states that the Loss Prevention Department was informed by H&R Block on February 1, 2007, for the first time, that someone other than plaintiff had applied for an IMAL in plaintiff's name on January 28, 2007. Immediately after being informed of the alleged fraud, the Loss Prevention Department promptly, diligently and in good faith followed all appropriate procedures for investigating and identifying alleged fraud, including coding the account as "fraud" on its internal system, ceasing collections activity (*i.e.* forgiving the $600 loan at issue), notifying all relevant credit agencies of the alleged fraud and asking that they remove the debt in question from Tiffany Robinson's profile, and notifying the Internal Revenue Service of the alleged fraud. The Loss Prevention Department also notified both plaintiff and the Illinois Attorney General on

16

multiple occasions, in writing, (including the May 18, 2007 letter attached to plaintiff's

complaint) explaining the status of the investigation and account.

## INTERROGATORY NO. 6:

Explain all actions defendant took in response to plaintiff's claim that the $600 loan was fraudulent. Please include what action was taken, when, where and identify all actors.

**RESPONSE:** HSBC incorporates its response to Interrogatory Number 5, of

which this Interrogatory is duplicative.

## INTERROGATORY NO. 7:

Identify all persons who have complained that an HSBC credit card was improperly as a result of their information being taken from H&R Block.

**RESPONSE:** HSBC objects to this Interrogatory as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence. HSBC also objects to this

Interrogatory as vague and ambiguous and unanswerable as phrased.

## INTERROGATORY NO. 8:

Please tell defendant's story of what happened with respect to the $600 loan in plaintiff's name. Please include what happened, when, where and identification of all actors.

**RESPONSE:** Subject to continuing investigation, HSBC states that the Loss

Prevention Department was informed by H&R Block on February 1, 2007, for the first time, that

someone other than plaintiff had applied for an IMAL in plaintiff's name on January 28, 2007.

Immediately after being informed of the alleged fraud, the Loss Prevention Department

promptly, diligently and in good faith followed all appropriate procedures for investigating and

identifying alleged fraud, including coding the account as "fraud" on its internal system, ceasing

collections activity (*i.e.* forgiving the $600 loan at issue), notifying all relevant credit agencies of

17

the alleged fraud and asking that they remove the debt in question from Tiffany Robinson's

profile, and notifying the Internal Revenue Service of the alleged fraud. The Loss Prevention

Department also notified both plaintiff and the Illinois Attorney General on multiple occasions,

in writing, (including the May 18, 2007 letter attached to plaintiff's complaint) explaining the

status of the investigation and account.

**INTERROGATORY NO. 9:**

Identify the person defendant believes took out the $600 loan in plaintiff's name.

**RESPONSE:** Based on a reasonable inquiry, HSBC lacks information sufficient

to respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Explain defendant's understanding of the practice, process or procedure by which H&R
Block generally takes and processes H&R Block Emerald Prepaid MasterCard applications.

**RESPONSE:** Based on a reasonable inquiry, HSBC lacks information sufficient

to respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Explain defendant's understanding of the practice, process or procedure by which HSBC
processes and decides to accept or deny applications it receives from H&R Block with respect to
applications for an H&R Block Emerald Prepaid MasterCard.

**RESPONSE:** HSBC objects to this Interrogatory as vague, ambiguous, overly

broad, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

H&R Block, only: Explain the corporate structure of defendant H&R Block in Illinois, and identify all parents, subsidiaries and franchisees in Illinois, and explain each entity's purpose and function.

**RESPONSE:** No response required.

## INTERROGATORY NO. 13:

State with specificity the scope of the document search that was done with respect to each document request herein. Include how far back chronologically the document search reached, what data was searched, where the data is located, who did the searching and what search terms were used.

**RESPONSE:** HSBC objects to this interrogatory as overly broad and as seeking

information not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 14:

With respect to each expert to whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE:** HSBC objects to this Request to the extent it requests information

beyond what is required by the Federal Rules of Civil Procedure. Subject to and without

waiving its objections, HSBC is has not determined whether it will call any independent expert

witnesses to testify at trial, but will supplement its response to this interrogatory prior to trial if

necessary.

## IV.    REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

**RESPONSE:** HSBC objects to this request as overly broad. Subject to and

without waiving its objections, HSBC will produce available documents relating to the

transaction at issue in this lawsuit.

### REQUEST FOR PRODUCTION NO. 2:

All documents relating to any credit applied for under plaintiff's name, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number of Social Security number) assigned to plaintiff.

**RESPONSE:** HSBC objects to this request as overly broad. Subject to and

without waiving its objections, HSBC will produce available documents relating to the

transaction at issue in this lawsuit.

### REQUEST FOR PRODUCTION NO. 3:

All documents relating to any investigation concerning plaintiff, or any credit applied under plaintiff's name.

**RESPONSE:** HSBC objects to this request as overly broad. Subject to and

without waiving its objections, HSBC will produce available documents relating to the

transaction at issue in this lawsuit.

### REQUEST FOR PRODUCTION NO. 4:

All documentation regarding the forgiveness of the $600 loan taken out in plaintiff's name, and/or defendant's decision to provide credit monitoring for plaintiff.

**RESPONSE:** HSBC objects to this request to the extent it explicitly seeks

documents relating to parties other than HSBC. Subject to and without waiving its objections,

HSBC will produce available documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 5:

All documents concerning the events alleged in the Amended Complaint.

**RESPONSE:** HSBC will produce available documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 6:

All communications between defendants regarding plaintiff, the $600 loan taken out in plaintiff's name or any events alleged in the Amended Complaint.

**RESPONSE:** HSBC will produce available documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 7:

H&R Block only: All documents concerning policies, practices or procedures defendant had in place January 2007 to help avoid or prevent employees from stealing information from defendant's customers' tax returns.

**RESPONSE:** No response required.

### REQUEST FOR PRODUCTION NO. 8:

HSBC only: All documents concerning policies, practices or procedures defendant had in place in January 2007 designed to ensure that applications for credit through H&R Block were not fraudulent.

**RESPONSE:** HSBC objects to this Request as overly broad and as seeking

information not reasonably calculated to lead to the discovery of admissible evidence. Subject to

and without waiving its objection, HSBC will produce documents setting forth policies and procedures for preventing fraud in IMAL transactions to the extent they exist in HSBC's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 9:

All agreements between the defendants relating to H&R Block Emerald Prepaid MasterCard credit cards.

**RESPONSE:** HSBC objects to this Request as overly broad and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. HSBC further objects to this Request as vague and ambiguous. Subject to and without waiving its HSBC is not aware of any such agreements.

## REQUEST FOR PRODUCTION NO. 10:

All agreements between the defendants relating to plaintiff, the $600 loan taken out in plaintiff's name or any of the events alleged in the Amended Complaint.

**RESPONSE:** HSBC is not aware of any such documents that exist in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 11:

All documents transmitted to or from any testifying expert in this case.

**RESPONSE:** HSBC objects to this Request to the extent it requests information beyond what is required by the Federal Rules of Civil Procedure. Subject to and without waiving its objections, HSBC is has not determined whether it will call any independent expert witnesses to testify at trial, but will supplement its response to this request prior to trial if necessary.

## REQUEST FOR PRODUCTION NO. 12:

All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendant or any employee of defendant was accused of using a customer's tax return information to perpetrate any alleged fraud or invasion of privacy.

**RESPONSE:** HSBC objects to this request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff raises a highly

individualized claim under unique circumstances. Documents relating to other consumers'

transactions are irrelevant to Plaintiff's claims.

## REQUEST FOR PRODUCTION NO. 13:

All documents relating to any complaint, criticism or inquiry, by any person, concerning allegations that defendant or any employee of defendant was accused of using a customer's tax return information to perpetrate any alleged fraud or invasion of privacy.

**RESPONSE:** HSBC objects to this request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Documents relating to other

consumers' transactions are irrelevant to Plaintiff's claims.

## REQUEST FOR PRODUCTION NO. 14:

All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as Attorney General's office, the Federal Trade Commission, a Better Business Bureau), relating to defendant or its employees using customers' personal information to perpetrate any alleged fraud or invasion of privacy.

**RESPONSE:** HSBC objects to this request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Documents relating to other

consumers' transactions are irrelevant to Plaintiff's claims. Subject to and without waiving its

23

objections, HSBC will produce all requested documents relating to the transaction that is the basis of this lawsuit to the extent they exist in HSBC's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 15:

All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Equal Opportunity Credit Act or the Fair Credit Reporting Act.

**RESPONSE:** HSBC objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, HSBC will produce documents setting forth policies for preventing fraud and identity theft in IMAL transactions.

## REQUEST FOR PRODUCTION NO. 16:

All insurance policies that may afford coverage with respect to the matters complained of, including defense and/or indemnity, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE:** HSBC objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, HSBC incorporates by reference its initial disclosures under Rule 26(a)(1)(d).

## REQUEST FOR PRODUCTION NO. 17:

All documents tending to show that the violation alleged herein was the result of a bona fide error notwithstanding defendant's maintenance of procedures to avoid such.

**RESPONSE:** HSBC will produce available documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 18:

All documents setting forth defendant's document destruction and retention policies.

**RESPONSE:** HSBC objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 19:

All organizational charts of defendant, including charts that show defendant's employees and their locations, as well as the relationship between the defendants.

**RESPONSE:** HSBC objects to this request because it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, HSBC will produce organization charts relating to the Loss Prevention Department, which is responsible for the investigation of incidents of alleged imposter fraud in IMAL transactions.

Respectfully submitted,

By: _____

One of the Attorneys for
Defendants
H&R Block Enterprises, Inc.

Kevin M. Fee
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: June 30, 2008

## CERTIFICATE OF SERVICE

I, Kevin M. Fee, Jr., an attorney, hereby certify that on June 30, 2008, I caused the

foregoing Defendant HSBC's Responses to plaintiff's First Discovery Requests to be served

upon the following counsel via email.

Alexander Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St.
Suite 2000
Chicago, Illinois 60606

# EXHIBIT 2

IN THE CIRCUIT COURT OF COOK, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Tiffany Robinson, | ) | Case No. 08 C 185 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Ronald A. Guzman |
| v. | ) | |
| | ) | |
| H&R Block Enterprises, Inc. | ) | Jury Demanded |
| and HSBC Bank USA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HSBC BANK USA, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND DISCOVERY REQUESTS

Defendant HSBC Bank USA, N.A. ("HSBC"), by its attorneys, hereby submit the

following responses and objections to certain of plaintiff Tiffany Robinson's ("plaintiff") Second

Discovery Requests.

## GENERAL OBJECTIONS

1. HSBC objects to these requests to the extent they relate to an HSBC entity that was not named as a defendant in this lawsuit and/or not involved in the transaction in question.

2. HSBC objects to these requests to the extent that they call for the production of information constituting, recording, or reflecting attorney-client communications, on the ground of attorney-client privilege. HSBC objects to these requests to the extent that they call for the production of information subject to the joint-defense privilege. HSBC objects to these requests to the extent that they call for the production of information constituting, recording, or reflecting attorney work product, including, but not limited to, the thoughts or mental impressions, conclusions, opinions, or legal theories of HSBC's attorneys on the ground of the "work product" immunity. The inadvertent disclosure of any documents subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

3. HSBC objects generally to these requests to the extent that they seek to expand HSBC's duties beyond those required by the Federal Rules of Civil Procedure.

4. HSBC objects to these requests insofar as they call for documents, information, or things that do not exist in HSBC's possession, custody, or control. In particular,

HSBC objects to each request or interrogatory to the extent it seeks a response on behalf of entities not parties to this lawsuit or seeks a response on behalf of H&R Block. All responses to plaintiff's requests for documents or interrogatories will be only on behalf of HSBC. Furthermore, agreement to produce available responsive documents is not to be construed as a representation that such documents exist.

5. HSBC objects to these requests insofar as they call for the production of *all* responsive electronic material. Specifically, HSBC objects to the production of deleted emails or electronic documents that are not stored on its computer system because it is extremely burdensome and costly for HSBC to restore and search through deleted emails or documents no longer located on its computer system. HSBC will produce copies of electronic material (*e.g.*, emails, electronic correspondence, etc.) that is readily available.

6. HSBC's investigation is ongoing. HSBC reserves the right to assert additional objections and to supplement, modify or amend these objections and responses.

7. HSBC's decision to provide documents notwithstanding the objectionable nature of any of these requests should not be construed as a waiver of any of these General Objections or a waiver of these General Objections as a whole.

8. All General Objections are reasserted and incorporated within each response below.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY 1:**  Identify all transactions, applications, loans or extensions of credit involving plaintiff's name, social security number or address over the eight years, along with all employees or agents of defendant that were involved in receiving or processing such transaction, application, loan or extension of credit.

**RESPONSE**: HSBC objects to this interrogatory as overly broad and as requesting information

not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving

its objections, HSBC states that it will produce documents in its possession, custody or control

concerning and sufficient to identify the IMAL transaction that is the subject of plaintiff's

allegations.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. All documents defendant has concerning any person(s) it believes, claims, or ever believed or claimed, was involved, in any way, with any extension of credit to plaintiff, including but not limited to any H&R Block Emerald Prepaid MasterCard or Instant Money Advance Loan.

**RESPONSE**: HSBC objects to this request as overly broad and as requesting information not

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its

objections, HSBC will produce all documents concerning the IMAL transaction that is the

subject of plaintiff's allegations.

2. All documents concerning any extension of credit to plaintiff or in plaintiff's name including but not limited to any H&R Block Emerald Prepaid MasterCard or Instant Money Advance Loan.

**RESPONSE**: HSBC objects to this request as overly broad and as requesting information not

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its

objections, HSBC incorporates by reference its response to Request No. 1 above.

3. All documents showing who may have been working at H&R Block's 87th and Stony Island location at any time in January 2007.

**RESPONSE**: HSBC objects to this request to the extent it explicitly seeks documents relating to parties other than HSBC. HSBC further objects to this Request as overly broad and as requesting information not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, based on a reasonable inquiry, HSBC is unaware of any such documents in its possession, custody or control.

4. All audio, video or other recordings from H&R Block's 87th and Stony Island location from January 20, 2007 through January 30, 2007.

**RESPONSE**: HSBC objects to this request to the extent it explicitly seeks documents relating to parties other than HSBC. HSBC further objects to this Request as overly broad and as requesting information not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, based on a reasonable inquiry, HSBC is unaware of any such documents in its possession, custody or control.

5. All documents and data concerning the specific H&R Block Emerald Prepaid MasterCard and/or Instant Money Advance Loan at issue in this case.

**RESPONSE**: HSBC will produce documents responsive to this request available in its possession, custody, or control.

6. The complete file, including personnel file, for any person that defendant has ever suspected had any part in applying for or taking out any H&R Block Emerald Prepaid MasterCard, Instant Money Advance Loan or any other extension of credit or application therefore in plaintiffs name.

**RESPONSE**: Based on a reasonable inquiry, HSBC is unaware of any such documents in its possession, custody or control.

4

7. All documents concerning allegations that defendant or one of defendant's employees was a party to, or responsible for, identity theft or credit card fraud.

**RESPONSE**: HSBC objects to this request as overly broad and because it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff raises a highly individualized claim under unique circumstances. Documents relating to other consumers' transactions in different circumstances are irrelevant to Plaintiff's claims.

8. The official job description for any person(s) defendant claims or believes was involved in applying for or taking out any H&R Block Emerald Prepaid MasterCard, Instant Money Advance Loan or other extension of credit or application therefore in plaintiff's name.

**RESPONSE**: HSBC objects to this request as overly broad and because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, based on a reasonable inquiry, HSBC is unaware of any documents responsive to this request in its possession, custody or control.

9. All studies or statistics concerning identity theft involving H&R Block employees or agents applying for or obtaining credit in customer's names.

**RESPONSE**: HSBC objects to this request as overly broad and because it is not reasonably calculated to lead to the discovery of admissible evidence. HSBC further objects to this request to the extent it explicitly seeks documents from parties other than HSBC.

10. All studies or statistics concerning identity theft involving HSBC employees or agents applying for or obtaining credit in customer's names.

**RESPONSE**: HSBC objects to this request as overly broad and because it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff raises a highly

individualized claim under unique circumstances. Documents relating to other consumers'

transactions in different circumstances are irrelevant to Plaintiff's claims.


      11. All studies or statistics concerning identity theft regarding any H&R Block
Emerald Prepaid MasterCard.

**RESPONSE**: HSBC objects to this request to the extent it seeks documents relating from

parties other than HSBC. HSBC further objects to this request as overly broad and because it is

not reasonably calculated to lead to the discovery of admissible evidence.


      12. All studies or statistics concerning identity theft regarding any Instant Money
Advance Loan.

**RESPONSE**: HSBC objects to this request as overly broad and because it is not reasonably

calculated to lead to the discovery of admissible evidence.


Respectfully submitted,

By: _____
    One of the Attorneys for
    Defendants
    H&R Block Enterprises, Inc.

Kevin M. Fee
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: June 30, 2008

## CERTIFICATE OF SERVICE

I, Kevin M. Fee, Jr., an attorney, hereby certify that on June 30, 2008, I caused the

foregoing Defendant HSBC's Responses to plaintiff's Second Discovery Requests to be served

upon the following counsel via email.

Alexander Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St.
Suite 2000
Chicago, Illinois 60606